1  STANLEY • IOLA, LLP
   MATTHEW J. ZEVIN, SBN: 170736
2  525 B Street, Suite 760
3  San Diego, CA 92101
   Telephone:    (619) 235-5306
4  Facsimile:    (815) 377-8419

5  LAW OFFICES OF DAVID A. HUCH
   DAVID A. HUCH; SBN: 222892
6  310 N. Indian Hill Blvd., Suite 459
   Claremont, CA 91711
7  Telephone:    (888) 533-2899
   Facsimile:    (909) 614-7008
8

9  EMGE & ASSOCIATES
   DEREK J. EMGE, SBN: 161105
10 525 B Street, Suite 760
   San Diego, CA 92101
11 Telephone:    (619) 595-1400
   Facsimile:    (619) 595-1480
12

13 Attorneys for Plaintiff, Cynthia Spann and All
   Others Similarly Situated

14

15            UNITED STATES DISTRICT COURT

16            CENTRAL DISTRICT OF CALIFORNIA

17 CYNTHIA E. SPANN, Individually and On      Case No.
   Behalf of All Others Similarly Situated,
                                              SACV12  0215 AG (RNBx)
18                                            CLASS ACTION
                        Plaintiff,
19                                            COMPLAINT FOR:
   v.
20                                            1.  **Unfair Business Practices in Violation of**
   J. C. PENNEY CORPORATION, INC., a              **California Business & Professions**
21 Delaware Corporation; and DOES 1 through        **Sections 17200, et seq.**
   10, inclusive,                             2.  **Fraudulent Business Practices in**
22                                                **Violation of California Business &**
                        Defendants.               **Professions Sections 17200, et seq.**
23                                            3.  **Unlawful Business Practices in Violation**
                                                 **of California Business & Professions**
24                                               **Sections 17200, et seq.**
                                             4.  **False Advertising in Violation of**
25                                               **California Business & Professions**
                                                 **Sections 17500, et seq.**
26                                            5.  **Violations of California Consumer**
27                                               **Legal Remedies Act: Injunctive Relief**

28                                            **JURY TRIAL DEMANDED**

                              COMPLAINT

1  Plaintiff, Cynthia E. Spann, ("Plaintiff") by and through her attorneys, brings this class
2  action against Defendant J. C. Penney Corporation, Inc. ("J. C. Penney" or "Defendant"), on her
3  own behalf and on behalf of all others similarly situated, and alleges as follows based upon
4  personal knowledge and the investigation of her counsel:

5  **NATURE OF THE ACTION**

6  1.    This is a class action against J. C. Penney for falsely advertising "original" prices,
7  "sale" prices and corresponding price discounts for its private branded and exclusive branded
8  apparel and accessories.  In its direct marketing to consumers via in-store advertising displays,
9  print advertising and via its Internet Web site (www.jcpenney.com), J. C. Penney advertises false
10 former prices and false price discounts for its private branded and exclusive branded apparel and
11 accessories.

12 2.    During at least the past four years, J. C. Penney has misrepresented the existence,
13 nature and amount of price discounts by purporting to offer specific dollar discounts from
14 expressly referenced former retail prices, which are misrepresented as *"original"* retail prices.
15 These purported discounts are false, however, because the referenced former retail prices are
16 fabricated and do not represent J. C. Penney's true "original" retail prices for its private branded
17 and exclusive branded apparel and accessories.  Furthermore, the advertised "original" prices for J.
18 C. Penney's private branded and exclusive branded apparel and accessories are not the prevailing
19 market retail prices within three months next immediately preceding the publication and
20 dissemination of the advertised former prices, as required by California law.

21 3.    The Federal Trade Commission (FTC) describes false former pricing schemes,
22 similar to J. C. Penney's in all material respects, as deceptive:

One of the most commonly used forms of bargain advertising is to offer a
reduction from the advertiser's own former price for an article. If the former price
is the actual, bona fide price at which the article was offered to the public on a
regular basis for a reasonably substantial period of time, it provides a legitimate
basis for the advertising of a price comparison. Where the former price is genuine,
the bargain being advertised is a true one. If, on the other hand, the former price
being advertised is not bona fide but fictitious – for example, where an artificial
price, inflated price was established for the purpose of enabling the subsequent
offer of a large reduction – the "bargain" being advertised is a false one; the
purchaser is not receiving the unusual value he expects.

1

1   16 C.F.R. § 233.1(a).

2       4.      California statutory and regulatory law expressly prohibits false former pricing

3   schemes.   Cal. Bus. & Prof. Code § 17501, entitled *Value determinations; Former price*

4   *advertisements*," states:

5       For the purpose of this article the worth or value of any thing advertised is the
        prevailing market price, wholesale if the offer is at wholesale, retail if the offer is
6       at retail, at the time of publication of such advertisement in the locality wherein the
        advertisement is published.
7

8       *No price shall be advertised as a former price of any advertised thing, unless the*
        *alleged former price was the prevailing market price as above defined within three*
9       *months next immediately preceding the publication of the advertisement* or unless
        the date when the alleged former price did prevail is clearly, exactly and
10      conspicuously stated in the advertisement. [Emphasis added.]

