UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-00215 JVS(RNBx)                                    Date   July 16, 2012

Title   Cynthia E. Spann, et al. v. J.C. Penney Corp.

Present: The Honorable   James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| David Huch | Mohammad Keshavarzi |
| Derek Emge | Paul Seeley |
| Matthew Zevin | |

**Proceedings:   Defendant J.C. Penney 's Motion to Dismiss (Fld 5-21-12)**

**Defendant J.C. Penney 's Motion to Strike (Fld 5-21-12)**

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court DENIES the defendant's Motions referenced above and rules in accordance with the tentative ruling as follows:**

Defendant J.C. Penney Corporation, Inc. ("JCP") moves to dismiss the Second Amended Complaint ("SAC," Docket No. 13) of Plaintiff Cynthia E. Spann ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. to Dismiss ("MTD"), Docket No. 14.)[1] JCP separately moves to strike portions of the SAC pursuant to Federal Rule of Civil Procedure 12(f). (Def.'s Mot. to Strike ("MTS"), Docket No. 15.) Plaintiff opposes both motions. (Pl.'s Opp'n to Mot. to Dismiss ("Opp'n to MTD"), Docket No. 17; Pl.'s Opp'n to Mot. to Strike ("Opp'n to MTS"), Docket No. 18.) For the following reasons, the Court DENIES both motions.

---

[1] JCP filed a Request for Judicial Notice in Support of Its Motion to Dismiss (Docket No. 14-2), which includes the First Amended Complaint and three court orders from Hinojos v. Kohl's Corp., No. 2:10-cv-07590-ODW-AGR (C.D. Cal. dismissed Apr. 25, 2011). JCP subsequently filed a Supplemental Request for Judicial Notice in Support of Its Motion to Dismiss (Docket No. 20-1), which includes more court documents. The Court GRANTS both requests pursuant to Federal Rule of Evidence 201(b). See Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1113 (C.D. Cal. 2003). However, the Court takes judicial notice only of the existence and legal effect of these court documents, not the truth of their contents. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00215 JVS(RNBx)　　　　　Date  July 16, 2012

Title  Cynthia E. Spann, et al. v. J.C. Penney Corp.

# I. Background

Plaintiff purchased ten items from a JCP store in Brea, California in March 2011. (SAC ¶ 26.) More specifically, she bought three East Fifth blouses, five Worthington blouses, a Liz Claiborne purse, and a Liz Claiborne clutch. (Id. ¶¶ 27, 29, 31, 33.) She alleges that placards above or below each of the items falsely represented that they were discounted from their "original" prices.[2] (Id. ¶ 26.) She allegedly bought the items because of the misrepresentations. (Id. ¶¶ 26-27, 29, 31, 33.) In fact, she claims she would not have made these purchases otherwise. (Id. ¶ 11.) She challenges not only JCP's in-store advertising, but also its print and internet advertising. (Id. ¶ 5.)

Plaintiff asserts claims on behalf of herself and a purported class for violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, Fair Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*, and Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et. seq.* (Id. ¶¶ 46-80.) She seeks restitution. (Id., Prayer for Relief, at 22.)

# II. Legal Standards

## A. Motion to Dismiss

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as

---

[2] According to Plaintiff, the "original" prices "never existed and/or did not constitute the prevailing market retail prices for such products." (SAC ¶ 5.) She alleges that JCP has "engaged in a years-long and egregious false advertising scheme by which it sold its private and exclusive branded apparel and accessories using fictitious 'original' and discounted 'sale' price comparisons." (Opp'n to MTD at 2.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-00215 JVS(RNBx)            Date   July 16, 2012

Title    Cynthia E. Spann, et al. v. J.C. Penney Corp.

true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the Court must not "accept as true a legal conclusion couched as a factual allegation." Id. (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.[3]

     B.     Motion to Strike

Under Rule 12(f), a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). The essential function of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v.A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

**III.   Discussion**

     A.     Motion to Dismiss

JCP argues that the SAC should be dismissed because Plaintiff lacks standing to pursue her claims under the UCL, FAL, and CLRA. According to JCP, Plaintiff does not have standing under the UCL or FAL because she has not alleged "lost money or

---

[3] Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. There are, however, two exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Relevant here, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. Id. at 688-89.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 12-00215 JVS(RNBx)   Date   July 16, 2012

Title   Cynthia E. Spann, et al. v. J.C. Penney Corp.

property," and she does not have standing under the CLRA because she has not alleged "any damage." Even if Plaintiff does have standing, her UCL and FAL claims should be dismissed because she is not entitled to the restitution she seeks. (MTD at 1-3.)

