SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
MOE KESHAVARZI, Cal. Bar No. 223759
mkeshavarzi@smrh.com
PAUL L. SEELEY, Cal. Bar No. 252318
pseeley@smrh.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendant
J.C. PENNEY CORPORATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| CYNTHIA E. SPANN, Individually an On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J. C. PENNEY CORPORATION, INC. a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV12-0215 JVS (RNBx)<br><br>**CLASS ACTION**<br><br>**DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Complaint Filed: February 8, 2012 |

# ANSWER

Defendant J.C. Penney Corporation, Inc. ("JCP") hereby answers the Second Amended Complaint of Plaintiff Cynthia E. Spann ("Plaintiff") by admitting, denying and alleging as follows:

## NATURE OF THE ACTION

1. In response to paragraph 1, JCP denies all of the allegations contained therein.

2. In response to paragraph 2, JCP denies all of the allegations contained therein.

3. In response to paragraph 3, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 3.

4. In response to paragraph 4, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 4.

5. In response to paragraph 5, JCP denies all of the allegations contained therein.

6. In response to paragraph 6, JCP denies all of the allegations contained therein.

7. In response to paragraph 7, JCP denies all of the allegations contained therein.

8. In response to paragraph 8, JCP denies all of the allegations contained therein.

9. In response to paragraph 9, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 9.

10. In response to paragraph 10, JCP denies all of the allegations contained therein.

11. In response to paragraph 11, JCP is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

12. In response to paragraph 12, JCP is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

13. In response to paragraph 13, JCP denies all of the allegations contained therein.

14. In response to paragraph 14, JCP denies all of the allegations contained therein.

15. In response to paragraph 15, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 15.

16. In response to paragraph 16, JCP admits that Plaintiff, individually and on behalf of all others similarly situated, seeks restitution and other equitable remedies under the UCL and FAL and restitution and damages under the CLRA. JCP denies that Plaintiff and all others similarly situated are entitled to any relief, and denies that class relief is appropriate in this case. Except to the extent specifically admitted, JCP denies the remaining allegations of paragraph 16.

## **PARTIES**

17. In response to paragraph 17, JCP is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

18. In response to paragraph 18, JCP admits that it is a Delaware corporation with its home office in Plano, Texas. Except to the extent specifically admitted, JCP denies the remaining allegations of paragraph 18.

19. In response to paragraph 19, JCP is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

20. In response to paragraph 20, JCP is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

21. In response to paragraph 21, JCP denies all of the allegations contained therein.

## JURISDICTION AND VENUE

22. In response to paragraph 22, JCP repeats each and every allegation, admission and denial contained in paragraphs 1 through 21, and incorporates same by reference as though fully set forth herein.

23. In response to paragraph 23, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 23.

24. In response to paragraph 24, JCP admits that this Court has personal jurisdiction over JCP in this case. Except to the extent specifically admitted, JCP denies the remaining allegations of paragraph 24.

25. In response to paragraph 25, JCP admits that venue in this Court is proper for this case. Except to the extent specifically admitted, JCP denies the remaining allegations of paragraph 25.

## FACTUAL ALLEGATIONS

26. In response to paragraph 26, JCP responds that it lacks sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

27. In response to paragraph 27, JCP admits that three East Fifth blouses were purchased on March 5, 2011, and admits that East Fifth is a private brand. Except to the extent specifically admitted, JCP denies the remaining allegations of paragraph 27.

28. In response to paragraph 28, JCP admits that a sales receipt was provided. JCP denies any allegations in paragraph 28 regarding the contents of the receipt on the basis that the sales receipt speaks for itself. Except to the extent specifically admitted, JCP denies the remaining allegations of paragraph 28.

29. In response to paragraph 29, JCP admits that five Worthington blouses were purchased on March 5, 2011, and admits that Worthington is a private brand. Except to the extent specifically admitted, JCP denies the remaining allegations of paragraph 29.

30. In response to paragraph 30, JCP admits that a sales receipt was provided. JCP denies any allegations in paragraph 30 regarding the contents of the receipt on the basis that the sales receipt speaks for itself. Except to the extent specifically admitted, JCP denies the remaining allegations of paragraph 30.

31. In response to paragraph 31, JCP admits that a Liz Claiborne purse was purchased on March 5, 2011, and admits that Liz Claiborne is an

1 | exclusive brand. Except to the extent specifically admitted, JCP denies the
2 | remaining allegations of paragraph 31.

