SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MOE KESHAVARZI, Cal. Bar No. 223759
  mkeshavarzi@sheppardmullin.com
PAUL L. SEELEY, Cal. Bar No. 252318
  pseeley@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant
J.C. PENNEY CORPORATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| CYNTHIA E. SPANN, Individually an On Behalf of Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>J. C. PENNEY CORPORATION, INC. a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. SACV12-0215 JVS (RNBx)<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><u>Discovery Document</u>:  Referred to Magistrate Judge Robert N. Block<br><br>[Complaint Filed: Feb. 12, 2012] |

# PROTECTIVE ORDER

Subject to the approval of this Court, Plaintiff Cynthia E. Spann on the one hand ("Plaintiff"), and Defendant J.C. Penney Corporation, Inc. ("JCP") by and through their respective counsel, hereby stipulate and agree that any documents, information, testimony or transcripts ("Material") deemed by any Party or by any person or entity that is not a party to this action ("Third-Party") to be confidential, proprietary, trade secret and/or subject to a right of privacy ("Confidential Information"), shall be designated and protected according to the following terms and conditions:

A.   DESIGNATING PROTECTED MATERIAL

Any Party or Third-Party may determine in good faith whether any Material should be designated as "CONFIDENTIAL" ("Designating Party"). The Designating Party may designate Material as "CONFIDENTIAL" when (1) the Material or the information contained in the Material has not been made available to the public and (2) the Designating Party believes, in good faith, that the unlimited disclosure of the Material could cause competitive and/or financial injury to itself or a Third Party. .   Any Material, or any part thereof, designated as "CONFIDENTIAL" shall be used only for the preparation and trial of this action, including discovery, pre-trial proceedings, trial, appellate proceedings and petitions for reconsideration and/or review, and shall not be used for any business, commercial or other purpose. Except as otherwise provided in this Stipulated Protective Order, or as otherwise stipulated or ordered, any Material that a Party or Third-Party deems "CONFIDENTIAL" must be clearly so designated. Designation in conformity with this Stipulated Protective Order requires the following:

1. For Material in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party producing the documents shall affix the legend "CONFIDENTIAL" at the top or bottom of each page of a document that contains Confidential Information.  The Designating Party that makes original documents available for inspection need not designate them for protection under this Stipulated Protective Order until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the documents made available for inspection shall be deemed "CONFIDENTIAL".  After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents qualify for protection under this Stipulated Protective Order; then, before producing the specified documents, the producing Party must affix the legend "CONFIDENTIAL" to each page of the documents that contain Confidential Information.  If, after production, a Party or Third-Party designates as "CONFIDENTIAL" documents not previously designated, then any Party in possession of such documents shall designate the documents as such in accordance with this Stipulated Protective Order.

2. For testimony given in deposition, the Designating Party shall identify either (a) on the record before the close of the deposition, or (b) within 20 days after receiving the transcript of such deposition, all portions of the deposition testimony that it wants to designate as "CONFIDENTIAL."  Only those portions of the deposition testimony that are designated for protection during the deposition or within the 20 days after receipt of the transcript of such testimony, shall be covered by the provisions of this Stipulated Protective Order.  The court reporter shall affix to the top or bottom of each page of a deposition transcript containing Confidential Information the legend "CONFIDENTIAL" as instructed by a Designating Party.

3. For any Material produced in other than documentary form and for any other tangible items, the Designating Party producing such Material or tangible item shall affix in a prominent place on the exterior of the container or containers in which the Material or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions. If, after production, a Party or Third-Party designates as "CONFIDENTIAL" any non-documentary Material or tangible item not previously designated, then any Party in possession of such Material or tangible item shall designate it as such in accordance with this Stipulated Protective Order.

**B.   ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

1. All Material designated as "CONFIDENTIAL" may be disclosed only to:

   a. Outside counsel for a Party and in-house counsel for the Parties responsible for overseeing this action, as well as their employees and other persons or entities retained by such counsel to provide litigation-related services;

   b. Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel for a Party in the preparation or trial of this case, as well as their employees;

   c. The Parties to this action and their current directors, officers and non-attorney employees;

        d.      Witnesses who are being prepared by counsel to give testimony at a deposition or at trial, or who are being examined by counsel at a deposition or at trial; and

        e.      Personnel employed by the United States District Court for the Central District of California or any appellate court, including, the Ninth Circuit Court of Appeals, appellate court justices, court reporters, clerks and administrative support personnel.

2.    Parties shall take appropriate measures to ensure that all persons permitted access to Material designated as "CONFIDENTIAL" under paragraph B(1) (b), (c) or (d) of this Stipulated Protective Order have agreed, prior to reviewing any such Confidential Information, to be bound by the terms and conditions hereof with respect to the restricted disclosure and use of such Confidential Information.  Prior to receiving any Confidential Information, those persons shall sign a copy of the statement attached hereto as Exhibit A, agreeing to be bound by the terms of this Stipulated Protective Order and submitting to the jurisdiction of the United States District Court for the Central District of California to enforce this Stipulated Protective Order.  The Party who obtains any such signed statements shall retain possession of the statements and, during the course of litigation upon a showing of good cause by the Designating Party, shall provide a copy of the statements at the written request of the Designating Party.   At the conclusion of the litigation, the Party who obtains any such signed statement shall provide a copy of all such statements to the Designating Party.   However, under no circumstances shall any Party be required to disclose the identity or existence of any expert, consultant or witness until otherwise required to do so by law or order of the United State District Court for the Central District of California.  Personnel employed by the United States District Court for the Central District of California or

any appellate court, including the Ninth Circuit Court of Appeal, are hereby explicitly excluded from the obligation to sign a copy of the statement attached hereto as Exhibit A.

