SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MOE KESHAVARZI, Cal. Bar No. 223759
  mkeshavarzi@sheppardmullin.com
JOHN LANDRY, Cal. Bar No. 194374
  jlandry@sheppardmullin.com
PAUL L. SEELEY, Cal. Bar No. 252318
  pseeley@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendant
J.C. PENNEY CORPORATION, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| CYNTHIA E. SPANN, Individually and On Behalf of Others Similarly Situated,<br><br>               Plaintiff,<br><br>       v.<br><br>J. C. PENNEY CORPORATION, INC. a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>             Defendants. | Case No. SACV12-0215 FMO (RNBx)<br><br>**CLASS ACTION**<br><br>**DEFENDANT J. C. PENNEY CORPORATION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR ALTERNATIVELY STRIKE CERTAIN ALLEGATIONS IN, THE THIRD AMENDED COMPLAINT**<br><br>Date:    September 12, 2013<br>Time:   10 a.m.<br>Place:  Courtroom 22<br>          312 North Spring Street<br>          Los Angeles, CA 90012<br><br>Complaint Filed: February 8, 2012 |

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2

3    PLEASE TAKE NOTICE that on September 12, 2013, at 10:00 a.m.,

4    or as soon thereafter as the matter may be heard in Courtroom 22 at 312 North

5    Spring Street, Los Angeles, CA 90012, Defendant J.C. Penney Corporation, Inc.

6    ("JCPenney") will, and hereby does, move this Court pursuant to Rule 12(b) of the

7    Federal Rules of Civil Procedure for an order dismissing the Third Amended

8    Complaint of Plaintiff Cynthia Spann ("Plaintiff") or, in the alternative, pursuant to

9    Rule 12(f), for an order striking certain allegations in the Third Amended

10    Complaint.

11    JCPenney is not submitting this Motion through a joint brief because

12    the Court's July 15, 2013 Order requires joint briefing for dispositive motions. This

13    motion is not dispositive as it seeks only to narrow the temporal scope of the

14    pleadings and does not seek to dispose of any claim.

15    JCPenney moves to dismiss the Third Amended Complaint to the

16    extent it fails to state claims for relief or advances claims that Plaintiff lacks

17    standing to assert.  JCPenney moves on the following grounds:

18    First, the new allegations in the Third Amended Complaint fail to state

19    claims for relief because Plaintiff does not allege any UCL, FAL or CLRA

20    violations after February 2012.  The Third Amended Complaint does not identify a

21    single false comparative price advertisement by JCPenney after February 2012 or

22    any actual, post-February 2012 violation of law.  The temporal scope of this lawsuit,

23    as a result, properly ends "in or about February 2012."

24    Second, Plaintiff's new allegations also fail to comply with the

25    heightened pleading standard of Rule 9(b).  Rule 9(b) applies because Plaintiff's

26    claims rest on a theory of fraud or likely deception.  With respect to purported post-

27    February 2012 conduct, Plaintiff merely alleges that earlier alleged false advertising

28

-1-

1  conduct—conduct that had allegedly completely ceased "in or about February,

2  2012"—"returned."  This fails to provide the particularity that Rule 9(b) requires.

3          Third, Plaintiff also lacks Article III standing to assert claims based on

4  post-February 2012 false advertising conduct, or to enjoin such conduct.  She made

5  no purchases during this purported later violation period and does not allege that she

6  intends to return to JCPenney.

7          Or, in the alternative, by this motion, JCPenney seeks an order striking

8  the following portions of the Third Amended Complaint:

9      •   Pages 3-4, Paragraph 7

10     •   Page 4, Paragraph 8

11     •   Page 4, Paragraph 9, lines 15-16 ("and hundreds or thousands more will

12         be deceived if J.C. Penney's practices continue").

13     •   Page 4, Paragraph 10, line 17 ("and knows")

14     •   Page 4, Paragraph 10, line 18 ("and is again")

15     •   Page 5, Paragraph 17, line 18 ("and continues to violate")

16     •   Page 5, Paragraph 17, line 21 ("and continues to violate")

17     •   Page 13, Paragraph 40, lines 10-21 ("and J.C. Penney has recently

18         returned to its practice of using comparative prices and fake "sales."

19         Specifically, J.C. Penney has started to markup the ticketed prices of its

20         private and exclusive branded apparel and accessories just so that it can

21         turn around and offer an immediate discount on those higher prices in

22         order to create the illusion of a "sale." In fact, many of the new and

23         purported discounted "sale" prices are *higher* than the "regular" prices

24         that were in place during J.C. Penney's "fair and square" pricing. J.C.

25         Penney has no intention of selling its products (or at least any

26         significant quantity of those products) at the new, marked-up prices.

27         Instead, it intends to sell most, if not all of the products at the lower and

28         supposedly discount prices, thereby making the higher prices false and

-2-

misleading. In other words, J.C. Penney has gone back to its false price comparisons which violate California law as pled herein.")

- Page 17, Paragraph 55, line 23 ("and to enjoin J.C. Penney from continuing to violate the UCL as discussed herein")

- Page 19, Paragraph 62, line 11 ("and to enjoin J.C. Penney from continuing to violate the UCL as discussed herein")

- Page 21, Paragraph 71, line 26 ("and to enjoin J.C. Penney from continuing to violate the UCL as discussed herein")

- Page 22, Paragraph 75, lines 22-23 ("and to enjoin J.C. Penney from continuing to violate the False Advertising Law as discussed herein")

- Page 24, Paragraph 83, lines 7-9 ("Plaintiff also requests that this Court enjoin J.C. Penney from continuing to violate the CLRA as discussed herein.")

- Page 24, Prayer for Relief D ("An order enjoining Defendant from continuing to violate the UCL, False Advertising Law and CLRA as described herein.")

JCP moves to strike on the ground that Rule 12(f) permits this Court to strike "any . . . immaterial . . . matter." Fed. R. Civ. Proc. 12(f). As demonstrated above, Plaintiff's new allegations presented in the Third Amended Complaint fail to state post-February 2012 claims for relief and advance claims which Plaintiff has no standing to pursue. There is no basis for an alleged injunction remedy. These allegations are thus immaterial and should be stricken.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, all papers and pleadings on file with the Court, all papers and pleading of which this Court may take judicial notice and such further evidence and argument which may be presented to the Court.

1          This Motion is made following the conference of counsel pursuant to

2    Local Rule 7-3 which took place telephonically on August 1, 2013, due to Plaintiff's

3    counsel's location in San Diego, California.  Prior to, and during that conference,

4    JCPenney's counsel identified the deficiencies in the Third Amended Complaint.

5    Counsel for both parties discussed each issue, including both factual and legal

6    arguments.  Despite the good faith meet and confer, the parties did not resolve their

7    differences.

8

9    Dated:  August 5, 2013

10             SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

11

12         By             */s/ MOE KESHAVARZI*

13                 MOE KESHAVARZI

14                 PAUL SEELEY
                 Attorneys for Defendant

15          J. C. PENNEY CORPORATION, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:409844114.1         JCPENNEY'S NOTICE OF MOTION AND MOTION TO DISMISS, OR
ALTERNATIVELY STRIKE CERTAIN ALLEGATIONS IN. THE TAC