SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MOE KESHAVARZI, Cal. Bar No. 223759
  mkeshavarzi@sheppardmullin.com
JOHN LANDRY, Cal. Bar No. 194374
  jlandry@sheppardmullin.com
PAUL L. SEELEY, Cal. Bar No. 252318
  pseeley@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398

Attorneys for Defendant
J.C. PENNEY CORPORATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| CYNTHIA E. SPANN, Individually and On Behalf of Others Similarly Situated,<br><br>            Plaintiff,<br><br>    v.<br><br>J. C. PENNEY CORPORATION, INC. a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No. SACV12-0215 FMO (RNBx)<br><br>**CLASS ACTION**<br><br>**DEFENDANT J. C. PENNEY CORPORATION, INC.'S MOTION TO DISMISS, OR ALTERNATIVELY STRIKE CERTAIN ALLEGATIONS IN, THE THIRD AMENDED COMPLAINT**<br><br>Date:  September 12, 2013<br>Time:  10 a.m.<br>Place:  Courtroom 22<br>         312 North Spring Street<br>         Los Angeles, CA 90012<br><br>Complaint Filed: February 8, 2012 |

**TABLE OF CONTENTS**

                                                                         **Page**

I. INTRODUCTION ..................................................................................................1

II. SUMMARY OF RELEVANT ALLEGATIONS....................................................2

    A.    The Second Amended Complaint. ..........................................................2

    B.    The "Campaign" Ceased in February 2012 and Plaintiff Does Not Identify A Single Post-February 2012 False Advertising Statement or Sale. ..................................................................................3

III. THE POST-FEBRUARY 2012 ALLEGATIONS FAIL TO STATE A CLAIM AND PLAINTIFF LACKS STANDING TO CHALLENGE THAT ALLEGED CONDUCT ...................................................................................4

    A.    The New Allegations Fail to State a Claim for Relief Under Rule 8(a)(2) and Do Not Meet the Requirements of Rule 9(b)........................5

        1.    The New Allegations Fail to Satisfy Rule 8(a) Because Plaintiff Does Not Allege Any Post-February 2012 UCL, FAL or CLRA Violations. ............................................................5

        2.    Any Alleged Post-February 2012 Violations Fail to Satisfy Rule 9(b)'s Heightened Pleading Standard. .................................7

    B.    Plaintiff Lacks Constitutional Standing to Assert Claims Based on Post-February 2012 Conduct. ..............................................................8

    C.    The New Allegations Are Immaterial and Should be Stricken. ...........11

IV. CONCLUSION ...................................................................................................11

# Table of Authorities

Page(s)

Cases

Arevalo v. Bank of America Corp.
  850 F.Supp.2d 1008 (N.D. Cal. 2011)......................................................... 8, 9, 10

Arroyo v. Pfizer, Inc.
  No. C-12-4030 EMC, 2013 U.S. Dist. LEXIS 13789 (N.D. Cal. Feb. 15, 2012) ................................................................................................................. 7

Ashcroft v. Iqbal
  556 U.S. 662 (2009) ........................................................................................ 5, 6

Bell Atl. Corp. v. Twombly
  550 U.S. 544 (2007) ............................................................................................ 5

Bly-Magee v. California
  236 F.3d 1014 (9th Cir. 2001) ............................................................................ 7

DaimlerChrysler Corp. v. Cuno
  547 U.S. 332 (2006) ............................................................................................ 8

In re InfoSonics Corp. Sec. Litig.
  No. 06cv1231, 2007 U.S. Dist. LEXIS 57784 (S.D. Cal. Aug. 7, 2007) ............ 4

Kearns v. Ford Motor Co.
  567 F.3d 1120 (9th Cir. 2009) ............................................................................ 7

Lanovaz v. Twinings North America, Inc.
  No. C-12-02646, 2013 WL 2285221 (N.D. Cal. May 23, 2013) ................ 10, 11

Lujan v. Defenders of Wildlife
  504 U.S. 555 (1992) ........................................................................................ 8, 9

Makaeff v. Trump University, LLC
  No. 10-CV-940-IEG, 2010 U.S. Dist. LEXIS 108467 (S.D. Cal. Oct. 12, 2010) ................................................................................................................. 4

