UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-0215 FMO (RNBx) | Date | **February 21, 2014** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

| Present: The Honorable | **Fernando M. Olguin, United States District Judge** | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:        (In Chambers) Order Re: Pending Motions**

Having reviewed and considered all the briefing filed with respect to J.C. Penny Corp., Inc.'s ("defendant") Motion to Dismiss, or Alternatively Strike Certain Allegations In[ ] the Third Amended Complaint ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and rules as follows.

## INTRODUCTION

Cynthia E. Spann ("plaintiff") filed this class action, individually and on behalf of others similarly situated, against defendant on February 8, 2012. Plaintiff's Third Amended Complaint ("TAC"), filed on July 22, 2013, alleges violations of California's: (1) Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq.; and (3) Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. (See TAC at ¶¶ 49-83). Plaintiff seeks injunctive relief and statutory damages. (See id. at ¶¶ 24 & 25).

## STATEMENT OF FACTS

Plaintiff alleges that on March 5, 2011, she visited J.C. Penney's Brea, California store, and "in reliance on Defendants' false and deceptive advertising, marketing and pricing schemes, purchased over $200.00 in private branded and exclusive branded apparel and accessories[.]" (TAC at ¶ 20). Specifically, she alleges that while at the store, she "observed that J.C. Penney advertised price comparisons on plastic placards above or below each product offered for sale[, and that] [o]ne column showed what was represented to be the 'original' price for each product[, and] [t]he next column showed the 'sale' price of each item." (Id. at ¶ 29). Plaintiff "[b]eliev[ed] she was able to pay significantly less than what certain products were worth and normally sell for in the retail marketplace, [and was accordingly] induced to purchase ten different items, all of which were offered at prices significantly lower than their stated original prices." (Id.). Plaintiff "purchased private branded apparel . . . and exclusively branded accessories . . . after relying on [defendant's] false discounts and false 'original' former prices for such products." (Id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SA CV 12-0215 FMO (RNBx)** | Date | **February 21, 2014** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

Plaintiff's purchases based on defendant's alleged "misrepresentations and false and deceptive advertising, [included] . . . three East Fifth blouses, a private brand of J.C. Penney. All three blouses contained labels representing them to have original prices of $30.00 and discounts of $12.01, leaving a purchase price or [supposed] 'deal' at $17.99." (TAC at ¶ 30). Plaintiff "believed and relied on [defendant's representation] that she [received] 40% off the original price[,] and that [the blouses] regularly sell in the retail marketplace for $30.00." (Id.). Allegedly, however, the "purported 'original' prices and corresponding . . . reductions and savings were false and deceptive, as the prevailing retail price for the East Fifth blouses during the three months immediately prior to [her] purchase . . . was no more than $17.99, and not the [advertised] $30.00 'original' price." (Id.). Further, "upon check-out on March 5, 2011, J.C. Penney provided Plaintiff with a sales receipt containing the same misrepresentations regarding false original prices and price reductions on the East Fifth blouses." (Id. at ¶ 31).

Plaintiff alleges that she also purchased other items on March 5, 2011, based on similar misrepresentations regarding their original and reduced sale prices, and that the receipt tendered by defendant restated the misrepresentations. (See TAC at ¶¶ 32-37). According to plaintiff, "her reliance upon Defendant's false price comparison advertising was . . . reasonable, [and] . . . intended by" defendant, (id. at ¶ 38), and she has suffered economic injury as a direct result[.]" (Id. at ¶ 30).

Plaintiff alleges that defendant's "false price advertising scheme [was] disseminated to California consumers via its in-store display advertising, print advertising and Internet Web site (www.jcpenney.com), [and] was rampant throughout California as part of a . . . pervasive campaign . . . across all of J.C. Penney's private . . . and exclusive branded apparel and accessories until February 1, 2012." (TAC at ¶ 5). After February 2012, "[defendant implemented] a new pricing strategy known as 'fair and square' pricing[,] . . . [and] stopped using comparative sale prices by which a purported sale price was compared to an inflated regular or original price." (Id. at ¶ 39). According to plaintiff, however, "J.C. Penney has recently returned to its practice of using comparative prices and fake 'sales.' Specifically, [it], has started to mark-up the ticketed prices of its private and exclusive branded apparel and accessories just so that it can turn around and offer an immediate discount on those higher prices in order to create the illusion of a 'sale.'" (Id. at ¶ 40). Plaintiff contends that defendant "intends to sell most, if not all of the products at the lower and supposedly discount prices, thereby making the higher prices false and misleading." (Id.).

