SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MOE KESHAVARZI, Cal. Bar No. 223759
mkeshavarzi@sheppardmullin.com
JOHN LANDRY, Cal. Bar No. 194374
jlandry@sheppardmullin.com
PAUL L. SEELEY, Cal. Bar No. 252318
pseeley@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE

Attorneys for Defendant
J.C. PENNEY CORPORATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

CYNTHIA E. SPANN, Individually and On Behalf of Others Similarly Situated,

Plaintiff,

v.

J. C. PENNEY CORPORATION, INC. a Delaware Corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. SACV12-0215 FMO (RNBx)

**CLASS ACTION**

**DEFENDANT J. C. PENNEY CORPORATION, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS, OR ALTERNATIVELY STRIKE CERTAIN ALLEGATIONS IN, THE FOURTH AMENDED COMPLAINT**

Date: April 24, 2014
Time: 10:00 a.m.
Place: Courtroom 22
312 North Spring Street
Los Angeles, CA 90012

Complaint Filed: February 8, 2012

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 24, 2014, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 22 at 312 North Spring Street, Los Angeles, CA 90012, Defendant J.C. Penney Corporation, Inc. ("JCPenney") will, and hereby does, move this Court pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for an order dismissing, with prejudice, the Fourth Amended Complaint ("FAC") of Plaintiff Cynthia Spann or, in the alternative, pursuant to Rule 12(f), for an order striking certain allegations in the FAC.

JCPenney moves to dismiss the FAC to the extent it fails to state claims for relief, or advances claims that Ms. Spann lacks standing to assert. JCPenney moves on the following grounds:

First, the post-February 2012 allegations in the FAC fail to state claims for relief because, from the thousands of items JCPenney has advertised since February 2012, Ms. Spann only alleges two UCL, FAL or CLRA violations after February 2012. Two examples do not create a reasonable inference that JCPenney has "returned" to the alleged "scheme" that injured Ms. Spann in 2011, or to any other so-called "scheme." Accordingly, the allegations of post-February 2012 conduct fail to show Ms. Spann's entitlement to injunctive relief under Federal Rule of Civil Procedure 8(a)(2).

Second, Ms. Spann also lacks Article III standing to assert claims based on post-February 2012 false advertising conduct, or to enjoin such conduct. She made no purchases during this purported later violation period and does not allege that she suffered any harm that is traceable to post-February 2012 conduct. She makes no allegations which factually link this later conduct to the earlier "scheme" that allegedly injured her. Ms. Spann, who claimed to have purchased falsely advertised items from JCPenney only during the earlier period, lacks Article III standing to assert post-February 2012 false advertising claims.

Therefore, JCPenney seeks an order dismissing with prejudice (1) the FAC to extent it relies on post-February 2012 conduct; and (2) Plaintiff's request for injunctive relief.

Or, in the alternative, by this motion, JCPenney seeks an order striking the following portions of the FAC:

- Page 3, Paragraph 6, line 13 ("temporarily")
- Pages 3-4, Paragraph 7
- Page 4, Paragraph 8, lines 11-13 ("hundreds or thousands more have been victimized as a result of J.C. Penney's recent return to such practices, and hundreds or thousands more will be deceived if J.C. Penney's practices continue.")
- Page 4, Paragraph 9, line 14 ("and knows")
- Page 4, Paragraph 9, line 15 ("and is again")
- Page 4, Paragraph 12, line 23 ("and which J.C. Penney continues to misrepresent and/or fail to disclose")
- Page 5, Paragraph 16, line 16 ("and continues to violate")
- Page 5, Paragraph 16, line 19 ("and continues to violate")
- Page 5, Paragraph 17, line 27 ("including an injunction")
- Page 5, Paragraph 17, line 28 ("and an injunction")
- Page 12, line 13 ("Temporarily")
- Page 12, lines 23-24 ("Injunctive Relief is Necessary and Appropriate Because J.C. Penney Has Returned To Using Illegal Price Comparisons")
- Page 13, Paragraph 41, lines 2-19 ("and J.C. Penney has since returned to its pre-February 2012 practice of using comparative prices and fake "sales" with respect to at least some of its private and exclusive branded products. As it did prior to February 1, 2012, J.C. Penney has once again marked up the ticketed prices of those items

