1  STANLEY LAW GROUP
2  MATTHEW J. ZEVIN, SBN: 170736
   225 Broadway, Suite 1350
3  San Diego, CA  92101
   Telephone:   (619) 235-5306
4  Facsimile:   (815) 377-8419
   e-mail:      mzevin@aol.com
5
6  EMGE & ASSOCIATES
   DEREK J. EMGE, SBN: 161105
7  225 Broadway, Suite 1350
   San Diego, CA  92101
8  Telephone:   (619) 595-1400
   Facsimile:   (619) 595-1480
9  e-mail:      derek@emgelawfirm.com
10
   Attorneys for Plaintiff Cynthia E. Spann
11 [Additional Counsel on Signature Page]

12              **IN THE UNITED STATES DISTRICT COURT**
13              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  CYNTHIA E. SPANN, on Behalf of Herself and All Others Similarly Situated, | Case No. SACV12 0215 FMO (RNBx) |
| 15 | |
| 16 | **CLASS ACTION** |
| 17          Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 21, 2014 ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE** |
| 18  v. | |
| 19  J.C. PENNEY CORPORATION, INC., a Delaware Corporation; and DOES 1 through 10, Inclusive, | |
| 20 | |
| 21 | |
| 22          Defendant. | |
| 23 | DATE:    May 1, 2014 |
| 24 | TIME:    10:00 a.m. |
| 25 | JUDGE:   Hon. Fernando M. Olguin |
|    | CTRM:    22 - 5th Floor |
| 26 | |
| 27 | |
| 28 | |

## I. INTRODUCTION

Pursuant to Local Rule 7-18 of the Local Rules of the United States District Court for the Central District of California, Plaintiff Cynthia E. Spann ("Plaintiff") hereby seeks reconsideration of this Court's February 21, 2014 Order to the extent that it denies, without prejudice, Plaintiff's Motion for Class Certification. Doc. No. 158 at 6.

The Court's denial of Plaintiff's Motion for Class Certification was based upon an understanding that Plaintiff's yet-to-be-filed Fourth Amended Complaint ("FAC") might allege a broader class period than the class period proposed in Plaintiff's Motion for Class Certification. Plaintiff has now filed her FAC, but she does not change the temporal scope and underlying factual allegations of the proposed class. To the contrary, the class period and underlying class allegations are essentially identical to what was proposed and set forth in Plaintiff's previously filed Motion for Class Certification.[1]

Significantly, the decision to maintain the same class period was based in large part on the parties' numerous and exhaustive meet and confer sessions during which Defendant J.C. Penney Corporation, Inc. ("JCP" or "Defendant") argued that a class period extending beyond February 1, 2012 would raise certain issues related to class certification, but agreed that it would not challenge those aspects of class certification so long as Plaintiff sought to certify a class with a period that ended on or about February 1, 2012. Since the same arguments and basis for that agreement exists today, Plaintiff chose not to allege an expanded class period in the FAC. This makes it unnecessary for the parties to re-brief or refile the Motion for Class Certification, as it would be based on the same class period and same underlying

---

[1] There is a one-day difference between the class period alleged in the FAC, which ends at January 31, 2012, and the class period proposed in the Motion for Class Certification, which ends at February 1, 2012. This difference was made for clarification and is, for all intents and purposes, immaterial.

factual allegations and evidence as the prior Motion for Class Certification.

Accordingly, Plaintiff respectfully requests that the Court reconsider its February 21, 2014 Order with respect to its denial, without prejudice, of Plaintiff's Motion for Class Certification and that the Court issue a new order granting that motion.

## II. STANDARD FOR RECONSIDERATION

A district court has the discretion to reconsider its prior orders. *Sch. Dist. No. 1 J v. ACands, Inc.*, 1255, 1263 (9th Cir. 1993). Local Rule 7-18 "sets forth the bases upon which this Court may reconsider 'the decision on any motion," including a motion for class certification. *Pelton v. Panda Rest. Group, Inc.*, No. CV 10-8458 (MANx), 2011 WL 2462047, U.S. Dist. LEXIS 66108 (C.D. Cal. June 20, 2011). Specifically, it provides that reconsideration is appropriate where there exists:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Local Rule 7-18.

Plaintiff respectfully suggests that the recently filed FAC, and Plaintiff's decision not to expand the class period therein, constitutes a new and material "fact" that was not and could not in the reasonable exercise of diligence have been known or presented to the Court at the time of the Court's prior decision, thereby warranting reconsideration.

## III. RELEVANT FACTS, PROCEDURAL HISTORY AND ARGUMENT

This class action is based on JCP's use of false price comparisons in

connection with the sale of its private and exclusive branded apparel and accessories. Plaintiff generally alleges that JCP ticketed merchandise with *false* and inflated former prices ("regular" or "original") and much lower comparison "sale" prices to create the illusion of great discounts. California law prohibits false advertising, including false statements concerning the existence of, amounts of, or reasons for price discounts, and it specifically requires that a stated former price be the "actual prevailing market price" for that product during the three months preceding the advertisement.

