SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
MOE KESHAVARZI, Cal. Bar No. 223759
  mkeshavarzi@sheppardmullin.com
JOHN LANDRY, Cal. Bar No. 194374
  jlandry@sheppardmullin.com
PAUL L. SEELEY, Cal. Bar No. 252318
  pseeley@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

ADDITIONAL COUNSEL LISTED
ON SIGNATURE PAGE

Attorneys for Defendant
J.C. PENNEY CORPORATION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| CYNTHIA E. SPANN, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J. C. PENNEY CORPORATION, INC. a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. SACV12-0215 FMO (RNBx)<br><br>**CLASS ACTION**<br><br>**DEFENDANT J. C. PENNEY CORPORATION, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS, OR ALTERNATIVELY STRIKE CERTAIN ALLEGATIONS IN, THE FOURTH AMENDED COMPLAINT**<br><br>Date: April 24, 2014<br>Time: 10:00 a.m.<br>Place: Courtroom 22<br>      312 North Spring Street<br>      Los Angeles, CA 90012<br><br>Complaint Filed: February 8, 2012 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ........................................................................................................2

    A. Ms. Spann Fails to Oppose JCPenney's Motion to Dismiss the FAC on Rule 8(a) Grounds. ...............................................................................2

    B. Ms. Spann's Effort to Escape Rule 8's Pleading Standard Is Unavailing. ....................................................................................................4

    C. The FAC Does Not Allege An Adequate Factual Predicate For Class-wide Injunctive Relief. ..........................................................................6

    D. Ms. Spann Fails to Allege Post-2012 Fraudulent Advertising With Sufficient Particularity. ..........................................................................7

    E. Ms. Spann Has No Article III Standing to Assert Claims Based on Post-February 2012 Conduct. ................................................................9

    F. Ms. Spann Lacks Article III Standing to Seek Injunctive Relief. ..........9

III. CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Bowler v. Home Depot USA Inc.
   2011 U.S. Dist. LEXIS 4975 (N.D. Cal. Jan. 19, 2011) ........................................5

In re Century Aluminum Co. Securities Litig.
   729 F.3d 1104 (9th Cir. 2013) ...............................................................................3

DaimlerChrysler Corp. v. Cuno
   547 U.S. 332 (2006) ..............................................................................................9

Intri-Plex Technologies, Inc. v. The Crest Group, Inc.
   499 F.3d 1048 (9th Cir. 2007) ...............................................................................9

Madrid v. Perot Systems Corp.
   130 Cal.App.4th 440 (2005) ............................................................................4, 5

Monsanto Co. v. Geertson Seed Farms
   130 S.Ct. 2743 (2010) ................................................................................6, 7, 10

Parents Involved in Community Schools v. Seattle School Dist. No. 1
   551 U.S. 701 (2007) ..............................................................................................5

People v. Toomey
   157 Cal.App.3d 1 (1984) ..................................................................................4, 5

Summers v. Earth Island Institute
   555 U.S. 488 (2009) ............................................................................................10

Swift & Co. v. United States
   276 U.S. 311 (1928) ..............................................................................................7

United States v. Oregon State Medical Society
   343 U.S. 326 (1952) ..............................................................................................5

United States v. W.T. Grant Co.
   345 U.S. 629 (1953) .....................................................................................4, 5, 7

Walsh v. Nev. Dep't of Human Res.
   471 F.3d 1033 (9th Cir. 2006) .............................................................................10

Winter v. Natural Resources Defense Council, Inc.
    555 U.S. 7 (2008) ...................................................................................................5

**Rules:**

Fed. R. Civ. P. 8..............................................................................................*passim*

Fed. R. Civ. P. 9(b) ......................................................................................2, 8, 9

Fed. R. Civ. P. 12(b)(6) ........................................................................................9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In her opposition to J.C. Penney Corporation, Inc.'s ("JCPenney") motion to dismiss or strike, Ms. Spann disclaims any effort by her to use the Fourth Amended Complaint ("FAC") to state claims for relief based on JCPenney's post-February 2012 conduct. According to her, the FAC's post-February 2012 allegations are intended only to provide a basis for this Court to issue broad, class-wide injunctive relief against JCPenney. By retreating in this manner, she avoids and so never directly confronts JCPenney's Rule 8(a) argument showing that the alleged post-February conduct raises no reasonable inference that JCPenney has "returned" to its alleged pre-February 2012 false advertising "scheme." This Court should grant JCPenney's motion on this ground.

