UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-0215 FMO (RNBx) | Date | April 16, 2014 |
|---|---|---|---|
| Title | Cynthia E. Spann v. J.C. Penney Corp., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Re: Pending Motions and Stipulation to Amend Scheduling Order

Having reviewed and considered: (1) the parties' Joint Status Report; (2) the briefing filed with respect to plaintiff's Motion for Reconsideration of the Court's February 21, 2014 Order Denying Plaintiff's Motion for Class Certification Without Prejudice ("Motion for Reconsideration"); and (3) the Third Stipulation to Amend Scheduling Order ("Stipulation"), the court concludes that oral argument is not necessary, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and rules as follows.

On February 21, 2014, the court granted J.C. Penney Corp.'s ("defendant") motion to dismiss plaintiff's Third Amended Complaint ("TAC"). (See Court's Order of February 21, 2014). The court dismissed the TAC to the extent the claims relied on defendant's post-February 2012 conduct, but granted plaintiff leave to file a Fourth Amended Complaint ("4AC") if she wished to pursue claims based on post-February 2012 conduct. (See id. at 6). Because the 4AC would change the temporal scope of the claims, the court also denied without prejudice plaintiff's pending Motion for Class Certification since it was expected that the 4AC would necessitate a corresponding enlargement of the class period. (See id.). Additionally, because defendant had previously filed a Motion for Summary Judgment, the court ordered the parties to submit a joint status report stating whether, and to what extent, that motion was affected by the court's order. (See id. at 7).

On February 27, 2004, the parties filed a Joint Status Report. Plaintiff contends that the court should refrain from deciding the injunctive relief aspects of defendant's Motion for Summary Judgment. (See Joint Status Report at 3). Defendant maintains that the court's order granting its motion to dismiss has no effect on the pending Motion for Summary Judgment. Because, inter alia, the pending Motion for Summary Judgment refers to the TAC, rather than the 4AC, the court denies the Motion for Summary Judgement without prejudice. Should defendant wish to file a new motion for summary judgment, the parties shall file a jointly-briefed motion. However, to the extent possible, the parties may rely upon and cite to the previously-filed Appendix of Evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-0215 FMO (RNBx) | Date | April 16, 2014 |
|---|---|---|---|
| Title | Cynthia E. Spann v. J.C. Penney Corp., et al. | | |

With respect to plaintiff's Motion for Reconsideration, plaintiff seeks reconsideration of the court's order denying without prejudice her Motion for Class Certification, claiming that plaintiff did not change the temporal scope or underlying factual allegations of her claims in the 4AC. (See Motion for Reconsideration at 1). In addition to seeking reconsideration of the order denying the class certification motion, plaintiff also requests that the court not order new briefing and instead rely upon the previously filed jointly-briefed Motion for Class Certification. (See id. at 6-7).

Under Local Rule 7-18, a motion for reconsideration may be made only on the grounds of: (a) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision; (b) the emergence of new material facts or a change in the law occurring after the time of such decision; or (c) a manifest showing of a failure to consider material facts presented to the court before such decision.

Here, plaintiff has failed to present any evidence or argument that is sufficient to satisfy any of the grounds set forth in Local Rule 7-18. In particular, plaintiff has not identified any new or different fact that satisfies the reconsideration standard. Plaintiff's decision to allege the same proposed class period is not new or materially different from what was previously presented to the court. However, the court will allow the parties, to the extent possible, to rely upon and cite to the previously-filed Appendix of Evidence in connection with a new jointly-briefed motion for class certification.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion for Reconsideration of the Court's February 21, 2014 Order Denying Plaintiff's Motion for Class Certification Without Prejudice **(Document No. 162)** is **denied**. The parties may rely, to the extent possible, upon and cite to the previously-filed Appendix of Evidence in connection with a new motion for class certification.

2. Defendant's Motion for Summary Judgment **(Document No. 146)** is **denied without prejudice**. Should defendant wish to file a new motion for summary judgment, the parties shall file a jointly-briefed motion. The parties may rely, to the extent possible, upon and cite to the previously-filed Appendix of Evidence in connection with a new motion for summary judgment.

3. The scheduling order shall be amended as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-0215 FMO (RNBx) | Date | April 16, 2014 |
|---|---|---|---|
| Title | Cynthia E. Spann v. J.C. Penney Corp., et al. | | |

| EVENT | CURRENT DATE | NEW DATE |
|---|---|---|
| Law and Motion Cut-Off | April 17, 2014 | July 17, 2014 |
| Initial Expert Disclosures | April 3, 2014 | July 1, 2014 |
| Rebuttal Expert disclosures | May 1, 2014 | July 31, 2014 |
| Expert Discovery Cut-Off | May 15, 2014 | August 14, 2014 |
| File Motions in Limine | May 6, 2014 | August 5, 2014 |
| File Pre-Trial Documents | May 23, 2014 | August 22, 2014 |
| Final Pre-Trial Conference | May 30, 2014 at 10:00 a.m. | August 29, 2014 at 10:00 a.m. |
| File Findings of Fact and Conclusions of Law | June 9, 2014 | September 8, 2014 |
| Jury Trial | June 17, 2014, at 8:30 a.m. | September 16, 2014, at 8:30 a.m. |

00 : 00

Initials of Preparer    vdr