UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-0215 FMO (RNBx) | Date | **March 17, 2015** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

| Present: The Honorable | **Fernando M. Olguin, United States District Judge** | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):
None Present  None Present

**Proceedings:** (In Chambers) Order Re: Pending Motion

Having reviewed and considered all the briefing filed with respect to J.C. Penney Corp., Inc.'s ("defendant") Motion to Dismiss, or Alternatively Strike Certain Allegations In[] the Fourth Amended Complaint ("Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and rules as follows.

**INTRODUCTION**

Cynthia E. Spann ("plaintiff") filed this action, individually and on behalf of others similarly situated, against defendant on February 8, 2012. Plaintiff's Third Amended Complaint ("3AC") alleged violations of California's: (1) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; (2) False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, et seq.; and (3) Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq. (See 3AC at ¶¶ 49-83). Plaintiff sought injunctive relief and statutory damages. (See id. at 24, Prayer for Relief).

On February 21, 2014, the court granted defendant's Motion to Dismiss, or Alternatively to Strike Certain Allegations In[] the Third Amended Complaint ("3AC Motion"), on the ground that plaintiff's conclusory allegations regarding defendant's post-February 2012 practices were insufficient to state a cognizable cause of action. (See Court's Order of February 21, 2014, at 5-6). On March 5, 2014, plaintiff filed a Fourth Amended Complaint ("4AC"), again alleging violations of California's UCL, FAL, and CLRA. (See 4AC at ¶¶ 56-90). Plaintiff seeks "restitution and other equitable remedies, including an injunction," under the UCL and FAL, and "restitution, damages and an injunction" under the CLRA. (See id. at ¶ 17). In its Motion, defendant asserts that plaintiff again fails to state a claim under those statutes, and that plaintiff lacks standing to assert these claims.[1] (See Motion at 1).

---

[1] The court will address the standing issues in its order on the pending Motion for Summary Judgment or the pending Motion for Class Certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-0215 FMO (RNBx) | Date | **March 17, 2015** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on March 5, 2011, she visited J.C. Penney's Brea, California store and "in reliance on Defendants' false and deceptive advertising, marketing and pricing schemes, purchased over $200.00 in private branded and exclusive branded apparel and accessories[.]" (4AC at ¶ 18). Specifically, she alleges that while at the store, she "observed that J.C. Penney advertised price comparisons on plastic placards above or below each product offered for sale[, and that] [o]ne column showed what was represented to be the 'original' price for each product[, and] [t]he next column showed the 'sale' price of each item." (Id. at ¶ 26). Plaintiff "[b]eliev[ed] she was able to pay significantly less than what certain products were worth and normally sell for in the retail marketplace, [and was accordingly] induced to purchase ten different items, all of which were offered at prices significantly lower than their stated original prices." (Id.). Plaintiff "purchased private branded apparel . . . and exclusively branded accessories . . . after relying on [defendant's] false discounts and false 'original' former prices for such products." (Id.).

Plaintiff's purchases based on defendant's alleged "misrepresentations and false and deceptive advertising, [included] . . . three East Fifth blouses, a private brand of J.C. Penney. All three blouses contained labels representing them to have original prices of $30.00 and discounts of $12.01, leaving a purchase price or [supposed] 'deal' at $17.99." (4AC at ¶ 27). Plaintiff "believed and relied on [defendant's representation] that she [received] 40% off the original price[,] and that [the blouses] regularly sell in the retail marketplace for $30.00." (Id.). However, the "purported 'original' prices and corresponding . . . reductions and savings were false and deceptive, as the prevailing retail price for the East Fifth blouses during the three months immediately prior to [her] purchase . . . was no more than $17.99, and not the [advertised] $30.00 'original' price[.]" (Id.). Further, "upon check-out on March 5, 2011, J.C. Penney provided Plaintiff with a sales receipt containing the same misrepresentations regarding false original prices and price reductions on the East Fifth blouses." (Id. at ¶ 28).

