1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   MOE KESHAVARZI, Cal. Bar No. 223759
3  mkeshavarzi@sheppardmullin.com
   JOHN LANDRY, Cal. Bar No. 194374
4  jlandry@sheppardmullin.com
   HEATHER L. PLOCKY, Cal. Bar No. 279022
5  hplocky@sheppardmullin.com
   333 South Hope Street, 43rd Floor
6  Los Angeles, California  90071-1422
   Telephone:  213.620.1780
7  Facsimile:   213.620.1398

8  ADDITIONAL COUNSEL LISTED
   ON SIGNATURE PAGE
9
   Attorneys for Defendant
10 J.C. PENNEY CORPORATION, INC.

11                 UNITED STATES DISTRICT COURT

12          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

13

14 CYNTHIA E. SPANN, Individually       Case No. SACV12-0215 JVS (RNBx)
   an On Behalf of Others Similarly
15 Situated,                            **CLASS ACTION**
                   Plaintiff,
16                                       **DEFENDANT J.C. PENNEY
              v.                         CORPORATION, INC.'S FIRST
17                                       AMENDED ANSWER TO FOURTH
   J. C. PENNEY CORPORATION,            AMENDED COMPLAINT**
18 INC. a Delaware Corporation; and
   DOES 1 through 10, inclusive,        Honorable Fernando M. Olguin
19
                   Defendants.          Complaint Filed: February 8, 2012
20

21

22

23

24

25

26

27

28

# FIRST AMENDED ANSWER

Defendant J.C. Penney Corporation, Inc. ("JCPenney") hereby answers the Fourth Amended Complaint of Plaintiff Cynthia E. Spann ("Plaintiff") by admitting, denying and alleging as follows:

## NATURE OF THE ACTION

1.      In response to paragraph 1, JCPenney denies all of the allegations contained therein.

2.      In response to paragraph 2, JCPenney denies all of the allegations contained therein.

3.      In response to paragraph 3, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 3.

4.      In response to paragraph 4, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 4.

5.      In response to paragraph 5, JCPenney denies all of the allegations contained therein.

6.      In response to paragraph 6, JCPenney admits that it implemented "fair and square pricing."  Except to the extent specifically admitted, JCPenney denies the remaining allegations of paragraph 6.

7.      In response to paragraph 7, JCPenney denies all of the allegations contained therein.

8.      In response to paragraph 8, JCPenney denies all of the allegations contained therein.

9.      In response to paragraph 9, JCPenney denies all of the allegations contained therein.

10.     In response to paragraph 10, JCPenney denies all of the allegations contained therein.

11.     In response to paragraph 11, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 11.

12.     In response to paragraph 12, JCPenney denies all of the allegations contained therein.

13.     In response to paragraph 13, JCPenney is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

14.     In response to paragraph 14, JCPenney is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

15.     In response to paragraph 15, JCPenney denies all of the allegations contained therein.

16.     In response to paragraph 16, JCPenney denies all of the allegations contained therein.

17.     In response to paragraph 17, JCPenney admits that Plaintiff, individually and on behalf of all others similarly situated, seeks restitution and other equitable remedies, including an injunction under the UCL and FAL, and restitution, damages and an injunction under the CLRA.  JCPenney denies that Plaintiff and all others similarly situated are entitled to any relief, and denies that class relief is appropriate in this case.  Except to the extent specifically admitted, JCPenney denies the remaining allegations of paragraph 17.

## **PARTIES**

18.     In response to paragraph 18, JCPenney is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

19.     In response to paragraph 19, JCPenney admits that it is a Delaware corporation with its home office in Plano, Texas.  Except to the extent specifically admitted, JCPenney denies the remaining allegations of paragraph 19.

20.     In response to paragraph 20, JCPenney is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies each and every allegation contained therein.

21.     In response to paragraph 21, JCPenney denies all of the allegations contained therein.

## JURISDICTION AND VENUE

22.     In response to paragraph 22, JCPenney repeats each and every allegation, admission and denial contained in paragraphs 1 through 21, and incorporates same by reference as though fully set forth herein.