11

12      5.      Upon information and belief, J. C. Penney's false price advertising scheme,

13  disseminated to California consumers via in-store display advertising, internet advertising and

14  print advertising, has been rampant throughout California as part of a massive, years-long,

15  pervasive campaign and has been consistent across all of J. C. Penney's private branded and

16  exclusive branded apparel and accessories.  For example, J. C. Penney's in-store pricing scheme is

17  prominently displayed directly above the private branded and exclusive branded apparel and

18  accessories, with express references to former "*original*" retail prices that have never existed

19  and/or do not constitute the prevailing market retail prices for such products within the three

20  months next immediately preceding the publication of the advertsiement.   Furthermore, upon

21  check-out, J.C. Penney provides California consumers, including Plaintiff, with sales receipts

22  continuing the misrepresentations regarding false price reductions.   For example, the stated

23  *discount* from the false former price is listed for each item purchased.  Below the total amount

24  purchased at the bottom of the sales receipt, J. C. Penney misrepresents to consumers the total

25  amount purportedly saved on the entire purchase transaction with the words "*Your Total Savings*

26  *Today.*"[1]

27

28  [1] *See* true and correct copy of Plaintiff's sales receipt, dated March 5, 2011, attached hereto as
    Exhibit A.

2

COMPLAINT

6.      Upon information and belief, hundreds of thousands of California consumers have been victims of J. C. Penney's deceptive, misleading and unlawful pricing scheme.

7.      J. C. Penney knows or should reasonably know that its comparative price advertising is false, deceptive, misleading and unlawful under California law.

8.      J. C. Penney has fraudulently concealed from and intentionally failed to disclose to Plaintiff and others similarly situated the truth about its advertised price discounts and former prices.

9.      At all relevant times, J. C. Penney has been under a duty to Plaintiff and others similarly situated to disclose the truth about its "former" and "original" prices.

10.     The facts which J. C. Penney misrepresented or failed to disclose are material facts that a reasonable person would have considered material, i.e., facts which would contribute to a reasonable person's decision to purchase apparel and accessories.  J. C. Penney's false representations of former "original" prices and false representations of purported savings, discounts and bargains are objectively material to the reasonable consumer, and therefore reliance upon such representations may be presumed as a matter of law.

11.     Plaintiff relied upon such false representations of "original" prices and discounts when purchasing private branded and exclusive branded apparel and accessories at J. C. Penney. Plaintiff would not have made such purchases but for J.C. Penney's false representations of "original" prices and price discounts.

12.     Plaintiff reasonably and justifiably acted and relied to her detriment on J. C. Penney's false "original" price representations and failure to disclose, and concealment of, the truth about J. C. Penney's false price-comparison advertising scheme in purchasing private branded and exclusive branded apparel and accessories at J. C. Penney.

13.     J. C. Penney intentionally concealed and failed to disclose the truth about its misrepresentations and false former price advertising scheme for the purpose of inducing Plaintiff and others similarly situated to purchase private branded and exclusive branded apparel and accessories at J. C. Penney.

14.     Through its false and deceptive marketing, advertising and pricing scheme, J. C. Penney has violated California law prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions.  Specifically, J. C. Penney has violated, and continues to violate, California's Business & Professions Code §§ 17200, *et seq.* (the "UCL"), California's Business & Professions Code §§ 17500, *et seq.* (the "FAL"), as well as the California Consumers' Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA").

15.     The claims and issues asserted herein are governed by California state law.  The State of California has the greatest interest in policing corporate conduct occurring within the State that affects the rights and interests of its citizens.

16.     Plaintiff, individually and on behalf of all others similarly situated, seeks restitution, injunctive relief and other equitable remedies under the UCL and FAL; and injunctive relief under the CLRA, to stop J. C. Penney from continuing its rampant false advertising and violations of California law.

**PARTIES**

17.     Plaintiff Cynthia E. Spann is a competent adult who resides in the County of Los Angeles County who, in reliance on Defendants' false and deceptive advertising, marketing and pricing schemes, purchased over $200.00 in private branded and exclusive branded apparel and accessories at J. C. Penney's Brea, California location on March 5, 2011, and was damaged thereby.

18.     Defendant J. C. Penney Corporation, Inc. is a publicly traded Delaware Corporation (NYSE: JCP) with its principal executive offices in Plano, Texas.  According to its most recent Form 10-K for the fiscal year ending January 29, 2011, J. C. Penney "sell[s] family apparel and footwear, accessories, fine and fashion jewelry, beauty products through Sephora inside jcpenney and home furnishings."  As stated in its most recent Form 10-K, in 2011 J. C. Penney's annual advertising and marketing costs, net of related vendor allowances, were $117.2 million.

COMPLAINT

1       19.    Plaintiff does not know the true names and capacities of defendants sued herein as

2   DOES 1 through 10, inclusive, and will amend this Complaint to set forth the true names and

3   capacities of said defendants, along with the appropriate charging allegations when the same have

4   been ascertained.

5       20.    Plaintiff is informed and believes, and on that basis alleges, that each of the

6   fictitiously named defendants was in some manner legally responsible for the actionable and

7   unlawful actions, policies and practices as alleged herein.  Plaintiff will amend this Complaint to

8   set forth the true names and capacities of said defendants, along with the appropriate charging

9   allegations when the same have been ascertained.

10      21.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

11  herein, all defendants, and each of them, were acting as the agent and/or employee of each

12  remaining co-defendant, and were acting with permission and consent of each other, and within

13  the course and scope of said agency and/or employment.  Plaintiff is further informed and believes

14  that each co-defendant, by and through its officers, directors or managing agents ratified,

15  authorized and approved, expressly or implicitly, all of the conduct alleged herein.