      1.   *Standing under the UCL and FAL*

To have standing under the UCL and FAL, a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that [the] economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim." Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 322 (2011).[4] With respect to the first requirement, "[t]here are *innumerable ways* in which economic injury from unfair competition may be shown." Id. at 323 (emphasis added). For example, "[a] plaintiff may . . . surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have." Id. With respect to the second requirement, a plaintiff may sufficiently allege causation by asserting that he or she would not have bought the product but for the misrepresentation. Id. at 330. In Kwikset, the California Supreme Court held that the plaintiffs had standing under the UCL and FAL because they alleged that "(1) Kwikset labeled certain lockets with 'Made in the U.S.A.' or a similar designation, (2) these representations were false, (3) plaintiffs saw and relied on the labels for their truth in purchasing Kwikset's locksets, and (4) plaintiffs would not have bought the locksets otherwise." Id. at 327-28. Similarly, here, Plaintiff alleges that (1) JCP labeled[5] certain items as discounted from their "original" prices, (2) these representations were false, (3) Plaintiff saw and relied on the labels for their truth in purchasing the items, and (4) she would not have bought the items otherwise. JCP's misrepresentations were material. See Kwikset, 51 Cal. 4th at 332-33. Therefore, Plaintiff

---

    [4] The standing requirements of the UCL and FAL are set forth in California Business & Professions Code sections 17204 and 17535. These statutes were amended by Proposition 64 in November 2004 "to eliminate standing for those who have not engaged in any business dealings with would-be defendants and thereby strip such unaffected parties of the ability to file 'shakedown lawsuits,' while preserving for actual victims of deception and other acts of unfair competition the ability to sue and enjoin such practices." Kwikset, 51 Cal. 4th at 317.

    [5] JCP suggests that "[p]roduct labels are not at issue here." (Reply in Supp. MTD at 4, Docket No. 20.) The Court disagrees. Plaintiff alleges that the purchased items were labeled as discounted from their "original" prices.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00215 JVS(RNBx)                               Date  July 16, 2012

Title  Cynthia E. Spann, et al. v. J.C. Penney Corp.

has standing under the UCL and FAL.

The Court is not convinced by JCP's attempt to distinguish Kwikset. JCP contends that, unlike the plaintiffs in Kwikset, here, Plaintiff has not suffered an economic injury because the purchased items did not differ in "composition, substance, or origin" from the advertised items. (See MTD at 2, 8-9.) JCP relies on the following passage from Kwikset to support this argument:

> A counterfeit Rolex might be proven to tell the time as accurately as a genuine Rolex and in other ways be functionally equivalent, but we do not doubt the consumer . . . has been economically harmed by the substitution in a manner sufficient to create standing to sue. Two wines might to almost any palate taste indistinguishable—but to serious oenophiles, the difference between one year and the next, between grapes from one valley and another nearby, might be sufficient to carry with it real economic differences in how much they would pay. Nonkosher meat might taste and in every respect be nutritionally identical to kosher meat, but to an observant Jew who keeps kosher, the former would be worthless.

(MTD at 9 (quoting Kwikset, 51 Cal. 4th at 329-30).) Although the few examples of economic injury provided in Kwikset involved purchased products that were different in "composition, substance, or origin" from the advertised products, the California Supreme Court did not intend to so limit the definition of economic injury. Kwikset, 51 Cal. 4th at 323 ("Neither the text of Proposition 64 nor the ballot arguments in support of it purport to define or limit the concept of 'lost money or property,' nor can or need we supply an exhaustive list of the ways in which unfair competition may cause economic harm."). Contrarily, the court defined economic injury broadly:

> For each consumer who relies on the truth and accuracy of a label and is deceived by misrepresentations into making a purchase, the economic harm is the same: the consumer has purchased a product that he or she *paid more for* than he or she otherwise might have been willing to pay if the product had been labeled accurately.

Id. at 329 (emphasis in original).

Simply put, a consumer who pays more for an item than she otherwise would have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00215 JVS(RNBx) | Date | July 16, 2012 |
|---|---|---|---|
| Title | Cynthia E. Spann, et al. v. J.C. Penney Corp. | | |

due to a misrepresentation by the seller has suffered an economic injury: "the loss of real dollars" from her pocket. See id. at 329. In Clayworth v. Pfizer, Inc., 49 Cal. 4th 758, 788-89 (2010), which is cited in Kwikset, the California Supreme Court held that pharmacies had standing to sue drug manufacturers who had engaged in a price-fixing conspiracy because the pharmacies "paid more than they otherwise would have" for the drugs. Notably, there was no difference in the "composition, substance, or origin"of the purchased drugs. Id.; see also Aron v. U-Haul Co. of Cal., 143 Cal. App. 4th 796, 802-03 (2006) (finding standing where the plaintiff alleged that he was required to buy more fuel than he otherwise would have because of the defendant's business practices).[6]

Accordingly, the Court finds that Plaintiff's allegations are sufficient to establish standing to sue JCP under the UCL and FAL. It does not matter that Plaintiff does not allege any of the items were "defective, overpriced, or of inferior quality." Id. at 331 (rejecting arguments similar to those asserted by JCP).