4 |     32.    In response to paragraph 32, JCP admits that a sales receipt was
5 | provided. JCP denies any allegations in paragraph 32 regarding the contents of the
6 | receipt on the basis that the sales receipt speaks for itself. Except to the extent
7 | specifically admitted, JCP denies the remaining allegations of paragraph 32.

9 |     33.    In response to paragraph 33, JCP admits that a Liz Claiborne
10 | clutch was purchased on March 5, 2011. Except to the extent specifically admitted,
11 | JCP denies the remaining allegations of paragraph 33.

13 |     34.    In response to paragraph 34, JCP admits that a sales receipt was
14 | provided. JCP denies any allegations in paragraph 34 regarding the contents of the
15 | receipt on the basis that the sales receipt speaks for itself. Except to the extent
16 | specifically admitted, JCP denies the remaining allegations of paragraph 34.

18 |     35.    In response to paragraph 35, JCP states that the article speaks for
19 | itself, and, on that basis, denies the allegations of paragraph 35.

21 |     36.    The Second Amended Complaint does not have a paragraph 36.

23 |     37.    In response to paragraph 37, JCP responds that a video exists of
24 | Ron Johnson's statements and presentation on January 25, 2012, and that the video
25 | speaks for itself. Except to the extent specifically admitted, JCP denies the
26 | remaining allegations of paragraph 37.

## CLASS ALLEGATIONS

38. In response to paragraph 38, JCP repeats each and every allegation, admission and denial contained in paragraphs 1 through 37, and incorporates same by reference as though fully set forth herein.

39. In response to paragraph 39, JCP denies that this case is suitable for class treatment.

40. In response to paragraph 40, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 40.

41. In response to paragraph 41, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 41, and specifically denies that there is a well-defined community of interest in questions of law and fact affecting the Class.

42. In response to paragraph 42, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 42, and specifically denies that Plaintiff's claims are typical of, and are not antagonistic to, the claims of all Class members.

43. In response to paragraph 43, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in

paragraph 43, and specifically denies that Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent.

44. In response to paragraph 44, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 44, and specifically denies that a class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and Class members' claims.

45. In response to paragraph 45, JCP denies all of the allegations contained therein.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### (Violation of the "Unfair" Prong of the UCL)

46. In response to paragraph 46, JCP repeats each and every allegation, admission and denial contained in paragraphs 1 through 45, and incorporates same by reference as though fully set forth herein.

47. In response to paragraph 47, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 47.

48. In response to paragraph 48, JCP denies that this paragraph contains a full and complete recitation of what constitutes "unfair" under the Unfair Competition Law.

49. In response to paragraph 49, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 49.

50. In response to paragraph 50, JCP denies all of the allegations contained therein.

51. In response to paragraph 51, JCP denies all of the allegations contained therein.

52. In response to paragraph 52, JCP denies all of the allegations contained therein.

## SECOND CAUSE OF ACTION

### (Violation of the "Fraudulent" Prong of the UCL)

53. In response to paragraph 53, JCP repeats each and every allegation, admission and denial contained in paragraphs 1 through 52, and incorporates same by reference as though fully set forth herein.

54. In response to paragraph 54, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 54.

-9-

55. In response to paragraph 55, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 55.

56. In response to paragraph 56, JCP denies all of the allegations contained therein.

57. In response to paragraph 57, JCP denies all of the allegations contained therein.

58. In response to paragraph 58, JCP denies all of the allegations contained therein.

59. In response to paragraph 59, JCP denies all of the allegations contained therein.

### THIRD CAUSE OF ACTION

### (Violation of the "Unlawful" Prong of the UCL)

60. In response to paragraph 60, JCP repeats each and every allegation, admission and denial contained in paragraphs 1 through 59, and incorporates same by reference as though fully set forth herein.

61. In response to paragraph 61, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 61

62. In response to paragraph 62, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 62.

63. In response to paragraph 63, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 63.

64. In response to paragraph 64, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 64.

65. In response to paragraph 65, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 65.

66. In response to paragraph 66, JCP denies all of the allegations contained therein.

67. In response to paragraph 67, JCP denies all of the allegations contained therein.

68. In response to paragraph 68, JCP denies all of the allegations contained therein.

## FOURTH CAUSE OF ACTION

### (Violation of the California False Advertising Law, California and Business & Professions Code Sections 17500, *et seq.*)

69. In response to paragraph 69, JCP repeats each and every allegation, admission and denial contained in paragraphs 1 through 68, and incorporates same by reference as though fully set forth herein.