### C. CHALLENGING CONFIDENTIALITY DESIGNATIONS

If, at any time during the pendency of this action, counsel for any Party wishes to challenge a Designating Party's designation of Material as containing Confidential Information, and to exclude such Material from the provisions of this Stipulated Protective Order, the Party may do so pursuant to the procedures set forth in Rules 37-1 and 37-2 of the Local Rules of the Central District of California, pertaining to motions related to discovery issues.  In the event of any such challenge, it shall remain the Designating Party's burden to demonstrate that the challenged Material qualifies for protection under Federal Rule 26(c) and any other applicable law.

### D. INADVERTENT OR UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

Inadvertent production without prior designation of any Confidential Information shall be without prejudice to a Designating Party's right to later file a petition seeking to have the Confidential Information designated as "CONFIDENTIAL" or to any other Party's right to argue that production of such Confidential Information constitutes a waiver under applicable law of the right to designate any Confidential Information as "CONFIDENTIAL."

**E.     MAINTENANCE AND FILING OF CONFIDENTIAL INFORMATION**

1.     All Material designated as "CONFIDENTIAL" shall be kept in secure facilities.  A "secure facility" is a place where access is restricted only to those designated persons set forth in paragraphs B(1) (a) and (b) of this Stipulated Protective Order.

2.     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

**F.     CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

1.     The terms of this Stipulated Protective Order shall apply to all manner and means of discovery, including subpoenas duces tecum.

2.     In the event that a Party is served with a subpoena that seeks to compel the production of Material designated as "CONFIDENTIAL," the Party upon whom the subpoena is served shall give written notice of the subpoena to the Designating Party at least seven (7) calendar days before the production date (or, if the subpoena provides less than seven (7) days notice, as soon as possible after service of the subpoena).  The Designating Party may then file a petition or motion to quash the subpoena and/or obtain such other relief as will protect the confidential nature of the

documents. **Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action**.

### G. FINAL DISPOSITION

1. Within thirty (30) days after the final termination of this action, counsel for each Party shall return to the Party or Third-Party who produced it, any and all Material designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" or shall destroy all such Material, as well as any copies, digests or summaries which have been made of, or prepared from, such Confidential Information, and shall provide counsel for the Party or Third-Party who produced such Material (upon request) with a declaration under penalty of perjury attesting to such return and/or destruction. For purposes of this Stipulated Protective Order, the term "final termination" shall refer to the time after any final order or award is entered in this action, with no timely petition for reconsideration or petition for review or appeal having been filed, or, if any such petition appeal is filed, after a final decision is rendered by the United States District Court or any appellate court with no further petition or appeal pending or possible.

2. Notwithstanding the foregoing, the attorneys of record for each party shall be entitled to retain all pleadings, motion papers, court filings, deposition transcripts (and exhibits), legal memoranda, correspondence, notes, and work product.

### H. MISCELLANEOUS

1. Subject to the Provision of paragraph F (2), above, nothing in this Stipulated Protective Order shall be construed to relieve any Party from the

obligation to timely respond to a discovery request, nor shall this Stipulated Protective Order be construed as a waiver of the right to assert any objection to a discovery request.

2. This Stipulated Protective Order is intended to regulate the production and dissemination of Confidential Information during all pre-trial phases of this action, and thereafter shall remain in full force and effect, unless and until modified, superseded or terminated by written agreement of all Parties or by order of the United States District Court. This Stipulated Protective Order shall become effective as among the Parties when executed by all Parties, with or without the District Court's entry of the order. The United States District Court for the Central District of California shall retain jurisdiction to enforce the provisions of this Stipulated Protective Order and to enter amendments, modifications and additions to this Stipulated Protective Order as the United States District Court for the Central District of California may from time to time deem appropriate upon noticed motion of a Party or upon the United States District Court for the Central District of California's own motion.

3. This Order shall not bar any attorney herein in the course of rendering advice to his client respecting this litigation from conveying to the client his evaluation in a general way of Confidential Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any Confidential Information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

1

2      4.    Nothing herein shall abridge the right of any person to seek a
3 modification of this Stipulated Protective Order.

4

5 **IT IS SO ORDERED.**

6

7 Dated: August 30, 2012            By: _/s/ Robert N. Block_
                                                       Magistrate Judge Robert N. Block

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

I, _____, have received and reviewed a copy of the Stipulated Protective Order entered in the case entitled <u>Cynthia E. Spann v. J.C. Penney Corporation, Inc.</u>, Case No. CV 12 0215 JVS (RNBx) pending in the United States District Court for the Central District of California ("USDCCD") and am familiar with its terms. I agree to comply with the terms and conditions of the Stipulated Protective Order unless and until I am notified that it has been modified or vacated by the Court, at which time I will comply with such further order. I further consent and submit to the jurisdiction of the USDCCD for the purpose of enforcing the Stipulated Protective Order, if necessary.

DATED:_____        _____