Riggins v. Bank of Am., N.A.
  No. SACV 12-0033 DOC, 2013 U.S. Dist. LEXIS 11282 (C.D. Cal. Jan. 24, 2013) ............................................................................................................ 4

Route v. Mead Johnson Nutrition Co.
   No. CV 12-7350-GW(JEMx), 2013 U.S. Dist. LEXIS 35069 (C.D. Cal. Feb. 21, 2013) ................................................................................................ 8, 9

Shurkin v. Golden State Vintners Inc.
   471 F.Supp.2d 998 (N.D. Cal. 2006) aff'd, 303 F. App'x 431 (9th Cir. 2008) ........................................................................................................................ 8

Sinclair v. ServiceMaster Co.
   No. CIV. 07-0611 FCD/DAD, 2007 U.S. Dist. LEXIS 56623 (E.D. Cal. Aug. 2, 2007) ............................................................................................................ 4

Tech Data Corp. v. AU Optronics Corp.
   No. C 11-05765 SI, 2012 U.S. Dist. LEXIS 112781 (N.D. Cal. Aug. 6, 2012) .................................................................................................................... 4

U.S. v. Rivera-Sola
   713 F.2d 866 (1st Cir. 1983) ..................................................................................... 6

U.S. v. Rovetuso
   768 F.2d 809 (7th Cir. 1985), cert. denied, 474 U.S. 1076 (1986) ...................... 6

Vess v. Ciba-Geigy Corp. USA
   317 F.3d 1097 (9th Cir. 2003) ................................................................................. 7

Warth v. Seldin
   422 U.S. 490 (1975) ................................................................................................... 8

In re Wells Fargo Mortgage-Backed Certificates Litig.
   712 F.Supp.2d 958 (N.D. Cal. 2010) .................................................................... 9

Statutes

Cal. Bus. & Prof. Code § 17200 ................................................................................ 5, 6

Cal. Bus. & Prof. Code § 17500 ................................................................................ 6, 5

Cal. Civ. Code § 1770(a)(9) ............................................................................................ 5

Cal. Civ. Code § 1770 (a)(13) ..................................................................................... 6, 5

Other Authorities

Fed. R. Civ. Proc. Rules 8(a) ...................................................................................... 2, 5

Fed. R. Civ. Proc. Rule 8(a)(2) ................................................................................... 5

Fed. R. Civ. Proc. Rule 9(b) ........................................................................... 2, 5, 6, 7

Fed. R. Civ. Proc. 12(f) ............................................................................................ 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

New allegations in the Third Amended Complaint fail to state claims for relief, and/or claims Plaintiff has constitutional standing to assert, under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL") and Consumers Legal Remedies Act ("CLRA").

The Third Amended Complaint draws a bright line distinction between JCPenney's behavior before and after February 12, 2012.

It re-alleges that JCPenney engaged in false and deceptive advertising prior to February 12, 2012, that JCPenney falsely advertised "regular" and "original" prices of merchandise during that time period and that Plaintiff purchased items of such falsely advertised merchandise from JCPenney during that time period.

But new to the Third Amended Complaint is a concession "that JCPenney stopped using false price comparisons in or about February 2012" when JCPenney adopted a "new pricing strategy known as "fair and square."

Also new to the Third Amended Complaint is a conclusory allegation that, after an extended period of "fair and square" pricing, JCPenney recently returned to its former advertising model.  But there are no allegations of fact showing that JCPenney's post-February 2012 advertising was false or deceptive, and no allegations that Plaintiff made any purchases from JCPenney post-February 2012, much less purchases resulting from false or deceptive advertising.  The only factual allegations show that JCPenney intends to engage in false or deceptive advertising sometime in the future.

By drawing the bright line distinction between JCPenney's – and the Plaintiff's – pre and post-February 2012 behavior, the new allegations of the Third Amended Complaint have created a situation where the allegations of unlawful

behavior post-February 2012 fail to satisfy the requirements of Rules 8(a) and 9(b) for pleading fraud, and fail to demonstrate that Plaintiff has Article III standing to assert post-February 2012 false advertising claims.

Accordingly, this Court should dismiss the Third Amended Complaint's UCL, FAL and CLRA claims to the extent they rely on post-February 2012 conduct.