**STANDARD OF REVIEW**

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 550 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 550 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SA CV 12-0215 FMO (RNBx)** | Date | **February 21, 2014** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010).  Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted), "[s]pecific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005).  Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory.  See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).  A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

The Consumers Legal Remedies Act ("CLRA") prohibits "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9) & (13); (see TAC at ¶ 80).  The False Advertising Law ("FAL") makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]"  Cal. Bus. & Prof. Code § 17500; (see TAC at ¶ 74).  The Unfair Competition Law ("UCL")  prohibits any "unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200; (see TAC at ¶ 50).

Plaintiff's CLRA, UCL, and FAL claims are all grounded on defendant's alleged "false[ ] advertise[ment of] original prices, sale prices, and corresponding price discounts for its private . . . and exclusive branded apparel and accessories."  (TAC at ¶¶ 1, 52, 59, 67, 69,74, & 80).  The TAC asserts that, sometime before March 5, 2011, JCPenney started a "false price advertising scheme[,]" (TAC at ¶¶ 5, 17 & 20), consisting of (1) misrepresenting purported "'original' retail prices that never [actually] existed and/or did not constitute the prevailing market retail prices for such products[,]" (id. at ¶ 5), and then (2) "misrepresenting the existence, nature and amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SA CV 12-0215 FMO (RNBx)** | Date | **February 21, 2014** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., <u>et</u> <u>al.</u>** | | |

price discounts" based on the fabricated original retail prices. (<u>Id.</u> at ¶ 2). Plaintiff alleges that she was aware of defendant's price comparison advertisements and made particular purchases in reliance of the same. (<u>See</u> <u>id.</u> at ¶¶ 29 & 38). She also alleges that defendant affirmatively made and disseminated the "false price advertising scheme . . . to California consumers[.]" (<u>Id.</u> at ¶ 5).

Defendant nowhere argues the pre-February 2012 allegations fail to adequately state claims under the various state laws at issue. (<u>See</u>, <u>generally</u>, Motion). Defendant contends, however, that plaintiff's claims based on any post-February 2012 conduct fail to satisfy minimal pleading requirements. (<u>See</u> <u>id.</u> at 5 & 6). Plaintiff's TAC alleges that defendant ceased its false advertising scheme and "stopped using false price comparisons in or about February, 2012[,]" (TAC at ¶ 6), but that it "recently returned to its practice of using comparative prices and fake 'sales.'" (<u>Id.</u> at ¶ 40). Defendant argues that those bare allegations are deficient because the TAC fails to "allege [or] identify any actual post-February 2012 false advertising statement, any consumer's exposure to such statement or any purchase made pursuant to such statement." (Motion at 3). Accordingly, defendant asks the court to limit the scope of plaintiff's claims to the extent they fail to state a cause of action based on post-February 2012 conduct.

Plaintiff counters that her TAC "explicitly alleges and details how JCP has since 'returned' to the same false price comparison scheme that it engaged in prior to February 2012." (Opposition to J.C. Penney Corporation, Inc.'s Motion to Dismiss, or Alternatively Strike Certain Allegations In, the Third Amended Complaint ("Opposition"), at 4). She contends that the TAC alleges that defendant "is in fact, and once again, actively engaging in the exact same illegal conduct that it is alleged to have engaged in prior to February, 2012." (<u>Id.</u> at 5). However, other than those broad assertions, plaintiff fails to point to any factual allegations in the TAC to support her position. (<u>See</u>, <u>generally</u>, Opposition). Rather, the TAC is devoid of any factual allegations showing that defendant actually used or advertised false comparative prices, or placed for sale or sold products based on a fraudulent advertising scheme after February 2012. (<u>See</u>, <u>generally</u>, TAC).

The only allegations contained in the TAC regarding defendant's post-February 2012 conduct are speculative and, at most, contend that defendant either intends to again engage in an unlawful advertising practice, or has commenced the commission of the unlawful act, but has not completed it.[1] (<u>See</u> TAC at ¶ 40) (defendant "has recently returned to its . . . comparative pric[ing" practices, "has <u>started</u> to mark-up the ticketed prices . . . [so] that <u>it</u> <u>can</u> turn around . . . [and] create the illusion of a 'sale[,]'" "has no intention of selling its products . . . at the new marked-up prices[,]" and "<u>intends</u> <u>to</u> sell . . . the products . . . [as to] 'mak[e] the higher prices false and misleading.") (emphasis added). "Factual allegations must be enough to raise a right to relief above the speculative level[,]" <u>Twombly</u>, 550 U.S. at 555, 127 S.Ct. at 1965, and here, there are