just so that it can immediately turn around and sell them at a discount in order to create the illusion of a "sale." In fact, many of the new and purported discounted "sale" prices are *higher* than the "regular" prices that were in place for the same items during J.C. Penney's "fair and square" pricing. J.C. Penney has no intention of selling such products (or at least any significant quantity of those products) at the new marked-up prices, as it has either failed to offer the products at those higher prices at all or, if it did offer them at the higher prices, it did so for an unreasonably short period of time and/or in connection with other discounts, such as "Buy One Get One at 50% Off" promotions. J.C. Penney intends to sell, and has sold, most, if not all of those products at the lower and supposedly discounted prices, thereby making the higher prices false and misleading. In other words, for at least some private and exclusive branded products, J.C. Penney is now using the exact same (or at least materially indistinguishable) false, misleading and illegal comparative pricing practices that it used prior to February 1, 2012.")

- Pages 13-14, Paragraph 42
- Page 14, Paragraph 43
- Page 14, Paragraph 44
- Pages 14-15, Paragraph 45
- Page 15, Paragraph 46
- Page 17, Paragraph 50(i)
- Page 19, Paragraph 62, lines 24-25 ("and to enjoin J.C. Penney from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future")

- Page 21, Paragraph 69, lines 11-12 ("and to enjoin J.C. Penney from continuing to violate the UCL as discussed herein and/or from violating the UCL in the future")
- Page 24, Paragraph 78, lines 3-4 ("and to enjoin J.C. Penney from continuing to violate the UCL, and/or from violating the UCL in the future")
- Page 24, Paragraph 82, lines 27-28 ("and to enjoin J.C. Penney from continuing to violate the False Advertising Law as discussed herein and/or from violating the UCL in the future")
- Page 26, Paragraph 90, lines 9-11 ("Plaintiff also requests that this Court enjoin J.C. Penney from continuing to violate the CLRA as discussed herein and/or from violating the UCL in the future.")
- Pages 26-27, Prayer for Relief D ("An order enjoining Defendant from continuing to violate the UCL, False Advertising Law and CLRA as described herein, and/or an order enjoying Defendant from violating the UCL, False Advertising Law and CLRA in the future;")

JCPenney moves to strike on the ground that Rule 12(f) permits this Court to strike "any . . . immaterial . . . matter." Fed. R. Civ. Proc. 12(f). As demonstrated above, Ms. Spann's post-February 2012 allegations presented in the FAC fail to state claims for relief, and advance claims which Ms. Spann has no standing to pursue. There is no basis for an alleged injunction remedy. These allegations are thus immaterial and should be stricken.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the declaration of Moe Keshavarzi, all papers and pleadings on file with the Court, all papers and pleading of which this Court may take judicial notice and such further evidence and argument which may be presented to the Court.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place in person on March 13, 2014 and telephonically on March 18, 2014, due to Plaintiff's counsel's location in San Diego, California. Prior to, and during that conference, JCPenney's counsel identified the deficiencies in the FAC. Counsel for both parties discussed each issue, including both factual and legal arguments. Despite the good faith meet and confer, the parties did not resolve their differences.

Dated: March 20, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MOE KESHAVARZI, Cal. Bar No. 223759
mkeshavarzi@sheppardmullin.com
JOHN LANDRY, Cal. Bar No. 194374
jlandry@sheppardmullin.com
PAUL L. SEELEY, Cal. Bar No. 252318
pseeley@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

By *_/s/ MOE KESHAVARZI_*
MOE KESHAVARZI
Attorneys for Defendant
J. C. PENNEY CORPORATION, INC.

Dated: March 20, 2014

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
RAOUL D. KENNEDY, Cal. Bar. No. 40892
raoul.kennedy@skadden.com
JAMES P. SCHAEFER, Cal. Bar No. 250417
james.schaefer@skadden.com
525 University Avenue
Palo Alto, CA 94301
Telephone: 650.470.4500
Facsimile: 650.470.4570

By *_/s/ RAOUL D. KENNEDY_*
RAOUL D. KENNEDY
Attorneys for Defendant
J. C. PENNEY CORPORATION, INC.