Plaintiff purchased ten items from a JCP store in Brea, California in March 2011. FAC at ¶ 26. More specifically, she bought three East Fifth blouses, five Worthington blouses, a Liz Claiborne purse, and a Liz Claiborne clutch. *Id.* at ¶¶ 26-34. Plaintiff alleges that JCP falsely represented that the items had higher "original" or "regular" prices, making the stated discounts false or deceptive. *Id.* Plaintiff bought the items because of the misrepresentations, and she would not have made her purchases otherwise. *Id.*

Plaintiff asserts claims on behalf of herself and a purported class of California consumers for violations of California's Unfair Competition Law, False Advertising Law and Consumers Legal Remedies Act. In the FAC, Plaintiff seeks, *inter alia*, damages, restitution and injunction.

### A.   Plaintiff's Motion for Class Certification

At the time Plaintiff filed her Motion for Class Certification on September 6, 2013, the operative pleading was Plaintiff's Third Amended Complaint ("TAC"). Doc. No. 103. Therein, Plaintiff alleged a class period beginning on November 5, 2010 and ending on "the date of any Judgment in this case." TAC at ¶ 42. However, Plaintiff's Motion for Class Certification sought to certify a shorter class period that ends on February 1, 2012:

> All persons who, while in the State of California and between November 5, 2010 and the February 1, 2012 (the "Class Period")

3

purchased from JCP one or more private or exclusive branded items of apparel or accessories advertised at a discount of at least 30% off of the stated "original" or "regular" price.

Doc No. 116-1 ¶ 42 at 1:19-23.

The proposed class period ends at February 1, 2012 because at that time JCP introduced a new pricing strategy called "Fair and Square," and temporarily[2] stopped using comparative price advertising for at least one year. Doc No. 116-1, at 7:1-8.

Crucially, Plaintiff's decision to narrow the class period was, in large part, the result agreements reached after numerous and extensive meet and confer sessions between counsel for the parties. *See, e.g.*, Declaration of Matthew J. Zevin Re Meet and Confer Concerning Plaintiff's Motion for Class Certification [Doc. No. 116-4] at ¶¶ 5, 9, 11, 15, 17-20. More specifically, during the parties' meet and confer sessions, JCP raised arguments concerning ascertainability and typicality that would only apply to a class period that extended beyond February 1, 2012. *Id.* In response, and after numerous discussions, Plaintiff agreed to end the class period on February 1, 2012 in exchange for JCP's agreement not to challenge ascertainabilty or typicality in connection with Plaintiff's Motion for Class Certification. *Id.* The Class Period alleged in Plaintiff's Motion for Class Certification reflects and honors these agreements.

### B. The Court's February 21, 2014 Order

The Court's February 21, 2014 Order focuses mainly on JCP's Motion to Dismiss, or Alternatively Strike Certain Allegations in Plaintiff's Third Amended Complaint. Doc. No. 103. Specifically, the Court dismissed Plaintiff's claims in the Third Amended Complaint "to the extent they rely on defendant's post-February

---

[2] When JCP stopped comparison advertising, it lost significant revenues and profits. In early 2013, less than a year after it switched to "fair and square" pricing, JCP returned to price comparison advertising. Doc No. 116-1, at 8:4-8.

4

2012 conduct." [Doc. No. 158, at 6] The Court granted Plaintiff leave to file the FAC in order to allege facts that "'give the defendant[] fair notice of what' post-February 2012 conduct consists of '[a]dvertising goods or services' in an unlawful manner, or 'false or misleading statements,' Cal. Civ. Code § 1770(a)(9) & (13), 'unlawful, unfair or fraudulent business act or practice[s],' Cal. Bus. & Prof. Code § 17200, or dissemination of 'untrue or misleading' statements. Cal. Bus. & Prof. Code § 17500." Doc. No. 158 at 5.

With respect to Plaintiff's Motion for Class Certification, the Court's February 21, 2014 Order states:

> 7. Plaintiff's Motion for Class Certification *(Document No. 116)*, is *denied without prejudice*. The Motion for Class Certification seeks certification of a class of "[a]ll persons who, while in the State of California and between November 5, 2010 and the February 1, 2012" made the purchases at issue in this action. (Joint Briefing Re: Motion for Class Certification at 1). Because plaintiff's Fourth Amended Complaint, if filed as set forth above, will change the temporal scope and underlying factual allegations of the claims, plaintiff will be granted leave to file a new motion for class certification which properly reflects the full scope of the action. The court will issue a new class certification briefing schedule after resolving any motion to dismiss filed by defendant.

Doc No. 158 at 6.

### C. Plaintiff's Fourth Amended Complaint Does Not Change the Temporal Scope or underlying factual allegations of the Class and Therefore Constitutes a New Fact that Warrants Reconsideration of the Court's Order

Plaintiff filed her Fourth Amended Complaint on March 5, 2014. Doc. No. 160. Therein, Plaintiff added specific allegations regarding JCP's post-February 2012 conduct with respect to its return to false comparison price advertising. For

5

example, Plaintiff identified two specific instances where JCP advertised private branded women's apparel products as being on "sale" at prices that were more than 30-50% off the purported "original" price for over ninety consecutive days during the summer of 2013. FAC, ¶¶ 42-43. This conduct, by definition, violates the FAL, which requires that any former (e.g., "original" or "regular") price equal the prevailing market price for the item in question during the preceding three months. Cal. Bus. & Prof. Code § 17501.