Ms. Spann's effort to suggest an alternative, and purportedly less stringent, injunction-only pleading standard (one requiring allegations of merely likely recurring conduct) also fails. The precedents on which she relies require more than a possibility of recurrence, and so essentially impose the same standard as Rule 8, a standard she cannot meet. These precedents also never purport to identify the full factual showing needed for an injunction. Federal injunctive relief must rest on allegations of imminent irreparable harm, which the FAC lacks. As a result, Ms. Spann fails to satisfy even her own proposed alternative pleading test.

But Ms. Spann's effort to plead a factual basis for class-wide injunctive relief suffers a more fundamental flaw. The proposed class period ends January 31, 2012 and consists of persons who purchased items from JCPenney two to four years ago. There is no factual basis for the issuance of an injunction on behalf of the class that Ms. Spann has proposed.

In failing to meet Rule 8's pleading requirements, the FAC's post-February 2012 false advertising allegations necessarily fall short of Rule 9(b). Arguments offered by Ms. Spann to show her compliance with Rule 9(b) lack merit.

Regarding her standing to assert claims based on post-February 2012 conduct, Ms. Spann disclaims any effort by her to do so. She rests standing to seek injunctive relief based on her 2011 transactions and JCPenney's post-February 2012 conduct. These standing arguments fail.

## II. ARGUMENT

### A. Ms. Spann Fails to Oppose JCPenney's Motion to Dismiss the FAC on Rule 8(a) Grounds.

In ruling on JCPenney's motion to dismiss or strike the Third Amended Complaint ("TAC"), this Court applied Rule 8(a)(2) to the TAC's post-February 2012 allegations and found them "insufficient to state a cognizable cause of action." Order at 7. According to the Court, Ms. Spann failed to show that JCPenney "is *liable* for engaging in unlawful practices after February 2012." Id. (emphasis added). Emphasizing the need to state a claim, this Court conditioned Ms. Spann's leave to file the FAC on her "pursu[ing] claims based on defendant's post-February 2012 conduct." February 21 Order at p. 6. JCPenney moved to dismiss the FAC to the extent it fails to state claims based on alleged post-February 2012 conduct.

Now, in opposing this motion, Ms. Spann abruptly changes course. She denies any intention or effort by her to state claims based on post-February 2012 conduct. See e.g., Opposition at 2:5-11 ("Plaintiff does not make claims for monetary relief after February 2012, as her claims are based exclusively on JCP's conduct during the Class Period. Her allegations concerning JCP's conduct after February 2012 are pled only to demonstrate the need for injunctive relief . . .").

Assuming this is a real distinction, it is a strategic departure from the TAC where she explicitly defended the TAC on the ground that it "adequately stated a claim under Rule 8(a) based on JCP's post-February 2012 conduct." Opposition at 3:19-20.

Ms. Spann's new, injunctive relief-only strategy is ill-conceived as the FAC fails to allege a factual basis for the issuance of an injunction on behalf of either the alleged class or Ms. Spann individually. See infra. There is also no question that the FAC's post-February 2012-related allegations fail to state claims for relief under Rule 8(a). Ms. Spann concedes that the FAC does not try to do so. She also ignores JCPenney's Rule 8 argument that the FAC's alleged post-February 2012 conduct fails, under Iqbal and Twombly, to raise a right to relief "beyond the speculative level." Opening Br. at 8:7-10:14. Notably, she ignores JCPenney's demonstration that the Ninth Circuit's interpretation of Iqbal in In re Century Aluminum Co. Securities Litig., 729 F.3d 1104, 1108 (9th Cir. 2013), requires dismissal under Rule 8. Opening Br. at 10:2-9.

The FAC does not even try to state claims for relief based on alleged post-February 2012 conduct. This Court should dismiss or strike the FAC on this ground.[1]

---

[1] Ms. Spann also argues that JCPenney cannot move to dismiss claims to the extent they seek injunctive relief because an injunction is a remedy. (Opposition at 2:20-23, 18:6-9). But her purported shift in strategy cannot defeat this motion to dismiss. A motion to dismiss remains the proper procedure. American States Ins. Co. v. Federman Construction Co., 2004 U.S. Dist. LEXIS 30642, *2 (C.D. Cal. Dec. 3, 2004) (granting defendant's motion to dismiss plaintiff's complaint "insofar as it sought an injunction" under the UCL). Even if a motion to dismiss is not available to attack the sufficiency of allegations supporting a remedy, a Rule 12(f) motion to strike is, and JCPenney has moved in the alternative to strike Ms. Spann's injunctive relief remedy. Susilo v. Wells Fargo Bank, 796 F.Supp.2d 1177, 1196 (C.D. Cal. 2011) (court may use Rule 12(f) to strike prayer for relief).