Plaintiff alleges that she also purchased other items on March 5, 2011, based on similar misrepresentations regarding their original and reduced sale prices, and that the receipt tendered by defendant restated the misrepresentations. (See 4AC at ¶¶ 29-34). According to plaintiff, her "reliance upon Defendant's false price comparison advertising was . . . reasonable, [and] . . . entirely intended by" defendant, (id. at ¶ 35), and she has "suffered economic injury as a result[.]" (Id. at ¶ 29).

Plaintiff alleges that defendant's "false price advertising scheme [was] disseminated to California consumers via its in-store display advertising, print advertising and Internet Web site (www.jcpenney.com), [and] was rampant throughout California as part of a . . . pervasive campaign . . . across all of J.C. Penney's private . . . and exclusive branded apparel and accessories until February 1, 2012." (4AC at ¶ 5). After February 2012, defendant "began a new pricing strategy known as 'fair and square,' by which it purported to offer products at everyday low prices." (Id. at ¶ 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-0215 FMO (RNBx) | Date | **March 17, 2015** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

According to plaintiff, however, defendant's "false and deceptive comparative pricing scheme" only "temporarily stopped" in February 2012. (See 4AC at ¶ 6). Plaintiff alleges that defendant "largely abandoned its 'fair and square' pricing strategy in early 2013. Since then, it has experimented with a variety of pricing practices, including a return to false comparative price advertising." (Id. at ¶ 7). Specifically, according to plaintiff, "[defendant] marked up . . . the prices of many of its private and exclusive branded apparel and accessories, well above the former 'fair and square' prices and well above the prevailing market price for such items, without any good faith intention of selling such items . . . at those higher prices." (Id.). In essence, plaintiff claims, "for at least some private and exclusive branded products, [defendant] is now using the exact same (or at least materially indistinguishable) false, misleading and illegal comparative pricing practices that it used prior to February 1, 2012." (Id. at ¶ 41).

## LEGAL STANDARD

A motion to dismiss for failure to state a claim should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly (Twombly), 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); Ashcroft v. Iqbal (Iqbal), 550 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; Cook, 637 F.3d at 1004; Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010). Although the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1965; Iqbal, 550 U.S. at 678, 129 S.Ct. at 1949; see also Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004), cert. denied, 544 U.S. 974 (2005) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.") (citations and internal quotation marks omitted). "Specific facts are not necessary; the [complaint] need only give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) (per curiam) (citations and internal quotation marks omitted); see Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.

In considering whether to dismiss a complaint, the court must accept the allegations of the complaint as true, Erickson, 551 U.S. at 93-94, 127 S.Ct. at 2200; Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843, 1849 (1969); Berg v. Popham, 412 F.3d 1122, 1125 (9th Cir. 2005). Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. See Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint may be dismissed also for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-0215 FMO (RNBx) | Date | **March 17, 2015** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**DISCUSSION**

The UCL prohibits any "unlawful, unfair or fraudulent business act or practice[.]" Cal. Bus. & Prof. Code § 17200; (see 4AC at ¶ 57). The FAL makes it unlawful for a business to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500; (see 4AC at ¶ 80). The CLRA prohibits "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9) & (13); (see 4AC at ¶ 87).

Plaintiff's UCL, FAL, and CLRA claims are all grounded on defendant's alleged "false[ ] advertise[ment of] 'original' prices, 'sale' prices, and corresponding price discounts for its private . . . and exclusive branded apparel and accessories." (See 4AC at ¶¶ 1, 59, 66, 76, 81, & 87). Plaintiff alleges that sometime before March 5, 2011, JCPenney started a "false price advertising scheme[,]" (see id. at ¶¶ 5, 16 & 18), consisting of (1) misrepresenting purported "'original' or 'regular' retail prices that never [actually] existed and/or did not constitute the prevailing market retail prices for such products[,]" (see id. at ¶ 5) (emphasis omitted), and then (2) "misrepresent[ing] the existence, nature and amount of price discounts" based on the fabricated original retail prices. (See id. at ¶ 2). Plaintiff alleges that she was aware of defendant's price comparison advertisements and made purchases in reliance on the same. (See id. at ¶¶ 26 & 35). She also alleges that defendant affirmatively made and disseminated the "false price advertising scheme . . . to California consumers[.]" (See id. at ¶ 5).