23.     In response to paragraph 23, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 23.

24.     In response to paragraph 24, JCPenney admits that this Court has personal jurisdiction over JCPenney in this case.  Except to the extent specifically admitted, JCPenney denies the remaining allegations of paragraph 24.

25.     In response to paragraph 25, JCPenney admits that venue in this Court is proper for this case.  Except to the extent specifically admitted, JCPenney denies the remaining allegations of paragraph 25.

1

## FACTUAL ALLEGATIONS

2              26.    In response to paragraph 26, JCPenney responds that it lacks

3      sufficient knowledge or information to form a belief as to the truth of such

4      allegations, and on that basis denies each and every allegation contained therein.

5

6              27.    In response to paragraph 27, JCPenney admits that three East

7      Fifth blouses were purchased on March 5, 2011, and admits that East Fifth is a

8      private brand.  Except to the extent specifically admitted, JCPenney denies the

9      remaining allegations of paragraph 27.

10

11             28.    In response to paragraph 28, JCPenney admits that a sales receipt

12     was provided.  JCPenney denies any allegations in paragraph 28 regarding the

13     contents of the receipt on the basis that the sales receipt speaks for itself.  Except to

14     the extent specifically admitted, JCPenney denies the remaining allegations of

15     paragraph 28.

16

17             29.    In response to paragraph 29, JCPenney admits that five

18     Worthington blouses were purchased on March 5, 2011, and admits that

19     Worthington is a private brand.  Except to the extent specifically admitted,

20     JCPenney denies the remaining allegations of paragraph 29.

21

22             30.    In response to paragraph 30, JCPenney admits that a sales receipt

23     was provided.  JCPenney denies any allegations in paragraph 30 regarding the

24     contents of the receipt on the basis that the sales receipt speaks for itself.  Except to

25     the extent specifically admitted, JCPenney denies the remaining allegations of

26     paragraph 30.

27

28

1          31.     In response to paragraph 31, JCPenney admits that a Liz

2 Claiborne purse was purchased on March 5, 2011, and admits that Liz Claiborne is

3 an exclusive brand.  Except to the extent specifically admitted, JCPenney denies the

4 remaining allegations of paragraph 31.

5

6          32.     In response to paragraph 32, JCPenney admits that a sales receipt

7 was provided.  JCPenney denies any allegations in paragraph 32 regarding the

8 contents of the receipt on the basis that the sales receipt speaks for itself.  Except to

9 the extent specifically admitted, JCPenney denies the remaining allegations of

10 paragraph 32.

11

12         33.     In response to paragraph 33, JCPenney admits that a Liz

13 Claiborne clutch was purchased on March 5, 2011.  Except to the extent specifically

14 admitted, JCPenney denies the remaining allegations of paragraph 33.

15

16         34.     In response to paragraph 34, JCPenney admits that a sales receipt

17 was provided.  JCPenney denies any allegations in paragraph 34 regarding the

18 contents of the receipt on the basis that the sales receipt speaks for itself.  Except to

19 the extent specifically admitted, JCPenney denies the remaining allegations of

20 paragraph 34.

21

22         35.     In response to paragraph 35, JCPenney states that the article

23 speaks for itself, and, on that basis, denies the allegations of paragraph 35.

24

25         36.     The Fourth Amended Complaint does not have a paragraph 36.

26

27         37.     In response to paragraph 37, JCPenney responds that a video

28 exists of Ron Johnson's statements and presentation on January 25, 2012, and that

1    the video speaks for itself.  Except to the extent specifically admitted, JCPenney

2    denies the remaining allegations of paragraph 37.

3

4            38.    In response to paragraph 38, JCPenney admits that it

5    implemented "fair and square pricing."  Except to the extent specifically admitted,

6    JCPenney denies the remaining allegations of paragraph 38.

7

8            39.    In response to paragraph 39, JCPenney admits that it was using

9    "fair and square pricing" in the Spring of 2012.  Except to the extent specifically

10   admitted, JCPenney denies the remaining allegations contained therein.