16      22.    When in this Complaint reference is made to any act of "J. C. Penney" or

17  "Defendant," such shall be deemed to mean that officers, directors, agents, employees, or

18  representatives of the Defendant named in this lawsuit committed or authorized such acts, or failed

19  and omitted to adequately supervise or properly control or direct their employees while engaged in

20  the management, direction, operation or control of the affairs of the Defendant and did so while

21  acting within the scope of their employment or agency.

22  **JURISDICTION AND VENUE**

23      23.    Plaintiff realleges by reference, as if fully set forth herein, all of the above

24  Paragraphs.

25      24.    The Court has original jurisdiction over in this Action under the Class Action

26  Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) at least some

27  members of the proposed Class have a different citizenship from Defendant; and (2) the claims of

28  the proposed Class members exceed $5,000,000.00 (Five Million U.S. Dollars) in the aggregate.

5

25.     The Central District of California has personal jurisdiction over the Defendant named in this action because Defendant is a corporation or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of approximately 80 retail stores within the State of California, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

26.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because the Defendant named in this action resides, transacts business, or are found within this District, and a substantial part of the events giving rise to Plaintiff's claims arose here.  Plaintiff's claims arise out of her purchase of consumer products in the city of Brea, State of California.

## FACTUAL ALLEGATIONS

27.     On March 5, 2011, Plaintiff entered the J. C. Penney store at the Brea Mall in Brea, California.  She observed that J. C. Penney advertised price comparisons on plastic placards above or below each product offered for sale.  One column showed what was represented to be the "original" price for each product.  The next column showed the "sale" price of each item.  Believing she was able to pay significantly less than what certain products were worth and normally sell for in the retail markeplace, Plaintiff was induced to purchase ten different items, all of which were offered at prices significantly lower than their stated original prices.  Plaintiff purchased private branded apparel (manufactured by J. C. Penney) and exclusively branded accessories (manufactured by others solely for sale at J. C. Penney) after relying on J. C. PENNEY's false discounts and false "original" former prices for such products.

28.     Specifically, relying upon J. C. Penney's misrepresentations and false and deceptive advertising, Plaintiff purchased three East Fifth blouses, a private brand of J. C. Penney. All three blouses contained labels representing them to have original prices of $30.00 and discounts of $12.01, leaving a purchase price or "deal" at $17.99.  Plaintiff believed and relied on the fact that she was obtaining these shirts at 40% off the original price and that they regularly sell in the retail marketplace for $30.00.  Upon information and belief, these purported "original"

6

1  prices and corresponding price reductions and savings were false and deceptive, as the prevailing

2  retail price for the East Fifth blouses during the three months immediately prior to Plaintiff's

3  purchase of such item was no more than $17.99, and not the $30.00 "original" price represented by

4  J. C. Penney.  Plaintiff would not have purchased the blouses in the absence of J. C. Penney's

5  misrepresentations.  As a result, Plaintiff has been personally victimized by and suffered economic

6  injury as a direct result of Defendant's unlawful, unfair and fraudulent conduct.

7       29.     Furthermore, upon check-out on March 5, 2011, J. C. Penney provided Plaintiff

8  with a sales receipt containing the same misrepresentations regarding false original prices and

9  price reductions on the East Fifth blouses.  The false "original" price is set forth on each line item

10  following the quantity count.  Below each original price is a line with large, bold print stating

11  "Total Discounts," followed by the promised savings of $12.01.[2]

12       30.     Also relying upon J. C. Penney's misrepresentations and false and deceptive

13  advertising, Plaintiff purchased five Worthington blouses, another private brand of J. C. Penney.

14  J. C. Penney advertised in the store that all five blouses had "original" prices of $30.00 and

15  discounts of $15.01, leaving purchase prices or "deals" at $14.99.  Plaintiff believed that she was

16  obtaining these shirts at 50% off the original price and that they regularly sell in the retail

17  marketplace for $30.00.  Upon information and belief, these purported price reductions and

18  savings were false and deceptive, as the prevailing retail price for the East Fifth blouses during the

19  three months immediately prior to Plaintiff's purchase of such item was no more than $14.99, and

20  not the $30.00 "original" price represented by J. C. Penney.  Plaintiff would not have purchased

21  the blouses in the absence of J. C. Penney's misrepresentations.  As a result, Plaintiff has been

22  personally victimized by and suffered economic injury as a result of Defendant's unlawful, unfair

23  and fraudulent conduct.

24       31.     Furthermore, upon check-out on March 5, 2011, J. C. Penney provided Plaintiff

25  with a sales receipt containing the same misrepresentations regarding false original prices and

26  price reductions on the Worthington blouses.  The false "original" price is set forth on each line

27

28  [2] *See* Exhibit A to this Complaint.

7

COMPLAINT

1   item following the quantity count. Below each original price is a line with large, bold print stating

2   "Total Discounts," followed by the promised savings of $15.01.

3       32.    Also relying upon J. C. Penney's misrepresentations and false and deceptive

4   advertising, Plaintiff purchased a Liz Claiborne purse, which is an exclusive brand at J. C. Penney.

5   The purse was advertised as having an "original" price of $60.00 and a discount of $20.01, leaving

6   a purchase price of $39.99. Plaintiff believed that she was obtaining at least a $20.00 discount and

7   purchasing a purse that regularly sells in the retail marketplace for at least $60.00. Upon

8   information and belief, this purported price reduction and savings was false and deceptive, as the

9   prevailing retail price for the Liz Claiborne brand purse during the three months immediately prior

10  to Plaintiff's purchase of such item was materially lower than the the $60.00 "original" price

11  represented by J. C. Penney. Plaintiff would not have purchased the purse in the absence of J. C.