    2.    *Standing under the CLRA*

California Civil Code section 1780(a) provides that "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by Section 1770 may bring an action" under the CLRA. In Meyer v. Sprint Spectrum L.P., 45 Cal. 4th 634, 641, 643 (2009), the California Supreme Court held that in order to have standing to bring a CLRA claim, a plaintiff

---

[6] JCP cites Hinojos v. Kohl's Corp., No. 2:10-cv-07590-ODW-AGR (C.D. Cal. dismissed Apr. 25, 2011), a factually similar case in which the court held that a plaintiff lacked standing where he claimed he "never received the actual value in price discounts" that was promised. This Court declines to follow Hinojos because that court did not have the benefit of recent guidance from the California Supreme Court. See Kwikset, 51 Cal. 4th at 320 ("We granted review to further explicate the UCL's and false advertising law's standing requirements in light of Proposition 64, in particular, the proposition's added 'lost money or property' requirement."). In no way does the Kwikset opinion suggest that a misrepresentation as to the "original" price of a product cannot cause an economic injury. Sitting in diversity, this Court must follow the California Supreme Court's guidance. See, e.g., Allstate Ins. Co. v. Smith, 929 F.2d 447, 449 (9th Cir. 1991).

JCP also cites Su Yeun Kim v. Carter's Inc., 598 F.3d 362 (7th Cir. 2010), another pre-Kwikset decision. Even if the Illinois statute at issue in Kim were similar to the statutes at issue here, this Court would follow the more recent guidance of the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00215 JVS(RNBx)　　　　Date  July 16, 2012

Title  Cynthia E. Spann, et al. v. J.C. Penney Corp.

must allege "some kind of tangible increased cost or burden to the consumer." Courts have characterized this standing requirement as at least as stringent as that of the UCL and FAL. See, e.g., Baba v. Hewlett-Packard Co., No. C 09-05946 RS, 2011 WL 317650, at *4 (N.D. Cal. Jan. 28, 2011) (noting that "the standing requirements under the CLRA are more stringent than under the UCL"); Von Koenig v. Snapple Beverage Corp., 713 F. Supp. 2d 1066, 1078 (E.D. Cal. 2010) (characterizing the CLRA's standing requirement as similar to the standing requirements of the UCL and FAL).

The Court finds that Plaintiff has standing under the CLRA because she allegedly suffered an "increased cost or burden" by paying more for the purchased items than she would have but for JCP's misrepresentations about the "original" prices. See Meyer, 45 Cal. 4th at 641, 643.

　　　　　　　3.　*Restitution for UCL and FAL Claims*

Restitution is available under the UCL and FAL, as JCP acknowledges. (MTD at 18.) According to JCP, however, because "Plaintiff does not allege that there is any difference in value between what she purchased and what she received . . . she is not entitled to any restitution." (Id. at 20.) JCP cites to In re Vioxx Class Cases, 180 Cal. App. 4th 116, 131 (2009), in which the California Court of Appeal noted that "[t]he difference between what the plaintiff paid and the value of what the plaintiff received is a proper measure of restitution."

Contrary to JCP's suggestion, Plaintiff need not quantify the amount of restitution to which she is entitled at the pleading stage. See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, and Products Liab. Litig., 790 F. Supp. 2d 1152, 1162 (C.D. Cal. 2011) ("It is well settled that 'general factual allegations of injury resulting from the defendant's conduct may suffice' at the pleading stage." (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992))). Plaintiff has alleged an economic injury due to JCP's misrepresentations and that is sufficient at this time.[7]

　　　　B.　Motion to Strike

---

[7] The Court has equitable powers under the UCL and FAL to fashion a restitutionary remedy that will "accomplish complete justice between the parties." Colgan v. Leatherman Tool Grp., Inc., 135 Cal. App. 4th 663, 695-98 (2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00215 JVS(RNBx)  Date  July 16, 2012

Title  Cynthia E. Spann, et al. v. J.C. Penney Corp.

      JCP contends that all references and class allegations pertaining to print and internet advertising should be stricken because Plaintiff was never exposed to such advertising. (MTS at 1.) JCP's arguments concern the scope of the proposed class and the adequacy of Plaintiff as the class representative. They are therefore more appropriately addressed in the context of a motion for class certification.[8] See, e.g., In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (recognizing that class allegations may be stricken at the pleading stage, but explaining that this should be done rarely because "the shape and form of a class action evolves only through the process of discovery" (internal quotation marks omitted)); Annunziato v. eMachines, Inc., No. SACV 05-610-JVS (MLGx), 2005 WL 5955673, at*3 (C.D. Cal. Nov. 7, 2005). JCP has not yet filed an answer and no discovery has been taken. Based on the allegations in the SAC, the same misrepresentations appeared on placards in JCP's stores as well as in print and internet advertising.[9] (Opp'n to MTS at 7.) The Court declines to narrow the proposed class at this early stage in the litigation.

**IV.  Conclusion**

      For the foregoing reasons, both motions are DENIED.

      IT IS SO ORDERED.

|  |  | 00 | : | 12 |
|---|---|---|---|---|
|  | Initials of Preparer | kjt |  |  |

---

[8] JCP first contends that the motion to strike "is not a disguised opposition to class certification," but then argues that the proposed class is grossly overbroad and that Plaintiff is not an adequate class representative. (Reply in Supp. of MTS at 5-6, 9-10, Docket No. 21.)

[9] Compare Pfizer Inc. v. Superior Court, 182 Cal. App. 4th 622, 631-33 (2010) (reversing trial court's order certifying a class of consumers who bought Listerine mouthwash because many of the class members were never exposed to the misrepresentation at issue).