70. In response to paragraph 70, JCP responds that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, JCP denies each and every allegation contained in paragraph 70.

71. In response to paragraph 71, JCP denies all of the allegations contained therein.

72. In response to paragraph 72, JCP denies all of the allegations contained therein.

## FIFTH CAUSE OF ACTION

### (Violation of the Consumers Legal Remedies Act, California Civil Code Sections 1750, *et seq.*: Injunctive Relief)

73. In response to paragraph 73, JCP repeats each and every allegation, admission and denial contained in paragraphs 1 through 72, and incorporates same by reference as though fully set forth herein.

74. In response to paragraph 74, JCP admits that Plaintiff alleges a claim under the Consumer Legal Remedies Act. JCP denies that Plaintiff is entitled

1 to such relief. Except to the extent specifically admitted, JCP denies the remaining
2 allegations of paragraph 74.

4     75.    In response to paragraph 75, JCP responds that Plaintiff's
5 allegations are legal conclusions for which no response is required. To the extent a
6 response is required, JCP denies each and every allegation contained in
7 paragraph 75.

9     76.    In response to paragraph 76, JCP responds that Plaintiff's
10 allegations are legal conclusions for which no response is required. To the extent a
11 response is required, JCP denies each and every allegation contained in
12 paragraph 76.

14     77.    In response to paragraph 77, JCP denies all of the allegations
15 contained therein.

17     78.    In response to paragraph 78, JCP denies all of the allegations
18 contained therein.

20     79.    In response to paragraph 79, JCP admits that it received a letter
21 from Plaintiff's counsel that was sent on or around February 7, 2012 and alleged
22 violations of the CLRA and requested that JCP identify customers, notify customers,
23 and remedy the alleged illegal conduct. Except to the extent specifically admitted,
24 JCP denies the remaining allegations of paragraph 79.

26     80.    In response to paragraph 80, JCP admits that it took no action in
27 response to Plaintiffs' counsel's letter because JCP denies the allegations contained

in the letter. Except to the extent specifically admitted, JCP denies the remaining allegations of paragraph 80.

## AFFIRMATIVE DEFENSES

By asserting these defenses, JCP does not concede that it has the burden of proof as to any defense asserted below. JCP does not presently know all of the facts concerning the conduct of Plaintiff sufficient to state all defenses at this time. JCP will seek leave to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

81.  The Second Amended Complaint, and each and every purported claim contained therein, fails to state facts sufficient to constitute a claim against JCP.

### SECOND AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

82.  The Second Amended Complaint, and each and every purported claim contained therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Business & Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE
**(No Damage)**

83.  The Second Amended Complaint, and each and every purported claim contained therein, is barred because Plaintiff suffered no damages.

-14-

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

84.    The Second Amended Complaint, and each and every purported claim contained therein, is barred, in whole or in part, by the doctrine of waiver by reason of the actions, acquiescence and course of conduct of Plaintiff and/or the members of the purported class.

## FIFTH AFFIRMATIVE DEFENSE

### (Consent)

85.    The Second Amended Complaint, and each and every purported claim contained therein, is barred, in whole or in part, because Plaintiff and/or members of the purported class consented to the conduct about which Plaintiff now complains.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

86.    JCP is informed and believes and, upon that basis, alleges that Plaintiff's Second Amended Complaint and each purported claim for relief asserted therein, is barred by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

87.    JCP is informed and believes and, upon that basis, alleges that the Second Amended Complaint and each purported claim for relief asserted therein is barred in whole or in part by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (Mitigation)

88.  The Second Amended Complaint, and each and every purported claim contained therein, is barred, in whole or in part, because Plaintiff and members of the purported class have failed to mitigate the damages they allegedly have incurred.

### NINTH AFFIRMATIVE DEFENSE
### (No Standing)

89.  The Second Amended Complaint, and each and every purported claim contained therein, is barred because Plaintiff and the members of the class lack standing.

### PRAYER FOR RELIEF

WHEREFORE, JCP prays for judgment as follows:

1.  That Plaintiff and the purported class take nothing by reason of the Second Amended Complaint;

2.  That the Second Amended Complaint, and each and every purported claim for relief alleged therein, be dismissed with prejudice;

3.  That JCP be awarded its reasonable costs incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: July 30, 2012

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  /s/ PAUL SEELEY
MOE KESHAVARZI
PAUL SEELEY
Attorneys for Defendant
J. C. PENNEY CORPORATION, INC.