## II.
## SUMMARY OF RELEVANT ALLEGATIONS

### A.   The Second Amended Complaint.

The April 23, 2012 Second Amended Complaint alleged that, sometime before March 5, 2011, JCPenney started a "false price advertising scheme" and "campaign." (SAC, ¶¶ 5, 29). This "campaign" consisted of misrepresentations of "the existence, nature and amount of price discounts" on private branded and exclusive branded apparel and accessories "by purporting to offer specific dollar discounts from expressly referenced former retail prices, which were often misrepresented as 'original' or 'regular' retail prices." (SAC, ¶¶ 1, 2).

During the "campaign," on March 5, 2011, Plaintiff shopped at a JCPenney store in Brea, California and bought three East Fifth and five Worthington blouses (East Fifth and Worthington are private JCPenney Brands), a Liz Claiborne purse and a clutch. (SAC, ¶¶ 20, 30, 32, 34 and 36). She alleges that "plastic placards above or below each product offered for sale" represented that the items were discounted from "original" or "regular" prices. (SAC, ¶ 29). In alleged reliance on the placards, Plaintiff bought the items believing that they were discounted as represented. (SAC, ¶¶ 29, 30, 32, 34 and 36). For example, she alleges that she bought the Worthington blouses for $15.01 each, because JCPenney falsely advertised that they were 50% off an "original" $30.00 price. (SAC, ¶ 32).

### B. The "Campaign" Ceased in February 2012 and Plaintiff Does Not Identify A Single Post-February 2012 False Advertising Statement or Sale.

The Third Amended Complaint contains the same allegations as the Second Amended Complaint. In addition, Plaintiff alleges that JCPenney's false comparative price advertising campaign "stopped" in or about February 2012, when JCPenney "began a new pricing strategy known as 'fair and square,' by which it purported to offer products at everyday low prices." (TAC, ¶¶ 6, 38).

Plaintiff alleges that JCPenney "recently returned" to using "comparative prices and fake 'sales,'" "has started to mark-up the ticketed prices of its private and exclusive branded apparel and accessories," and plans to "turn around and offer an immediate discount on those higher prices in order to create the illusion of a 'sale.'" (TAC, ¶¶ 7, 40). This will allegedly result in "sale" prices "*higher* than the 'regular' prices that were in place during J.C. Penney's 'fair and square' pricing." (TAC, ¶¶ 7, 40). Plaintiff claims that "J.C. Penney has no intention of selling its products (or at least any significant quantity of those products) at the new, marked-up prices. Instead, it intends to sell most, if not all of the products at the lower and supposedly discount prices, thereby making the higher prices false and misleading." (TAC, ¶ 40).

Plaintiff does not allege that she purchased any items after February 2012. She does not allege nor identify any actual post-February 2012 false advertising statement, any consumer's exposure to such statement or any purchase made pursuant to such statement.

## III.

## THE POST-FEBRUARY 2012 ALLEGATIONS FAIL TO STATE A CLAIM AND PLAINTIFF LACKS STANDING TO CHALLENGE THAT ALLEGED CONDUCT

The post-February 2012 allegations fail to show any actual UCL, FAL or CLRA violation. Accordingly, the new allegations fail to state a claim for relief. Plaintiff also lacks constitutional standing to assert claims challenging post-February 2012 advertising conduct and to enjoin such conduct. The Court has the power to dismiss the Third Amended Complaint to the extent the UCL, FAL and CLRA claims rely on such alleged conduct. Riggins v. Bank of Am., N.A., No. SACV 12-0033 DOC, 2013 U.S. Dist. LEXIS 11282 (C.D. Cal. Jan. 24, 2013) (granting motion to dismiss UCL claim to the extent based on allegations incapable of supporting claim); Tech Data Corp. v. AU Optronics Corp., No. C 11-05765 SI, 2012 U.S. Dist. LEXIS 112781 (N.D. Cal. Aug. 6, 2012) (In MDL litigation, granting motion to dismiss UCL claim to the extent based on purchases made outside California); Makaeff v. Trump University, LLC, No. 10-CV-940-IEG, 2010 U.S. Dist. LEXIS 108467 (S.D. Cal. Oct. 12, 2010) (granting motion to dismiss CLRA claim to the extent based on ground to which plaintiff had failed to plead sufficient facts); In re InfoSonics Corp. Sec. Litig., No. 06cv1231, 2007 U.S. Dist. LEXIS 57784 (S.D. Cal. Aug. 7, 2007) (in securities litigation, granting motion to dismiss claims that defendant misled investors to the extent based on non-actionable statements); Sinclair v. ServiceMaster Co., No. CIV. 07-0611 FCD/DAD, 2007 U.S. Dist. LEXIS 56623 (E.D. Cal. Aug. 2, 2007) (granting motion to dismiss wrongful termination and intentional infliction of emotional distress claims to the extent based on allegation that defendant terminated plaintiff in order to avoid payment of future wages to plaintiff). Alternatively, the Court has the authority to strike the Third Amended Complaint's new post-February 2012 advertising allegations as immaterial. See Lanovaz v. Twinings North America, No. C-12-02646-RMW,