---

[1] Plaintiff does not suggest or argue that California law prohibits <u>attempted</u> false advertisement, such that her allegations of defendant's alleged intent or preparatory conduct to falsely advertise can sustain her claims. (<u>See</u>, <u>generally</u>, Opposition).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SA CV 12-0215 FMO (RNBx)** | Date | **February 21, 2014** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

no alleged facts to "give the defendant[] fair notice of what" post-February 2012 conduct consists of "[a]dvertising goods or services" in an unlawful matter, or "false or misleading statements," Cal. Civ. Code § 1770(a)(9) & (13), "unlawful, unfair or fraudulent business act or practice[s]," Cal. Bus. & Prof. Code § 17200, or dissemination of "untrue or misleading" statements. Cal. Bus. & Prof. Code § 17500; see Erickson, 551 U.S. at 93, 127 S.Ct. at 2200. Plaintiff's conclusory allegations that defendant "has gone back to its false price comparisons which violate California law[,]" (id.), and that it "continues to violate" state law, (id. at ¶ 17), are insufficient to state a cognizable cause of action. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff simply fails to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for" engaging in unlawful advertising practices after February 2012. See id. at 678, 129 S.Ct. at 1949.

In sum, plaintiff fails to meet the minimum pleading requirements of Rule 8 of the Federal Rule of Civil Procedure. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Plaintiff also necessarily fails to allege her fraud claims with sufficient particularity, as required by Rule 9(b). See Fed. R. Civ. P. 9(b); Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (In the Ninth Circuit, this rule has been interpreted to mean that a complaint "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation.").[2]

The Federal Rules of Civil Procedure provide that even after a complaint has been amended or a responsive pleading has been served, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Given the policy favoring amendment of complaints, the court will grant defendant's Motion and dismiss plaintiff's claims in her TAC based on post-February 2012 allegations, with leave to amend. In preparing the Fourth Amended Complaint, plaintiff shall carefully evaluate the contentions set forth in defendant's Motion. The court expects that defendant will agree to any amendment(s) that will cure the alleged defect(s).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss, or Alternatively Strike Certain Allegations In[ ] the Third

---

[2] Based on the court's resolution of the Motion, the court need not reach defendant's additional argument concerning standing. (See Motion at 8-11).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SA CV 12-0215 FMO (RNBx)** | Date | **February 21, 2014** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

Amended Complaint **(Document No. 103)** is **granted**.

2.  The claims stated in the Third Amended Complaint are dismissed to the extent they rely on defendant's post-February 2012 conduct.

3.  If plaintiff still wishes to pursue claims based on defendant's post-February 2012 conduct, she is granted until **March 6, 2014**, to file a Fourth Amended Complaint.

4.  The Fourth Amended Complaint must be labeled "Fourth Amended Complaint," filed in compliance with Local Rule 3-2 and contain the case number assigned to the case, i.e., Case No. SA CV 12-0215 FMO (RNBx).  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make her Fourth Amended Complaint complete.  Local Rule 15-2 requires that an amended pleading be complete in and of itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).

5.  Defendant shall file its Answer to the Fourth Amended Complaint or a motion pursuant to Fed. R. Civ. P. 12 no later than **March 20, 2014**.

6.  In the event defendant wishes to file another motion to dismiss, then counsel for the parties shall, on **March 13, 2014 at 10:00 a.m.**[3] meet and confer in person at an agreed upon location within the Central District of California to discuss defendant's motion to dismiss. Defendant's motion must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed issue that will be the subject of the motion).  Failure to include such a declaration will result in the motion being denied.

7.  Plaintiff's Motion for Class Certification **(Document No. 116)**, is **denied without prejudice**.  The Motion for Class Certification seeks certification of a class of "[a]ll persons who, while in the State of California and between November 5, 2010 and the February 1, 2012" made the purchases at issue in this action.  (Joint Briefing Re: Motion for Class Certification at 1). Because plaintiff's Fourth Amended Complaint, if filed as set forth above, will change the temporal scope and underlying factual allegations of the claims, plaintiff will be granted leave to file a new motion for class certification which properly reflects the full scope of the action.  The court will issue a new class certification briefing schedule after resolving any motion to dismiss filed by defendant.

---

[3]  Counsel may agree to meet and confer at another time and place without seeking court approval for such an agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SA CV 12-0215 FMO (RNBx)** | Date | **February 21, 2014** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

      8.  No later than **February 27, 2014**, the parties shall file a joint status report stating whether, and to what extent, defendant's Motion for Summary Judgment is affected by this ruling.

 

00   :   00

Initials of Preparer     vdr