The purpose of these allegations concerning JCP's post-February 2012 conduct is not to expand the class period or assert new or continuing claims for damages or restitution, but rather, to provide a basis upon which the Court can grant prospective injunctive relief, which is the "primary form of relief" available under Plaintiff's claims. *In re Tobacco II Cases*, 46 Cal. 4th 298, 319 (2009). Simply put, Plaintiff has alleged facts tending to show that JCP has returned to its use of false price comparisons with respect to at least some of its products, which is a sufficient basis to support an injunction. *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 464-65 (2005) (recognizing that an injunction is an appropriate remedy if the alleged wrongful conduct is "ongoing or likely to recur.") (citing cases).

However, in deference to JCP's arguments, and the agreements made between the parties during their prior meet and confer sessions, Plaintiff chose to maintain what is essentially the same class period as proposed in her Motion for Class Certification (i.e., November 5, 2010 to January 31, 2012). FAC at ¶ 48. Accordingly, the FAC does not materially change the temporal scope or underlying factual allegations of the proposed class, which removes the basis for the Court's order denying Plaintiff's Motion for Class Certification without prejudice. At this juncture, it would cause an unnecessary waste of the parties' and judicial resources to have the parties re-brief Class Certification because Plaintiff would essentially seek to certify the exact same class based on the same arguments and evidence that have already been provided to the Court in connection with her previously-filed

Motion for Class Certification.[3]

In sum, the allegations in the FAC, filed on March 5, 2014, constitute a material difference in fact, or the emergence of new material facts that Plaintiff (and the Court) could not have known about at the time of the Court's original decision on February 21, 2014. It, therefore, warrants the Court's reconsideration of its order denying Plaintiff's Motion for Class Certification without prejudice. Local Rule 7-18.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court reconsider its February 21, 2014 ruling to the extent that it denied Plaintiff's Motion for Class Certification without prejudice, vacate its February 21, 2014 Order denying Plaintiff's Motion for Class Certification without prejudice, and grant Plaintiff's Motion for Class Certification in its entirety.

DATED: March 28, 2014

STANLEY LAW GROUP
MATTHEW J. ZEVIN

  */s/ Matthew J. Zevin*
MATTHEW J. ZEVIN

225 Broadway, Suite 1350
San Diego, CA  92101
Telephone:  (619) 235-5306
Facsimile:   (815) 377-8419

---

[3] Plaintiff fully recognizes that arguments can always be refined and briefing can always be improved upon, but she respectfully suggests that in light of the substantial time and resources already expended by the parties in connection with Plaintiff's last Motion for Class Certification, the cost and burden of a new round of briefing on essentially the same class description and issues would exceed its benefit.

|   |   |
|---|---|
| 1 | EMGE & ASSOCIATES |
| 2 | DEREK J. EMGE |
|   | 225 Broadway, Suite 1350 |
| 3 | San Diego, CA  92101 |
| 4 | Telephone:  (619) 595-1400 |
|   | Facsimile:   (619) 595-1480 |
| 5 |   |
| 6 | Attorneys for Plaintiff Cynthia E. Spann and Proposed Class Counsel |
| 7 |   |

Attorney for Plaintiff Cynthia E. Spann:

SCHIFFMAN & HUCH
DAVID A. HUCH, SBN: 222892
8105 Irvine Center Drive, Suite 900
Irvine, CA  92618
Telephone:    (949) 936-2564
Facsimile:     (949) 682-4881
e-mail: david.a.huch@gmail.com

8

SACV12 0215 FMO (RNBx)

**PROOF OF SERVICE**

*Spann v. J.C. Penney, et al.*
CASE NO: SACV12 0215 FMO (RNBx)

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action. I am employed in the County of San Diego, State of California. My business address is: 225 Broadway, Suite 1350, San Diego, CA 92101.

That on March 28, 2014, I served the following document(s) entitled: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 21, 2014 ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE** on ALL INTERESTED PARTIES in this action:

☐ **BY MAIL**: By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service. The correspondence, pleadings and other matters are deposited with the United States Postal Service with postage thereon fully prepaid in San Diego, California, on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY CM/ECF Electronic Service:** I caused such document to be served via the Court's (NEF) electronic filing system on all registered parties.

☐ **BY OVERNIGHT COURIER**: I caused the above-referenced document(s) to be contained in an overnight envelope and to be deposited in a **Federal Express/Overnite Express** box located at 225 Broadway, San Diego, California, for delivery to the above address(es).

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct. Executed on March 28, 2014, at San Diego, California.

*/s/ Matthew J. Zevin*
MATTHEW J. ZEVIN

SACV12 0215 FMO (RNBx)