SMRH:420415344.2  JCPENNEY'S REPLY ISO MOTION TO DISMISS, OR ALTERNATIVELY STRIKE CERTAIN ALLEGATIONS IN. THE FAC

### B. Ms. Spann's Effort to Escape Rule 8's Pleading Standard Is Unavailing.

Ms. Spann purports to fashion an injunctive relief-only pleading standard from several California and federal cases. Opposition at 9:21-10:3 (citing Madrid v. Perot Systems Corp., 130 Cal.App.4th 440 (2005), People v. Toomey, 157 Cal.App.3d 1 (1984), and United States v. W.T. Grant Co., 345 U.S. 629 (1953)). She suggests that these cases endorse a lower pleading threshold when allegations seek only to secure injunctive relief. Opposition at 9:19-20 ("Plaintiff's burden for pleading entitlement to such relief is not nearly as onerous as JCP pretends."). The cited cases purport to require conduct that "is ongoing or likely to recur." Opposition at 10:27-11:1, 15:21-16:1. They provide no refuge from Rule 8.

Rule 8 applies in all cases in which a heightened pleading standard does not apply. Fed. R. Civ. Proc. 8 (entitled "General Rules of Pleading"). The ongoing-or-recurring conduct requirement in the cited cases merely recognizes that an injunction does not issue absent the need for one. See e.g., Madrid, 130 Cal.App.4th at 465 (stating injunctive relief "cannot be used . . . to enjoin an event which has already transpired"). This proposition begs the question here. The FAC alleges that JCPenney *stopped* the alleged false advertising scheme by February 2012. FAC, ¶¶ 6, 38. The cases cited by Ms. Spann made clear: "The necessary determination is that there exists some cognizable danger of recurrent violation, something *more than the mere possibility* which serves to keep the case alive." W.T. Grant, 345 U.S. at 632 (emphasis added); Toomey, 157 Cal.App.3d at 20 ("Injunctive relief has no application to wrongs which have been completed absent a showing that past violations will *probably* recur.") (emphasis added, internal citation omitted); Madrid, 130 Cal.App.4th at 465 (same). This is for all practical purposes the same determination Rule 8 requires. Because Ms. Spann fails to satisfy Rule 8, the outcome is no different under her proffered alternative injunctive relief-only standard.

Moreover, none of the cases she cites purports to identify the complete factual showing needed to support a complaint for permanent injunctive relief in federal court. Indeed, Toomey and Madrid merely observe that the FAL and UCL authorize an injunction as a statutory remedy only when there is, at a minimum, threatened future harm. Toomey, 157 Cal.App.3d at 20; Madrid, 130 Cal.App.4th at 465. And the federal precedents Ms. Spann cites address the problem of defendant-manufactured mootness and are inapposite. W.T. Grant, 345 U.S. at 633 ("Along with its power to hear the case, the court's power to grant injunctive relief survives discontinuance of the illegal conduct."); Parents Involved in Community Schools v. Seattle School Dist. No. 1, 551 U.S. 701, 719 (2007) ("Voluntary cessation does not moot a case or controversy . . ."); United States v. Oregon State Medical Society, 343 U.S. 326, 333, (1952) ("It is the duty of the courts to beware of efforts to defeat injunctive relief by protestations of repentance and reform, especially when abandonment seems timed to anticipate suit, and there is probability of resumption."). That is not an issue here. FAC ¶¶ 6, 38 (alleging that JCPenney discontinued the alleged unlawful scheme to embark on a new pricing and advertising strategy known as "fair and square").

Federal injunctions require more than a possible recurrence. A "traditional four-factor test applies" when a plaintiff seeks a permanent injunction. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Among the factors, a plaintiff must show "the existence of irreparable injury (including a continuing and imminent threat of harm)" and "inadequate [legal remedies] to compensate for that threat of harm." Bowler v. Home Depot USA Inc., 2011 U.S. Dist. LEXIS 4975 (N.D. Cal. Jan. 19, 2011) (citing Monsanto Co. v. Geertson Seed Farms, 130 S.Ct. 2743 (2010)). Ms. Spann's proposed injunction-only pleading standard is incomplete. The FAC fails to allege any threat of irreparable harm to Ms. Spann or the alleged class based on alleged post-February 2012 conduct, or an

-5-

inadequate remedy at law.  The FAC fails to meet a federal injunctive relief-only test.[2]