Defendant does not argue that the pre-February 2012 allegations fail to adequately state claims under the various state laws at issue. (See, generally, Motion). Defendant contends, however, that plaintiff's allegations relating to post-February 2012 conduct fail to establish any entitlement to relief. (See Motion at 7-10).

With respect to the 3AC, the court agreed. (See Court's Order of February 21, 2014, at 4-5). However, the 4AC is different in that it provides an end date for the "Class Period." (See 4AC at ¶ 48). Instead of beginning on November 5, 2010, and ending on "the date of any Judgment in this case," (see 3AC at ¶ 42), the Class Period now begins on November 5, 2010, and ends on January 31, 2012. (See 4AC at ¶ 48). Plaintiff's "legal claims for monetary damages are based on [defendant's] conduct during the Class Period[.]" (See Plaintiff's Memorandum in Opposition to Defendant J.C. Penney Corporation, Inc.'s Motion to Dismiss, or Alternatively Strike Certain Allegations In[] the Fourth Amended Complaint ("Opp.") at 9).

Plaintiff makes clear that her "allegations concerning [defendant's] post-February 2012 conduct are pled simply to show the basis for seeking an injunction[.]" (Opp. at 9). As plaintiff states, "[she] does not purport or need to independently state claims for relief based on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 12-0215 FMO (RNBx) | Date | **March 17, 2015** |
|---|---|---|---|
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

[defendant's] post-February 2012 conduct." (Opp. at 18) (internal quotations omitted). However, in its briefing regarding defendant's post-February 2012 conduct (see Motion at 7-10), defendant appears to have overlooked that point. When a plaintiff states a claim, the appropriate form of relief is not to be decided upon a motion to dismiss. See Charles Alan Wright & Arthur R. Miller, 5B Federal Practice and Procedure § 1357, at 676-77 (3d ed. 2004) ("[I]t need not appear that the plaintiff can obtain the particular relief prayed for in the complaint, as long as the district judge can ascertain from what has been alleged that some relief may be granted by the court."). To find otherwise would confuse pleading under Federal Rule of Procedure 8(a) with proof.[2] See U.S. v. White, 893 F.Supp. 1423, 1429-30 (C.D. Cal. 1995) (denying defendant's motion to dismiss when defendants "confused pleading with proof"); Asher v. Reliance Ins. Co., 308 F.Supp. 847 (C.D. Cal. 1970) (Even if punitive, consequential, and mental suffering damages "were . . . impermissible forms of recovery, the motion to dismiss would have to be denied because some form of relief . . . would certainly be available[.]").

There is also no basis to strike the allegations that relate to plaintiff's post-February 2012 conduct. As plaintiff states, her "claims are based on [defendant's] conduct during the Class Period, but she is entitled to seek prospective injunctive relief[.]" (Opp. at 18). Though the court does not make any findings regarding the propriety of injunctive relief in this case, see supra at n.1, the allegations concerning defendant's post-February 2012 conduct do provide a potential basis for such relief and are not "redundant, immaterial, [or] impertinent[.]" See Fed. R. Civ. P. 12(f).

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss, or Alternatively Strike Certain Allegations In[] the Fourth Amended Complaint **(Document No. 161)** is **denied**.

2. Defendant shall file its Answer to the Fourth Amended Complaint no later than **March 30, 2015**.

---

[2] For the same reasons, defendant's argument that plaintiff has failed to plead fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b) fails. (See Motion at 8, n.1). Whether pled on information and belief or not, plaintiff's arguments regarding defendant's advertising practices post-February 2012 do not underlie her UCL fraud claim, which is based only on defendant's advertising practices during the pre-February 2012 Class Period. (See 4AC at §§ 48, 63-78).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **SA CV 12-0215 FMO (RNBx)** | Date | **March 17, 2015** |
| Title | **Cynthia E. Spann v. J.C. Penney Corp., et al.** | | |

00 : 00

Initials of Preparer       vdr