11

12           40.    In response to paragraph 40, JCPenney denies all of the

13   allegations contained therein.

14

15           41.    In response to paragraph 41, JCPenney admits that Mr. Johnson

16   is no longer CEO.  Except to the extent specifically admitted, JCPenney denies the

17   remaining allegations of paragraph 41.

18

19           42.    In response to paragraph 42, JCPenney admits that Worthington

20   is a private brand.  Except to the extent specifically admitted, JCPenney denies the

21   remaining allegations of paragraph 42.

22

23           43.    In response to paragraph 43, JCPenney admits that a.n.a. Denim

24   5 Pocket Shorts is a private or exclusive branded item of apparel.  Except to the

25   extent specifically admitted, JCPenney denies the remaining allegations of

26   paragraph 43.

27

28

44.     In response to paragraph 44, JCPenney denies all of the allegations contained therein.

45.     In response to paragraph 45, JCPenney denies all of the allegations contained therein.

46.     In response to paragraph 46, JCPenney denies each and every allegation contained therein.

## CLASS ALLEGATIONS

47.     In response to paragraph 47, JCPenney repeats each and every allegation, admission and denial contained in paragraphs 1 through 46, and incorporates same by reference as though fully set forth herein.

48.     In response to paragraph 48, JCPenney denies that this case is suitable for class treatment.

49.     In response to paragraph 49, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 49.

50.     In response to paragraph 50, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 50, and specifically denies that there is a well-defined community of interest in questions of law and fact affecting the Class.

51.     In response to paragraph 51, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 51, and specifically denies that Plaintiff's claims are typical of, and are not antagonistic to, the claims of all Class members.

52.     In response to paragraph 52, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 52, and specifically denies that Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent.

53.     In response to paragraph 53, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 53, and specifically denies that a class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and Class members' claims.

54.     In response to paragraph 54, JCPenney denies all of the allegations contained therein.

55.     In response to paragraph 55, JCPenney denies the remaining allegations of paragraph 55.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (Violation of the "Unfair" Prong of the UCL)

56.    In response to paragraph 56, JCPenney repeats each and every allegation, admission and denial contained in paragraphs 1 through 55, and incorporates same by reference as though fully set forth herein.

57.    In response to paragraph 57, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 57.

58.    In response to paragraph 58, JCPenney denies that this paragraph contains a full and complete recitation of what constitutes "unfair" under the Unfair Competition Law.

59.    In response to paragraph 59, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 59.

60.    In response to paragraph 60, JCPenney denies all of the allegations contained therein.

61.    In response to paragraph 61, JCPenney denies all of the allegations contained therein.

62.     In response to paragraph 62, JCPenney denies all of the allegations contained therein.

## SECOND CAUSE OF ACTION

### (Violation of the "Fraudulent" Prong of the UCL)

63.     In response to paragraph 63, JCPenney repeats each and every allegation, admission and denial contained in paragraphs 1 through 62, and incorporates same by reference as though fully set forth herein.

64.     In response to paragraph 64, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 64.

65.     In response to paragraph 65, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 65.

66.     In response to paragraph 66, JCPenney denies all of the allegations contained therein.

67.     In response to paragraph 67, JCPenney denies all of the allegations contained therein.

68.     In response to paragraph 68, JCPenney denies all of the allegations contained therein.

1          69.    In response to paragraph 69, JCPenney denies all of the

2   allegations contained therein.

3

4   ### THIRD CAUSE OF ACTION

5   ### (Violation of the "Unlawful" Prong of the UCL)

6          70.    In response to paragraph 70, JCPenney repeats each and every

7   allegation, admission and denial contained in paragraphs 1 through 69, and

8   incorporates same by reference as though fully set forth herein.

9

10         71.    In response to paragraph 71, JCPenney responds that Plaintiff's

11  allegations are legal conclusions for which no response is required.  To the extent a

12  response is required, JCPenney denies each and every allegation contained in

13  paragraph 71.