12  Penney's misrepresentations. As a result, Plaintiff has been personally victimized by and suffered

13  economic injury as a result of Defendant's unlawful, unfair and fraudulent conduct.

14      33.    Furthermore, upon check-out on March 5, 2011, J. C. Penney provided Plaintiff

15  with a sales receipt containing the same misrepresentation regarding the false original price and

16  price reduction on the purse. The false "original" price is set forth on the line item following the

17  quantity count. Below the original price is a line with large, bold print stating "Total Discounts,"

18  followed by the promised savings of $20.01.

19      34.    Also relying upon J. C. Penney's misrepresentations and false and deceptive

20  advertising, Plaintiff purchased a Liz Claiborne clutch. The clutch was advertised and labeled to

21  represent an original price of $30.00 and a discount of $10.01, leaving a purchase price or "deal"

22  at $19.99. Plaintiff believed that she was purchasing a clutch that regularly sells in the retail

23  marketplace for $30.00. Upon information and belief, this purported price reduction and savings

24  was false and deceptive, as the prevailing retail price of the clutch during the three months

25  immediately prior to Plaintiff's purchase of such item was no more than $19.99, and not the

26  $30.00 "original" price represented by J. C. Penney. Plaintiff would not have purchased the clutch

27  in the absence of J. C. Penney's misrepresentations. As a result, Plaintiff has been personally

28

1  victimized and suffered economic injury as a result of Defendant's unlawful, unfair and fraudulent

2  conduct.

3      35.    Furthermore, upon check-out on March 5, 2011, J. C. Penney provided Plaintiff

4  with a sales receipt containing the same misrepresentations regarding the false original price and

5  price reduction on the Liz Claiborne clutch.  The false "original" price is set forth on the line item

6  following the quantity count.  Below the original price is a line with large, bold print stating "Total

7  Discounts," followed by the promised savings of $10.01.

8      36.    Plaintiff and class member reliance upon Defendant's false price comparison

9  advertising is not only reasonable, but entirely intended by J. C. Penney.  Empirical marketing

10  studies have provided a incentive for retailers to engage in this false and fraudulent behavior:

> [c]omparative price advertising offers consumers a basis for comparing the relative value of the product offering by suggesting a monetary worth of the product and any potential savings . . . . [A] comparative price advertisement can be construed as deceptive if it makes any representation, . . . . or involves any practice that may materially mislead a reasonable consumer.

*Comparative Price Advertising: Informative or Deceptive?*, Dhruv Grewal and Larry D. Compeau, *Journal of Public Policy & Marketing*, Vol. 11, No. 1, at 52 (Spring 1992).  In short

> [b]y creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product…Thus, if the reference price is not truthful, a consumer may be encouraged to purchase as a result of a false sense of value.

*Id.* at 55, 56.

    37.    J. C. Penney's CEO has recently admitted that for years, J. C. Penney has engaged in a systematic program of false price comparisons where the "original" prices have no integrity:

> Here's what the customer is getting…it's been a decade of price increases.  And so what happens is you lose track of the fact that we're slowly and slowly increasing prices at a rate that there is no integrity.

> …the last year, the entire year [2011] … so you see here nothing was bought at regular price; fewer than one out of 500 units.

COMPLAINT

## CLASS ALLEGATIONS

38.   Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

39.   Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated.  The class Plaintiff seeks to represent is defined as:

> All Persons who purchased men's, women's or children's private branded or exclusive branded apparel or accessories on "sale" or "discounted" from a J. C. PENNEY store in the State of California between February 7, 2008 and the present.

Excluded from the Class are Defendant, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of J. C. Penney.  Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with her motion for class certification, or at any other time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

40.   **Numerosity:** Upon information and belief, the Class is composed of hundreds of thousands of California individuals, whose joinder of this action would be impracticable.  The disposition of their claims through this class action will benefit Class members, the parties, and the courts.

41.   **Existence and Predominance of Common Questions of Fact and Law:** There is a well-defined community of interest in questions of law and fact affecting the Class.  These questions of law and fact predominate over individual questions affecting individual Class members, including, but not limited to, the following:

(a)   Whether J. C. Penney uses false "original" price labels and falsely advertises price discounts on its private branded or exclusive branded apparel or accessories sold at J. C. Penney in California;

(b)   Whether the "original" prices advertised by J. C. Penney were the prevailing market prices for the respective private branded or exclusive branded apparel or

1  accessories sold at J. C. Penney in California during the three month periods preceding the

2  dissemination and/or publication of the advertised former prices;

3           (c)     Whether J. C. Penney's use of false or deceptive price advertising

4  constitutes false advertising under California law;

5           (d)     Whether J. C. Penney engaged in unfair, unlawful and/or fraudulent

6  business practices under California law;

7           (e)     Whether J. C. Penney misrepresented and/or failed to disclose material

8  facts about its product pricing and discounts;

9           (f)     Whether J. C. Penney has made false or misleading statements of fact

10  concerning the reasons for, existence of, or amounts of price reductions;

11           (g)     Whether J. C. Penney's conduct, as alleged herein, is intentional and

12  knowing;

13           (h)     Whether Class members are entitled to damages and/or restitution; and, if

14  so, what is the amount of revenues and profits J. C. Penney received and/or was lost by Class

15  members as a result of the conduct alleged herein;

16           (i)     Whether Class members are threatened with irreparable harm or are

17  otherwise entitled to injunctive and other equitable relief; and, if so, what is the nature of such

18  relief;

19           (j)     Whether a backward-reaching injunction is required to remedy the past

20  effects of the unlawful, unfair and fraudulent conduct alleged herein; and if so, what steps are

21  required of J. C. Penney to correct the consequences of its past wrongful acts alleged herein;

22           (k)     Whether Plaintiff and Class members are entitled to an award of reasonable

23  attorneys' fees, pre-judgment interest and costs of suit.