2013 WL 675929, at *2 (N.D. Cal. Feb. 25, 2013) (in UCL, FAL and CLRA action, granting motion to strike allegations of advertisements other than those for products plaintiff purchased); Schiff v. Barrett, No. 10-1051 PJH, 2011 U.S. Dist. LEXIS 14731 (N.D. Cal. Feb. 14, 2011) (striking as immaterial allegations challenging the conduct of a police commission hearing because the court had previously ruled any claim related to such conduct was barred for failure to exhaust judicial remedies, and thus allegations could not support discrimination, retaliation and harassment claims).

### A. The New Allegations Fail to State a Claim for Relief Under Rule 8(a)(2) and Do Not Meet the Requirements of Rule 9(b).

#### 1. The New Allegations Fail to Satisfy Rule 8(a) Because Plaintiff Does Not Allege Any Post-February 2012 UCL, FAL or CLRA Violations.

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Id. § 17500. The CLRA provisions under which Plaintiff proceeds prohibit "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9) and (13).

Plaintiff's UCL, FAL and CLRA claims all rest on alleged false comparative price advertising. But, according to the Third Amended Complaint, this conduct "stopped" on or about February 2012. (TAC, ¶¶ 6, 38). The Third Amended Complaint does not identify a single comparative price advertisement by JCPenney after February 2012, much less a false one. There are no facts showing an actual post-February 2012 violation.

The new allegations conclude that "JCPenney has recently "gone back to its false price comparisons," (TAC, ¶ 40), but Plaintiff does not allege any facts

1 supporting this conclusion.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a viable cause of action.)  There are no facts alleged that take the conclusion that JCPenney has "returned" to the same, earlier alleged scheme beyond the speculative level.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . .").

Because the alleged false advertising scheme at issue in the Second Amended Complaint admittedly ceased in February 2012, to state new, post-February 2012 claims for relief, the Third Amended Complaint must provide "sufficient factual matter" plausibly showing UCL, FAL and CLRA violations *after* February 2012.  See Iqbal, 556 U.S. at 678.  It does not.

In fact, fairly read, the Third Amended Complaint fails to allege any post-February 2012 overt act by JCPenney beyond preparation.  It merely claims JCPenney recently began marking-up prices and that it does not *intend* to sell items at these new marked-up prices but instead *plans* to "turn around" and offer consumers an immediate discount, and thereby create a "sale."  (TAC, ¶ 40).  This falls short of an *actual* false or likely deceptive statement, or other affirmative conduct required by the UCL, FAL and CLRA.  These statutes require more.  See Cal. Bus. & Prof. Code §17200 (requiring actual "unfair competition"); Cal. Bus. & Prof. Code § 17500 (requiring untrue or misleading statements about property to the public); Cal. Civ. Code § 1770 (a)(13) (requiring "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions").  To reach attempted conduct, a statute must expressly treat the attempt as a separate, distinct offense.  U.S. v. Rivera-Sola, 713 F.2d 866, 869 (1st Cir. 1983) ("attempt is actionable only where a specific . . . statute outlaws both its actual as well as its attempted violation"); U.S. v. Rovetuso, 768 F.2d 809, 821 (7th Cir. 1985), cert.

denied, 474 U.S. 1076 (1986) (same).  The UCL, FAL and CLRA do not treat attempt as a separate offense.