## C. The FAC Does Not Allege An Adequate Factual Predicate For Class-wide Injunctive Relief.

Even assuming, *arguendo*, that the FAC alleges ongoing or recurring post-February 2012 conduct, the FAC cannot supply a factual basis for class-wide injunctive relief.  Like a solution in search of a problem, Ms. Spann proposes a class-wide injunction against JCPenney, and now must find a basis for it.  No actual need for injunctive relief drives this effort.  In asking this Court to reconsider its decision denying her class certification motion without prejudice, Ms. Spann admitted as much: "The purpose of the[ ] [FAC's] allegations concerning JCP's post-February 2012 conduct is not to expand the class period or assert new or continuing claims for damages or restitution, but rather, *to provide a basis upon which the Court can grant prospective injunctive relief* . . . ."  See also Opposition at 9:13-17 ("Plaintiff's legal claims for monetary damages are based on JCP's conduct during the Class Period, which ends on January 31, 2012.  Her allegations concerning JCP's post-February 2012 conduct are pled simply to show the basis for seeking an injunction.").

This may explain the FAC's deepest flaw.  It seeks a class-wide injunction but alleges no threatened irreparable injury to any alleged class member.  The class definition consists of persons who purchased JCPenney items while in California between November 5, 2010 *and January 31, 2012*.  The FAC's post-February 2012

---

[2] Throughout her Opposition, Ms. Spann repeatedly claims that her allegations that JCPenney engaged in false advertising are undisputed.  See e.g., Opposition at 1.  Of course, JCPenney disputes Ms. Spann's false advertising allegations, but because this is a motion to dismiss, it does not address the truth or falsity of those allegations.

allegations obviously can show no threat of irreparable harm to them.  Federal injunctive relief standards, however, require an irreparable-harm showing.  See e.g., Monsanto, 130 S.Ct. at 2756.  But here, the class definition—ending as it does on January 31, 2012—does not permit it.  In other words, post-February 2012 conduct, even if sufficiently alleged, would not align with the alleged class definition and period, and so could not justify an injunction on behalf of the alleged class.  And, if issued, it could not benefit the alleged class:  "The purpose of an injunction is to prevent future violations." W.T. Grant, 345 U.S. at 633 (citing Swift & Co. v. United States, 276 U.S. 311, 326 (1928)).  Alleged putative class members purchased their items two to four years ago.  The proposed class definition does not include prospective JCPenney consumers—the only persons who might benefit from the proposed class-wide injunction.[3]

The FAC contains no adequate factual support for an injunction on behalf of the alleged class in this case.  This court should dismiss or strike the FAC to the extent it now purports to rely on alleged post-February 2012 conduct as a basis for class-wide injunctive relief.

**D.     Ms. Spann Fails to Allege Post-2012 Fraudulent Advertising With Sufficient Particularity.**

As this Court observed in its February 21 Order dismissing the TAC, a "plaintiff [who] fails to meet the minimum pleading requirements of Rule 8 . . . also necessarily fails to allege her fraud claims with sufficient particularity, as required by Rule 9(b)." Order at 5.  Because the FAC's post-February 2012 allegations fail

---

[3] Nor is there a relationship between the scope of the alleged post-February 2012 conduct (two purported incidents of false advertising) and the "class-wide" scope of the permanent injunction she seeks, one that would cover all private label and exclusive branded apparel and accessories across all California JCPenney stores.

to comply with Rule 8, they also fail to meet Rule 9(b)'s requirements. Thus, Ms. Spann cannot fault JCPenney for largely basing its motion to dismiss or strike arguments on Rule 8. Nor can she properly claim, as she does, that JCPenney "now agrees that the FAC adequately alleges the 'who, what, when, where and how' concerning its post-February conduct." Opposition at 7:11-14. JCPenney's moving papers identify Rule 9(b) as a separate ground for dismissing or striking the FAC.

Ms. Spann also argues that this Court must limit JCPenney's Rule 9(b) objections to the FAC's "information and belief" allegations to only the specific examples cited in the memorandum supporting the motion. Opposition at 7:23-8:10. But JCPenney's Notice of Motion controls the scope of JCPenney's Rule 9(b) challenge to the FAC, and it seeks to dismiss or strike all post-February 2012 conduct alleged on "information and belief."