14

15         72.    In response to paragraph 72, JCPenney responds that Plaintiff's

16  allegations are legal conclusions for which no response is required.  To the extent a

17  response is required, JCPenney denies each and every allegation contained in

18  paragraph 72.

19

20         73.    In response to paragraph 73, JCPenney responds that Plaintiff's

21  allegations are legal conclusions for which no response is required.  To the extent a

22  response is required, JCPenney denies each and every allegation contained in

23  paragraph 73.

24

25         74.    In response to paragraph 74, JCPenney responds that Plaintiff's

26  allegations are legal conclusions for which no response is required.  To the extent a

27  response is required, JCPenney denies each and every allegation contained in

28  paragraph 74.

1    75.    In response to paragraph 75, JCPenney responds that Plaintiff's

2  allegations are legal conclusions for which no response is required.  To the extent a

3  response is required, JCPenney denies each and every allegation contained in

4  paragraph 75.

5

6    76.    In response to paragraph 76, JCPenney denies all of the

7  allegations contained therein.

8

9    77.    In response to paragraph 77, JCPenney denies all of the

10  allegations contained therein.

11

12    78.    In response to paragraph 78, JCPenney denies all of the

13  allegations contained therein.

14

15    **FOURTH CAUSE OF ACTION**

16    **(Violation of the California False Advertising Law, California and Business &**
   **Professions Code Sections 17500, _et seq._)**

17

18    79.    In response to paragraph 79, JCPenney repeats each and every

19  allegation, admission and denial contained in paragraphs 1 through 78, and

20  incorporates same by reference as though fully set forth herein.

21

22    80.    In response to paragraph 80, JCPenney responds that Plaintiff's

23  allegations are legal conclusions for which no response is required.  To the extent a

24  response is required, JCPenney denies each and every allegation contained in

25  paragraph 80.

26

27    81.    In response to paragraph 81, JCPenney denies all of the

28  allegations contained therein.

82.     In response to paragraph 82, JCPenney denies all of the allegations contained therein.

### FIFTH CAUSE OF ACTION

### (Violation of the Consumers Legal Remedies Act, California Civil Code Sections 1750, *et seq.*: Injunctive Relief)

83.     In response to paragraph 83, JCPenney repeats each and every allegation, admission and denial contained in paragraphs 1 through 82, and incorporates same by reference as though fully set forth herein.

84.     In response to paragraph 84, JCPenney admits that Plaintiff alleges a claim under the Consumers Legal Remedies Act.  JCPenney denies that Plaintiff is entitled to such relief.  Except to the extent specifically admitted, JCPenney denies the remaining allegations of paragraph 84.

85.     In response to paragraph 85, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 85.

86.     In response to paragraph 86, JCPenney responds that Plaintiff's allegations are legal conclusions for which no response is required.  To the extent a response is required, JCPenney denies each and every allegation contained in paragraph 86.

87.     In response to paragraph 87, JCPenney denies all of the allegations contained therein.

1    88.    In response to paragraph 88, JCPenney denies all of the

2  allegations contained therein.

3

4    89.    In response to paragraph 89, JCPenney admits that it received a

5  letter from Plaintiff's counsel that was sent on or around February 7, 2012 and

6  alleged violations of the CLRA and requested that JCPenney identify customers,

7  notify customers, and remedy the alleged illegal conduct.  Except to the extent

8  specifically admitted, JCPenney denies the remaining allegations of paragraph 89.

9

10    90.    In response to paragraph 90, JCPenney admits that it took no

11 action in response to Plaintiff's counsel's letter because JCPenney denies the

12 allegations contained in the letter.  Except to the extent specifically admitted,

13 JCPenney denies the remaining allegations of paragraph 90.

14

15                    **AFFIRMATIVE DEFENSES**

16    By asserting these defenses, JCPenney does not concede that it has the

17 burden of proof as to any defense asserted below.  JCPenney does not presently

18 know all of the facts concerning the conduct of Plaintiff sufficient to state all

19 defenses at this time.  JCPenney will seek leave to amend this Answer should it later

20 discover facts demonstrating the existence of additional defenses.