24      42.     **Typicality**: Plaintiff's claims are typical of, and are not antagonistic to, the claims

25  of all Class members.  Plaintiff and the Class she seeks to represent have all been deceived (or

26  were likely to be deceived) by J. C. Penney false former price advertising scheme, as alleged

27  herein.

28

43.     **Adequacy:**  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent.  Plaintiff will fairly and adequately represent and protect the interest of the Class because she is not antagonistic to the Class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of consumer fraud and class action litigation.

44.     **Superiority:**  A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and Class members' claims.  Because of the relatively modest size of individual Class members' claims, few, if any, Class members could afford to seek legal redress of the wrongs complained of herein on an individual basis.  Absent the class action, Class members and the general public will likely continue to be deceived and suffer economic injury, and the violations of law described herein will continue without remedy, and J. C. Penney will be permitted to retain the proceeds of its misdeeds.

45.     All Class members, including Plaintiff, were exposed to one or more of J. C. Penney's misrepresentations or omissions of material fact claiming that former "original" advertised prices were in existence.  Due to the scope and extent of J. C. Penney's consistent false price advertising scheme, disseminated in a massive, years-long campaign to California consumers via in-store display advertising, Internet advertising and print advertising, it can be reasonably inferred that such misrepresentations or omissions of material fact were uniformly made to all members of the Class.  In addition, it can be reasonably presumed that all Class members, including Plaintiff, affirmatively acted in response to the representations contained in J. C. Penney's false advertising scheme when purchasing private branded and exclusive branded apparel and accessories at J. C. Penney stores in California.

# FIRST CAUSE OF ACTION

## (Violation of the "Unfair" Prong of the UCL)

46.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

47.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

48.     A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

49.     J. C. Penney has violated and continues to violate the "unfair" prong of the UCL by representing a false "original" price and corresponding price discount for its private branded and exclusive branded apparel and accessories where J. C. Penney, in fact, has inflated the purported "original" prices for such products such that the promised discount is false, misleading and deceptive.

50.     These acts and practices are unfair because they are likely to cause consumers to falsely believe that J. C. Penney is offering value, discounts or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.  As a result, purchasers, including Plaintiff, have reasonably perceived that they are receiving products that regularly sell in the retail marketplace at substantially higher prices (and are, therefore, worth more) than what they paid. This perception has induced reasonable purchasers, including Plaintiff, to buy such products, which they otherwise would not have purchased.

51.     The gravity of the harm to members of the Class resulting from these unfair acts and practices outweighs any conceivable reasons, justifications and/or motives of J. C. Penney for engaging in such deceptive acts and practices.  By committing the acts and practices alleged above, J. C. Penney has engaged, and continues to engage, in unfair business practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

52.     Through its unfair acts and practices, J. C. Penney has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public. As such, Plaintiff requests that this Court cause J. C. Penney to restore this money to Plaintiff and all Class members, and to enjoin J. C. Penney from continuing to violate the UCL as discussed herein.   Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.   Plaintiff also requests that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

## SECOND CAUSE OF ACTION

### (Violation of the "Fraudulent" Prong of the UCL)

53.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

54.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

55.     A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

56.     J. C. Penney's marketing and advertising materials concerning false "original" former prices, including, but not limited to, its in-store advertising displays, print advertising, and internet website advertising are "fraudulent" within the meaning of the UCL because they have deceived Plaintiff, and are likely to deceive members of the general public, into believing that J. C. Penney is offering value, discounts or bargains from the prevailing market value or worth of the products sold that do not, in fact, exist.   As a result, purchasers, including Plaintiff, have reasonably perceived that they are receiving products that regularly sell in the retail marketplace at substantially higher prices (and are, therefore, worth more) than what they paid..   This perception has induced reasonable purchasers, including Plaintiff, to buy such products from J. C. Penney, which they otherwise would not have purchased.

14

COMPLAINT

57.     J. C. Penney's acts and practices as described herein have deceived Plaintiff and are highly likely to deceive members of the consuming public.  Specifically, in deciding to purchase private branded and exclusive branded apparel and accessories at J. C. Penney, Plaintiff relied on J. C. Penney's misleading and deceptive representations regarding its "original," and "sale" prices.  Each of these factors played a substantial role in Plaintiff's decision to purchase those products, and Plaintiff would not have purchased those items in the absence of J. C. Penney's misrepresentations.  Accordingly, Plaintiff suffered monetary loss as a direct result of J. C. Penney's practices described herein.

58.     As a result of the conduct described above, J. C. Penney has been, and will continue to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class. Specifically, J. C. Penney has been unjustly enriched by obtaining revenues and profits that it would not otherwise have obtained absent its false, misleading and deceptive conduct.