Accordingly, this Court should dismiss the Third Amended Complaint to the extent it fails to allege sufficient facts showing an actual post-February 2012 violation of law.

2. Any Alleged Post-February 2012 Violations Fail to Satisfy Rule 9(b)'s Heightened Pleading Standard.

The new allegations also fail to comply with Rule 9(b), which provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Proc. 9(b).

Rule 9(b) applies here.  All three of Plaintiff's UCL claims rest on a theory of fraud or likely deception.  (TAC, ¶¶ 53, 59, 66-69).  So do her FAL and CLRA claims.  (TAC, ¶¶ 74, 80).  Plaintiff also specifically contends JCPenney acted with the intent to deceive.  (TAC, ¶ 16).  Rule 9(b) applies to all UCL, FAL or CLRA claims "grounded in fraud."  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-06 (9th Cir. 2003); Arroyo v. Pfizer, Inc., No. C-12-4030 EMC, 2013 U.S. Dist. LEXIS 13789 (N.D. Cal. Feb. 15, 2012) (applying Rule 9(b) to plaintiff's false advertising claims under the UCL, FAL and CLRA).

Under Rule 9(b) all "[a]verments of fraud must be accompanied by the 'who, what, when, where and how' of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Vess, 317 F.3d at 1106). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993)) (quotation marks omitted).

The new allegations do not identify the "who, what, when, where and how" of any alleged post-February 2012 misconduct. They provide no details. They just assert that earlier false advertising conduct—that had completely ceased—"returned." This fails to provide any, much less sufficient, particularity about post-February 2012 violations, and warrants dismissal of the Third Amended Complaint to the extent it relies on alleged post-February 2012 conduct.

**B.    Plaintiff Lacks Constitutional Standing to Assert Claims Based on Post-February 2012 Conduct.**

Plaintiff lacks standing to assert claims based on alleged post-February 2012 false advertising conduct. Plaintiff does not claim she purchased any items from JCPenney during this second, later, post-February 2012 period. As a result, she lacks Article III standing to pursue past the pleading stage claims based on such conduct. See Shurkin v. Golden State Vintners Inc., 471 F.Supp.2d 998, 1024 (N.D. Cal. 2006) aff'd, 303 F. App'x 431 (9th Cir. 2008) (holding that investors who owned shares during portion of period of alleged wrongdoing lacked Article III standing to pursue claims arising from conduct occurring during portion in which they did not own shares); see also Route v. Mead Johnson Nutrition Co., No. CV 12-7350-GW(JEMx), 2013 U.S. Dist. LEXIS 35069 (C.D. Cal. Feb. 21, 2013) (where plaintiffs purchased only one of four challenged baby food products, dismissing, on constitutional standing grounds, UCL, FAL and CLRA claims to the extent they concerned labels and advertising related to the three products plaintiffs did not purchase); Arevalo v. Bank of America Corp., 850 F.Supp.2d 1008, 1016-17 (N.D. Cal. 2011) (where bank allegedly involuntarily enrolled plaintiffs in credit protection program, dismissing on standing grounds portion of UCL, FAL and CLRA claims that also challenged the value of bank's advertised credit protection program).

To establish standing, a plaintiff must plead facts showing an actual, personal injury "fairly traceable" to the challenged actions of the defendant and

-8-

likely redressed by a decision in the plaintiff's favor.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).  Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit."  <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975).  The party asserting federal jurisdiction carries the burden of establishing Article III standing.  <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342 (2006).

Here, Plaintiff purchased her items from JCPenney on March 5, 2011.  This purchase allegedly occurred during a false advertising "campaign" which admittedly "stopped" on or about February 2012.  (TAC, ¶¶ 6, 38).  Even if Plaintiff adequately alleges that false comparative price advertising has "returned," she does not claim that she purchased any items from JCPenney during any later false advertising period.  She does not even claim to have been exposed to any post-February 2012 advertising statements by JCPenney.  Nor does she claim any plan by her to make future purchases from JCPenney.  In sum, there is simply no personal injury "fairly traceable" to JCPenney's alleged post-February 2012 conduct.  <u>See Lujan</u>, 504 U.S. at 560-61 (1992); <u>see</u> also <u>In re Wells Fargo Mortgage-Backed Certificates Litig.</u>, 712 F.Supp.2d 958, 965 (N.D. Cal. 2010) (holding that named plaintiffs, who had constitutional standing to sue based on misstatements or omissions in securities offerings through which they actually purchased securities, did not have standing to sue based on similar allegations relating to offerings through which they did not purchase securities).