Ms. Spann also disclaims any pleading obligation to identify the basis for her "information and belief" allegations. Opposition at 7:18-22. She admits that her "information and belief" derives from the two alleged examples of post-February 2012 false comparative price advertising. Opposition at 7:18-22, 8:20-9:3. As demonstrated by JCPenney, the two examples in the FAC do not permit the sweeping inference Ms. Spann asks this Court to draw. Ms. Spann also tries to cure her failure to identify the basis of her "information and belief" allegations by referencing purported evidence outside the pleadings. This is improper and should be disregarded. <u>Intri-Plex Technologies, Inc. v. The Crest Group, Inc.</u>, 499 F.3d 1048, 1052 (9th Cir. 2007) ("Generally, a court may not consider material beyond the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion.").

This Court should dismiss or strike the FAC on Rule 9(b) grounds.

E. **<u>Ms. Spann Has No Article III Standing to Assert Claims Based on Post-February 2012 Conduct.</u>**

Ms. Spann does not allege that she has purchased anything from JCPenney since February 2012. To establish her Article III standing to assert claims based on post-February 2012 conduct, Ms. Spann must allege non-conclusory facts connecting the FAC's distinct pre- and post-February 2012 periods. Ms. Spann does not address these arguments and so concedes them. In fact, she eschews any notion that she must establish Article III standing to assert claims for relief based on post-February 2012 conduct. Opposition at 16:12-16 ("Plaintiff has ended her Class Period on January 31, 2012, and she does not purport to state "claims" for monetary relief on behalf of persons who have been victimized by JCP's false price comparisons after that date. Rather, she seeks only prospective injunctive relief . . ."). This assertion is contrary to this Court's February 21 Order conditioning her leave to file the FAC on her pursuit of claims based on post-February 2012 conduct. Order at 5. This Court should dismiss or strike, based on Ms. Spann's lack of standing to assert, claims based on post-February 2012 conduct.

F. **<u>Ms. Spann Lacks Article III Standing to Seek Injunctive Relief.</u>**

"[A] plaintiff must demonstrate standing separately for each form of relief sought." <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 352 (2006). Ms. Spann rests her standing to pursue injunctive relief entirely on her 2011 purchases and JCPenney's alleged post-February 2012 scheme. Opposition at 16:16-19 (admitting "Her standing to seek [injunctive] relief is based on her transactions and JCP's *conduct that took place during the Class Period*.") (emphasis added).[4] But

---

[4] Ms. Spann elsewhere in her opposition claims standing to seek injunctive relief based on an alleged desire on her part to return to JCPenney again. Opposition at 14-18-23. That issue is a subject of JCPenney's pending motion for summary judgment.

injunctive relief cannot address past alleged injuries or wrongs. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 493 (2009) (stating that standing for injunctive relief requires a threat that is "actual and imminent" and "it must be likely that a favorable judicial decision will prevent or redress the injury"). Ms. Spann has not alleged facts demonstrating that she is a prospective JCPenney customer who needs, or has standing to seek, injunctive relief. <u>Walsh v. Nev. Dep't of Human Res.</u>, 471 F.3d 1033, 1037 (9th Cir. 2006) (recognizing that former employees lack standing to seek injunctive relief because they "would not stand to benefit from an injunction requiring the anti-discriminatory policies [to cease] at [their] former place of work"); <u>see</u> <u>also</u> <u>Monsanto</u>, 130 S.Ct. at 2756 (requiring exposure to irreparable injury to obtain injunctive relief).

### III. CONCLUSION

For all of the foregoing reasons, JCPenney respectfully asks the Court to dismiss the FAC to the extent it fails to state claims for relief or advances claims that Ms. Spann lacks standing to assert. Alternatively, JCPenney asks that the Court strike the FAC's post-February 2012 allegations as immaterial.

Dated:  April 10, 2014

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MOE KESHAVARZI, Cal. Bar No. 223759
mkeshavarzi@sheppardmullin.com
JOHN LANDRY, Cal. Bar No. 194374
jlandry@sheppardmullin.com
PAUL L. SEELEY, Cal. Bar No. 252318
pseeley@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

By    _____*/s/ MOE KESHAVARZI*_____
MOE KESHAVARZI
Attorneys for Defendant
J. C. PENNEY CORPORATION, INC.

Dated:  April 10, 2014

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
RAOUL D. KENNEDY, Cal. Bar. No. 40892
raoul.kennedy@skadden.com
JAMES P. SCHAEFER, Cal. Bar No. 250417
james.schaefer@skadden.com
525 University Avenue
Palo Alto, CA 94301
Telephone:  650.470.4500
Facsimile:   650.470.4570

By    _____*/s/ RAOUL D. KENNEDY*_____
RAOUL D. KENNEDY
Attorneys for Defendant
J. C. PENNEY CORPORATION, INC.