21

22                  **FIRST AFFIRMATIVE DEFENSE**

23                          **(Waiver)**

24    91.    The Fourth Amended Complaint, and each and every purported

25 claim contained therein, is barred, in whole or in part, by the doctrine of waiver by

26 reason of the actions, acquiescence and course of conduct of Plaintiff and/or the

27 members of the putative class.  Under JCPenney's return policy, Plaintiff and/or

28 members of the putative class could have returned their purchased merchandise for

refunds and/or store credit.  If Plaintiff and/or members of the putative class thought that they were not getting as large of a discount as they believed, then they could have returned their goods.  By keeping the merchandise, Plaintiff and/or the putative class members have knowingly waived their rights to seek monetary relief under Plaintiff's Fourth Amended Complaint for UCL, FAL and/or CLRA violations.

## SECOND AFFIRMATIVE DEFENSE

### (Consent)

92.     The Fourth Amended Complaint, and each and every purported claim contained therein, is barred, in whole or in part, because Plaintiff and/or members of the class consented to the conduct about which Plaintiff now complains.

93.     For over thirty years, Plaintiff has been a close friend of Stella Hutch, the wife of one of her attorneys in this case, David Hutch and talks to and socializes with David and Stella regularly.  She has also known another one of her attorneys in this case, Derek Emge, for a number of years, having first met him at Stella and David's wedding.  Before this lawsuit, represented by Mr. Emge, Plaintiff filed two putative class action lawsuits against mass-market retailers in California, BCBG Max Azria Group and Bare Escentuals, Inc.

94.     Before March 5, 2011, when she walked into a JCPenney store to make the purchases that led to this lawsuit, Plaintiff was aware that her counsel in this case had filed a lawsuit nearly identical to this one against Kohl's Department Store.  Like this case, that lawsuit alleged UCL, FAL, and CLRA violations based on Kohl's alleged false advertising of "regular" and "original" prices and notably sought to premise Kohl's liability under Business & Professions Code § 17501.  At her deposition, Plaintiff refused to answer questions about the extent of her

1  knowledge regarding the Kohl's case before she walked into JCPenney on March 5,
2  2011, claiming such information was privileged.

3

4          95.    Plaintiff's visit to JCPenney on March 5, 2011, was not a chance
5  encounter.  Rather, she knew, understood and expected that her March 5, 2011,
6  purchases would lead to a comparative price advertising class action brought by her
7  regular class action counsel.  After all, before March 5, 2011, Plaintiff had not
8  purchased anything from JCPenney in a number of years.  Yet, on March 5, 2011,
9  she suddenly bought 10 items, spending over $200.  Notably, the class-action false
10 advertising theory advanced by her regular counsel in the Kohl's litigation, the exact
11 same one she seeks to apply here, can apply only to JCPenney's private and
12 exclusive brands.  Hence, on March 5, 2011, Ms. Spann selected ten items all
13 bearing JCPenney's private or exclusive brands while studiously avoiding the
14 numerous national branded apparel and accessories that JCPenney also carries.
15 This, again, was not by chance.  Moreover, Plaintiff is not the kind of shopper who
16 invariably saves receipts.  Yet, this time, she made sure to keep her receipt for
17 eleven months in order to append a copy of it to the complaint she filed against
18 JCPenney in February 2012.

19

20         96.    After commencing this action in February 2012, Plaintiff
21 returned to the same store twice in the spring of 2012.  The first time she and Stella
22 Hutch, her attorney's wife, bought matching friendship necklaces.  The second time,
23 she bought a watch that was on sale. Tellingly, while she saved the receipt from her
24 March 2011 transaction for nearly eleven months until she filed this lawsuit, she did
25 not save the receipt for the watch and threw it away.  Clearly, when Plaintiff bought
26 the watch and necklace, she was aware of JCPenney's alleged conduct, having
27 already filed this lawsuit.  Thus she consented to JCPenney's alleged conduct.
28 Plaintiff knew, understood and expected that her purchases could serve as the basis

-17-

for claims against JCPenney.  Sure enough, when last deposed, Plaintiff maintained those transactions were part of this lawsuit.