59.     Through its unfair acts and practices, J. C. Penney has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public. As such, Plaintiff requests that this Court cause J. C. Penney to restore this money to Plaintiff and all Class members, and to enjoin J. C. Penney from continuing to violate the UCL as discussed herein.  Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. Plaintiff also requests that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

## THIRD CAUSE OF ACTION

### (Violation of the "Unlawful" Prong of the UCL)

60.     Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

61.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

15

62.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

63.    The Federal Trade Commission (FTC) describes false former pricing schemes, similar to J. C. Penney's in all material respects, as deceptive:

(a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an artificial price, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made.   The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

16 C.F.R. § 233.1.

64.    California statutory and regulatory law also expressly prohibits false former pricing schemes.   Cal. Bus. & Prof. Code § 17501, entitled *"Value determinations; Former price advertisements,"* states:

For the purpose of this article the worth or value of any thing advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

*No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement. [Emphasis added.]

65.    As detailed in Plaintiff's Fifth Cause of Action below, Cal. Civ. Code § 1770, subsection (a)(9), prohibits a business from "[a]dvertising goods or services with intent not to sell them as advertised", and subsection (a)(13) prohibits a business from "[m]aking false or

16

1    misleading statements of fact concerning reasons for, existence of, or amounts of price

2    reductions".

3         66.    J. C. Penney's use of and reference to a materially false "original" price, or

4    purported discounts of "__% off," in connection with its marketing and advertisements concerning

5    its private branded and exclusive branded apparel and accessories violates Title 16, Code of

6    Federal Regulations, Section 233, Cal. Bus. & Prof. Code § 17501, and Cal. Civ. Code § 1770,

7    sections (a)(9) and (a)(13) by advertising false discounts from purported former prices that were,

8    in fact, not the prevailing market prices within three months next preceding the publication and

9    dissemination of advertisements containing the false former prices.

10        67.    As a result of the conduct described above, J. C. Penney has been, and will continue

11    to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class.

12    Specifically, J. C. Penney has been unjustly enriched by obtaining revenues and profits that it

13    would not otherwise have obtained absent its false, misleading and deceptive conduct.

14        68.    Through its unfair acts and practices, J. C. Penney has improperly obtained money

15    from Plaintiff and the Class, and continues to improperly obtain money from the general public.

16    As such, Plaintiff requests that this Court cause J. C. Penney to restore this money to Plaintiff and

17    all Class members, and to enjoin J. C. Penney from continuing to violate the UCL as discussed

18    herein.  Otherwise, Plaintiff, the Class and members of the general public may be irreparably

19    harmed and/or denied an effective and complete remedy if such an order is not granted. Plaintiff

20    also requests that this Court order a backward-reaching injunction in order to remedy the past

21    effects of the unfair conduct alleged herein.

22

23

24

25

26

27

28

## FOURTH CAUSE OF ACTION

### (Violation of the California False Advertising Law, California Business & Professions Code Sections 17500, *et seq.*)

69.    Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

70.    The California False Advertising Law prohibits unfair, deceptive, untrue, or misleading advertising, including, but not limited to, false statements as to worth, value and former price.

71.    J. C. Penney's practice of advertising "original" sales prices associated with private branded and exclusive branded apparel and accessories, which are materially greater than the true prevailing prices of those products is an unfair, deceptive and misleading advertising practice because it gives the false impression that the products sold at J. C. Penney regularly sell in the retail marketplace at substantially higher prices (and are, therefore, worth more) than they actually are.  In fact, the private branded and exclusive branded apparel and accessories sold at J. C. Penney do not have a prevailing market price anywhere close to the "original" price advertised.

72.    Through its unfair acts and practices, J. C. Penney has improperly obtained money from Plaintiff and the Class, and continues to improperly obtain money from the general public. As such, Plaintiff requests that this Court cause J. C. Penney to restore this money to Plaintiff and all Class members, and to enjoin J. C. Penney from continuing to violate the FAL as discussed herein.  Otherwise, Plaintiff, the Class and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted. Plaintiff also requests that this Court order a backward-reaching injunction in order to remedy the past effects of the unfair conduct alleged herein.

## FIFTH CAUSE OF ACTION

### (Violation of the Consumers Legal Remedies Act,
### California Civil Code Sections 1750, *et seq.*: Injunctive Relief)

73.   Plaintiff realleges by reference, as if fully set forth herein, all of the above Paragraphs.

74.   This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA").

75.   Plaintiff and each member of the proposed Class are "consumers" within the meaning of Civil Code § 1761(d).

76.   J. C. Penney's sale of private branded and exclusive branded apparel and accessories to Plaintiff and the Class are "transactions" within the meaning of Civil Code § 1761(e). The products purchased by Plaintiff and the Class are "goods" within the meaning of Civil Code § 1761(a).

77.   As described herein, J. C. Penney has violated the CLRA by falsely representing the nature, existence and amount of price discounts from referenced "original" sales prices of its private branded and exclusive branded apparel and accessories where J. C. Penney inflated the purported "original" prices such that the promised discount, value and bargain were false, in violation of Cal. Civ. Code § 1770, subsection (a)(9) ("[a]dvertising goods or services with intent not to sell them as advertised") and subsection (a)(13) ("[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions").

78.   Plaintiff relied on J.C. Penney's false representations in deciding to purchase private branded and exclusive branded apparel and accessories from J. C. Penney.   Plaintiff would not have purchased such items absent J.C. Penney's unlawful conduct. As a result of these acts and practices, Plaintiff suffered damage in that she spent money at J. C. Penney that she would not have otherwise spent absent J.C. Penney's unlawful and misleading acts and practices.