Absent direct injury to Plaintiff arising from the later, post-February 2012 false advertising conduct, Plaintiff must allege facts bridging the gap between the two periods.  She does not.  Other than the bare assertion that "J.C. Penney has gone back to its false price comparisons," nothing ties the alleged later advertising conduct to the earlier conduct that allegedly caused Plaintiff's March 5, 2011 purchases.  For example, the Third Amended Complaint does not set forth any facts showing that JCPenney now has in place the same or similar representations that it

-9-

had in place during the earlier period. See Arevalo, 850 F.Supp.2d at 1016-17 (noting complaint's failure to "articulate[ ] similarities between the specific conduct that injured plaintiffs and other challenged conduct"); Route, 2013 U.S. Dist. LEXIS 35069, at *8 n.4 (observing that a plaintiff might have standing to assert false advertising claims with respect to products not purchased when those products are "subject to the same advertising campaign and same representations" as the product purchased).

The Third Amended Complaint's lack of specificity regarding post-February 2012 false advertising conduct prevents the Court from even analyzing whether the pre and post-February 2012 false advertising conduct is sufficiently similar. See Lanovaz v. Twinings North America, Inc., No. C-12-02646, 2013 WL 2285221, at *1 (N.D. Cal. May 23, 2013) (identifying similarity of products and misrepresentations as a "deciding factor" and requiring them to be "nearly identical"). As a result, there is no risk of this Court applying "too narrow or technical an approach" to the standing question. No such "approach" is even possible given the Third Amended Complaint's reed-thin, post-February 2012 allegations. See id. at *2. For this reason, Plaintiff's reliance on Lanovaz, which she cited during the parties' meet and confer on this motion, is misplaced. Plaintiff's reliance on In re Grand Theft Auto Video Game Consumer Litigation (No. II), No. 06 MD 1739 (SWK)(MHD, 2006 WL 3039993 (S.D.N.Y. Oct. 25, 2006) is equally misplaced. The court in that case did not confront a pleading that failed to show or suggest any similarity between the injury the named plaintiffs suffered and those suffered by absent putative class members.

In addition, because the earlier alleged false advertising conduct admittedly stopped in approximately February 2012, the Third Amended Complaint does not (and cannot) allege a single "omnibus false" advertising scheme connecting the pre-February 2012 period during which Spann allegedly made her purchases to the later post-February 2012 period. See Arevalo, 850 F.Supp.2d at 1016-17

-10-

1 (dismissing complaint on standing grounds in part based on plaintiffs' failure to allege an "omnibus scheme" connecting disparate conduct).

Accordingly, Plaintiff lacks constitutional standing to pursue post-February 2012 claims and this Court should dismiss the Third Amended Complaint to the extent it purports to advance such claims.

### C. The New Allegations Are Immaterial and Should be Stricken.

Rule 12(f) permits this Court to strike "any . . . immaterial . . . matter" Fed. R. Civ. Proc. 12(f). As demonstrated above, the new allegations presented in the Third Amended Complaint fail to state post-February 2012 claims for relief and advance claims which Plaintiff has no standing to pursue. See Sections III.A. and III.B., supra. These allegations are thus immaterial and should be stricken. See e.g., Lanovaz, 2013 WL 675929 at *2 (striking as immaterial allegations that could not serve as the basis for plaintiff's UCL, FAL and CLRA claims).

## IV.
## CONCLUSION

For all of the foregoing reasons, JCPenney respectfully asks the Court to dismiss the Third Amended Complaint to the extent it fails to state claims for relief or advances claims that Plaintiff lacks standing to assert. Alternatively, JCPenney asks that the Court strike the Third Amended Complaint's new allegations as immaterial.

Dated:  August 5, 2013

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        /s/ MOE KESHAVARZI
MOE KESHAVARZI
PAUL SEELEY
Attorneys for Defendant
J. C. PENNEY CORPORATION, INC.