97.    Most tellingly, at her deposition, under oath, Plaintiff sought to hide her status as a professional plaintiff, and conceal her true motives in purchasing private and exclusive branded items from JCPenney.  When questioned about any past efforts by her to become the lead plaintiff in large class actions, she, under oath, revealed only the action against Bare Escentuals.  She actively concealed her lawsuit against BCBG Max by claiming to have been a party to only three lawsuits in her life:  The class action against Bare Escentuals, this class action against JCPenney, and her divorce.  Facts supporting this affirmative defense include this effort to conceal the BCBG Max lawsuit.

98.    In the end, both Plaintiff's patronage at JCPenney's Brea California store and this class action lawsuit are the products of a conscious effort to file and litigate a class action against a retailer who engages in comparative price advertising.  The claims and theories advanced in this lawsuit are identical in every respect to the claims and theories Plaintiff's counsel advanced in the lawsuit against Kohl's.  No mere chance or coincidence plausibly explains this high degree of parallelism.

99.    In sum, and based on the foregoing facts, JCPenney alleges that by actively seeking, courting, and ultimately consenting to the alleged violations in this case, Plaintiff's claims are subject to the affirmative defense of consent.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Laches)**

100.   JCPenney is informed and believes and, upon that basis, alleges that the Fourth Amended Complaint and each purported claim for relief asserted therein is barred in whole or in part by the doctrine of laches.  Plaintiff alleges that she purchased goods from JCPenney in March 5, 2011.  Plaintiff unreasonably waited over eleven months before she filed suit in February 2012.  Since that time, particularly in light of JCPenney's widely publicized adoption of a new pricing policy, potential witnesses may have left JCPenney and data and/or documents may have been destroyed in the routine course of business.  Plaintiff's unreasonable delay in filing suit, then, caused JCPenney prejudice because it is more difficult for JCPenney to disprove Plaintiffs' false allegations.

## **FOURTH AFFIRMATIVE DEFENSE**

### **(Mitigation)**

101.   The Fourth Amended Complaint, and each and every purported claim contained therein, is barred, in whole or in part, because Plaintiff and members of the purported class have failed to mitigate the damages they allegedly have incurred.

## **PRAYER FOR RELIEF**

WHEREFORE, JCPenney prays for judgment as follows:

1.     That Plaintiff and the purported class take nothing by reason of the Fourth Amended Complaint;

2.     That the Fourth Amended Complaint, and each and every purported claim for relief alleged therein, be dismissed with prejudice;

1          3.      That JCPenney be awarded its reasonable costs incurred herein;

2 and

3

4          4.      For such other and further relief as this Court deems just and

5 proper.

6

7 Dated: July 30, 2015        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8                              A Limited Liability Partnership
                             Including Professional Corporations

9                              MOE KESHAVARZI. Cal. Bar No. 223759

10

11                 By            _/s/ MOE KESHAVARZI_

12                             MOE KESHAVARZI
                            Attorneys for Defendant

13                      J. C. PENNEY CORPORATION, INC.

14

15 Dated: July 30, 2015

16

17                SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
               RAOUL D. KENNEDY, Cal. Bar. No. 40892

18                raoul.kennedy@skadden.com
               JAMES P. SCHAEFER, Cal. Bar No. 250417

19                james.schaefer@skadden.com
               525 University Avenue

20                Palo Alto, CA 94301
               Telephone: 650.470.4500

21                Facsimile: 650.470.4570

22

23                 By            _/s/ RAOUL D. KENNEDY_

24                             RAOUL D. KENNEDY

25                             Attorneys for Defendant
                     J. C. PENNEY CORPORATION, INC.

26

27

28

SMRH:443294424.1        JCPENNEY'S FIRST AMENDED ANSWER TO FOURTH AMENDED COMPLAINT