79.   Pursuant to California Civil Code § 1780(a)(2), Plaintiff, on behalf of herself and the Class, requests that this Court enjoin J. C. Penney from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above.  Unless J. C. Penney is permanently enjoined

19

1    from continuing to engage in such violations of the CLRA, future consumers will be damaged by

2    its acts and practices in the same way as have Plaintiff and the members of the proposed Class.

3    Plaintiff also requests that this Court case J. C. Penney to order a backward-reaching injunction in

4    order to remedy the past effects of the unfair conduct alleged herein.

5         80.    Pursuant to Section 1782(a) of the CLRA, on February 7, 2012, Plaintiff's counsel,

6    on behalf of Plaintiff Spann, served Defendant by United States certified mail, return receipt

7    requested, with notice of Defendant's violations of the CLRA and requested that Defendant

8    identify victims and remedy its illegal conduct within 30 days.

9         81.    Plaintiff has requested that Defendant timely respond to the CLRA demand notice

10   and presently seeks only injunctive relief pursuant to the CLRA.  If Defendant fails to fully,

11   completely and timely comply with Plaintiff's demand letter, Plaintiff will amend this complaint to

12   seek damages under the CLRA.  Under California Civil Code § 1782(d), after the commencement

13   of an action for injunctive relief, and after compliance with the provisions of Section 1782(a),

14   Plaintiff may amend her complaint without leave of court to include a request for damages.

## PRAYER FOR RELIEF

16        WHEREFORE, Plaintiff, on behalf of herself and on behalf of the other members of the

17   Class, requests that this Court award relief as follows:

18        A.    An order certifying that this action may be maintained as a class action, that

19   Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed Class Counsel;

20        B.    An Order that J. C. Penney be permanently enjoined from its improper activities

21   and practices described herein;

22        C.    An Order that J. C. Penney be subject to a backward-reaching injunction in order

23   to remedy the past effects of the improper activities and practices described herein;

24        D.    Pursuant to Plaintiff's first four causes of action, a judgment awarding Plaintiff

25   and all members of the Class restitution and/or other equitable relief, including, without limitation,

26   restitutionary disgorgement of all profits and unjust enrichment that J. C. Penney obtained from

27   Plaintiff and the Class as a result of its unlawful, unfair and fraudulent business practices described

28   herein;

1    E.    Pursuant to Plaintiff's fifth cause of action, injunctive relief only.

2    F.    A judgment awarding Plaintiff her costs of suit; including reasonable attorneys'

3    fees pursuant to Civil Code Section 1780(d), Code of Civil Procedure Section 1021.5 and as

4    otherwise permitted by statute; and pre and post-judgment interest; and

5    G.    Such other and further relief as may be deemed necessary or appropriate.

6                              **DEMAND FOR JURY TRIAL**

7         Plaintiff hereby demands a trial by jury for all claims so triable.

8    DATED: February 7, 2012

                                   EMGE & ASSOCIATES

9

10

11

12    DEREK J. EMGE
      525 B Street, Suite 760
13    San Diego, CA 92101
      Telephone:    (619) 595-1400
14    Facsimile:    (619) 595-1480

15    STANLEY • IOLA, LLP
      MATTHEW J. ZEVIN
16    525 B Street, Suite 760
      San Diego, CA 92101
17    Telephone:    (619) 235-5306
      Facsimile:    (815) 377-8419
18

19    LAW OFFICES OF DAVID A. HUCH
      DAVID A. HUCH; SBN: 222892
20    310 N. Indian Hill Blvd., Suite 459
      Claremont, CA 91711
21    Telephone:    (888) 533-2899
      Facsimile:    (909) 614-7008
22

23    Attorneys for Plaintiff Cynthia E. Spann and All
      Others Similarly Situated

24

25

26

27

28

                                      21
                                  COMPLAINT

# EXHIBIT A

**JCPenney**

```
JCPENNEY #2648
400 BREA MALL
BREA, CA 92821
(714) 671-2882
WWW.JCPENNEY.COM

832/1618/030007      W RUCH V CAP SLV
              QTY 1      30.00
   Sale Disc            -12.01
   Total Discounts      -12.01
Discounted Price               17.99
Net Sales/Return Value         17.99T

832/1618/050107      W RUCH V CAP SLV
              QTY 1      30.00
   Sale Disc            -12.01
   Total Discounts      -12.01
Discounted Price               17.99
Net Sales/Return Value         17.99T

832/3614/010505      ES SS VNK 2FER
              QTY 1      30.00
   Sale Disc            -12.01
   Total Discounts      -12.01
Discounted Price               17.99
Net Sales/Return Value         17.99T

832/3614/020407      ES SS VNK 2FER
              QTY 1      30.00
   Sale Disc            -12.01
   Total Discounts      -12.01
Discounted Price               17.99
Net Sales/Return Value         17.99T

832/6361/020005      W 3/4 SL RUCHED FRT
              QTY 1      30.00
   Sale Disc            -12.01
   Total Discounts      -12.01
Discounted Price               17.99
Net Sales/Return Value         17.99T

832/1607/020707      W 3/4 VNK RUCHED TOP
              QTY 1      30.00
   Sale Disc            -15.01
   Total Discounts      -15.01
Discounted Price               14.99
Net Sales/Return Value         14.99T

832/1607/030607      W 3/4 VNK RUCHED TOP
              QTY 1      30.00
   Sale Disc            -15.01
   Total Discounts      -15.01
Discounted Price               14.99
Net Sales/Return Value         14.99T

832/3615/020207      ES CROCHET TRIM TOP
              QTY 1      30.00
   Sale Disc            -15.01
   Total Discounts      -15.01
Discounted Price               14.99
Net Sales/Return Value         14.99T

103/2091/020001      LC CLS CREST SAT
              QTY 1      60.00
   Sale Disc            -20.01
   Total Discounts      -20.01
Discounted Price               39.99
Net Sales/Return Value         39.99T

104/4966/010201      LC LOGO LOCK CLUTCH
              QTY 1      30.00
   Sale Disc            -10.01
   Total Discounts      -10.01
Discounted Price               19.99
Net Sales/Return Value         19.99T

Subtotal                      194.90
Sales Tax 8.7500% 92821        17.05
Total                         211.95

   Total Items Sold: 10
   Total Items Returned: 0
   Your Total Savings Today: 135.10

DEBIT CARD
XXXXXXXXXXXXXX9074/36158000 M      211.95

Cardholder acknowledges receipt of
goods/services in the amount shown and
agrees to pay for them according to their
card agreement.

Store: 2648       Term: 412      Tran: 4338
Date: 03/05/11  Time: 04:12 PM  Assoc: 0745

********************************
          Thank You
        for shopping at
         JCPenney
********************************

JCPenney gladly accepts returns/exchanges
within 90 days of original purchase.
Return privileges for this receipt expire
on:
          06/03/2011
```

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CYNTHIA E. SPANN, Individually and On Behalf of All Others Similarly Situated, | J.C. PENNEY CORPORATION, INC., a Delaware Corporation; and DOES 1 through 10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| DEREK J. EMGE, SBN: 161105    (see attorney list) EMGE & ASSOCIATES 525 B Street, Ste. 760, San Diego, CA 92101  (619)595-1400 | |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  
☐ 2 U.S. Government Defendant  
☐ 3 Federal Question (U.S. Government Not a Party)  
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only.
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☒ 1 Original Proceeding  
☐ 2 Removed from State Court  
☐ 3 Remanded from Appellate Court  
☐ 4 Reinstated or Reopened  
☐ 5 Transferred from another district (specify):  
☐ 6 Multi-District Litigation  
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No  ☒ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332(d) Class Action Fairness Act

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☒ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV12  0215

**FOR OFFICE USE ONLY:**  Case Number: _____

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date February 8, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## SPANN v. J.C. PENNEY CORPORATION, INC.

## ATTORNEYS FOR PLAINTIFF

STANLEY • IOLA, LLP
MATTHEW J. ZEVIN, SBN: 170736
525 B Street, Suite 760
San Diego, CA  92101
Telephone:      (619) 235-5306
Facsimile:      (815) 377-8419

LAW OFFICES OF DAVID A. HUCH
DAVID A. HUCH; SBN: 222892
310 N. Indian Hill Blvd., Suite 459
Claremont, CA  91711
Telephone:      (888) 533-2899
Facsimile:      (909) 614-7008

EMGE & ASSOCIATES
DEREK J. EMGE, SBN: 161105
525 B Street, Suite 760
San Diego, CA  92101
Telephone:      (619) 595-1400
Facsimile:      (619) 595-1480

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 215 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
    **312 N. Spring St., Rm. G-8**
    **Los Angeles, CA 90012**

[X] **Southern Division**
    **411 West Fourth St., Rm. 1-053**
    **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
    **3470 Twelfth St., Rm. 134**
    **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:  (see attorney list)
DEREK J. EMGE, SBN: 161105
EMGE & ASSOCIATES
525 B Street, Ste. 760
San Diego, CA 92101
P: (619) 595-1400 F: (619) 595-1480

**FOR OFFICE USE ONLY**

COPY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CYNTHIA E. SPANN, Individually and On Behalf of
All Others Similarly Situated,

PLAINTIFF(S)

v.

J.C. PENNEY CORPORATION, INC., a Delaware
Corporation; and DOES 1 through 10, inclusive

DEFENDANT(S).

CASE NUMBER

SACV12 0215 AG (RNBx)

**SUMMONS**

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _____, whose address is
_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

FEB - 8 2012

Dated: _____

Clerk, U.S. District Court

**JULIE PRADO**

By: _____

Deputy Clerk

*(Seal of the Court)*

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

**FOR OFFICE USE ONLY**

CV-01A (10/11)                              **SUMMONS**

## SPANN v. J.C. PENNEY CORPORATION, INC.

### ATTORNEYS FOR PLAINTIFF

STANLEY • IOLA, LLP
MATTHEW J. ZEVIN, SBN: 170736
525 B Street, Suite 760
San Diego, CA  92101
Telephone:      (619) 235-5306
Facsimile:      (815) 377-8419

LAW OFFICES OF DAVID A. HUCH
DAVID A. HUCH; SBN: 222892
310 N. Indian Hill Blvd., Suite 459
Claremont, CA  91711
Telephone:      (888) 533-2899
Facsimile:      (909) 614-7008

EMGE & ASSOCIATES
DEREK J. EMGE, SBN: 161105
525 B Street, Suite 760
San Diego, CA  92101
Telephone:      (619) 595-1400
Facsimile:      (619) 595-1480