STANLEY LAW GROUP
MATTHEW J. ZEVIN, SBN: 170736
10021 Willow Creek Road, Suite 200
San Diego, CA 92131
Telephone: (619) 235-5306
Facsimile: (815) 377-8419
e-mail: mzevin@aol.com

THE EMGE FIRM, LLP
DEREK J. EMGE, SBN: 161105
501 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (619) 595-1400
Facsimile: (619) 595-1480
e-mail: derek@emgelawfirm.com

Attorneys for Plaintiff Cynthia E. Spann
and Class Counsel

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA E. SPANN, on Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY CORPORATION, INC., a Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendant. | Case No. SACV12 0215 FMO (KESx)<br><br>**CLASS ACTION**<br><br>**NOTICE OF RECEIPT OF OBJECTION**<br><br>JUDGE: Honorable Fernando M. Olguin<br>CTRM: 22 – 5th Floor<br>Date: August 25, 2016<br>Time: 10:00 a.m. |

462600.02-PALSR01A - MSW

1  TO THE COURT, THE PARTIES AND THEIR COUNSEL, please take
2 notice that the Claims Administrator received an objection to the parties' Settlement
3 in this matter from Patrick S. Sweeney, postmarked June 30, 2016, a true and
4 correct copy of which is attached hereto as Exhibit "A."

6  DATED: July 22, 2016                                    The Emge Firm, LLP

8                                                  By:   /s/ Derek J. Emge
                                                         Derek J. Emge
9                                                        501 W. Broadway, Suite 1760
10                                                       San Diego, CA 92101

11                                                       Attorneys for Plaintiff Cynthia
12                                                       E. Spann and Class Counsel

# EXHIBIT A

THE UNITED STATES DISTRICT
CENTRAL DISTRICT OF CALII



30853     010632

CYNTHIA E. SPANN, on Behalf
of Herself and All Others
Similarly Situated,

       Plaintiff,

v.

J.C. PENNEY CORPORATION, INC.,
a Delaware Corporation; and DOES
1 through 10, Inclusive,

       Defendants.

---

**OBJECTIONS OF PATRICK S. SWEENEY, PRO SE TO THE PROPOSED SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING**

---

## I. PROOF OF MEMBERSHIP IN CLASS

Patrick S. Sweeney, Pro Se ("Objector") has reviewed the Notice of Class Action Settlement ("Notice") in this matter and believes he is a member of the class as defined in that Notice. He has filed a timely claims. His address and telephone number are listed at the conclusion of this objection.

## II. NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does not intend to appear at the Fairness Hearing presently scheduled for August 25, 2016 at 10:00 p.m. PDT, at United States Courthouse, Courtroom 22, 5th Floor 312 Spring Street, Los Angeles, California.

## III. INTRODUCTION

### A. Summary of the Action and the Settlement

Plaintiffs allege claims that JCPenney used false "regular" and "original" prices for its private and exclusive branded products. Plaintiffs further alleges that JCPenney engaged in a scheme of false price comparison advertising prior to February 2012 and then again starting in 2013 through 2014. Plaintiff claims that JCPenney's conduct violated various California laws that prohibit false advertising and unfair competition. JCPenney denies: (1) that it used false price comparison advertising, (2) that it has done anything wrong, and (3) that the Plaintiff or class has been harmed in any way. The Settlement consolidates several actions and precedes certification. Class Members will be compensated for a percentage of the amount they were charged for the insurance policies, either in cash if they paid the premiums, or as a credit if the amounts are still owed. Class Counsel ask for fees and costs of $19 million.

### B. The Standard for Approving a Proposed Class Action Settlement

The district court has a duty to ensure the settlement is "fair, reasonable, and adequate." Fed. R. Civ. Proc. 23(e) (2) Appellate courts accord considerable deference to the district court's "knowledge of the litigants and of the strengths and weaknesses of their contentions". . . . and recognize that the district court "is in the best position to evaluate whether the settlement constitutes a reasonable compromise." *Grant v. Bethlehem Steel Corp.v. Bethlehem Steel Corporation*, 823 F.2d 20, 23 (2d Cir. 1987). "Because class actions are rife with potential conflicts of interest between class counsel and Class Members, district judges presiding over such actions are expected to give

careful scrutiny to the terms of proposed settlements in order to make sure that class counsel are behaving as honest fiduciaries for the class as a whole." *Mirfashi v. Fleet Mortgage Corp.*, 356 F.3d 781, 785 (7th Cir. 2004).

"Careful scrutiny by the court is 'necessary to guard against settlements that may benefit the class representatives or their attorneys at the expense of the absent class members.'" *Holmes v. Cont'l Can Co.*, 706 F.2d 1144, 1147 (11th Cir. 1983) (quoting *U.S. v. City of Miami*, 614 F.2d 1322, 1331 (5th Cir. 1980), modified on other grounds, 664 F.2d 435 (5th Cir. 1981) (*en banc*)). "[T]he district judge has a heavy duty to ensure that any settlement is 'fair, reasonable, and adequate' and that the fee awarded plaintiffs' counsel entirely appropriate." *Piambino v. Bailey*, 757 F.2d 1112, 1139 (11th Cir. 1985). This duty is "akin to the high duty of care that the law requires of fiduciaries." *Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292, 1320 (S.D. Fla. 2007) (quoting *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006))

Claiming a settlement is at "arm's length" without express collusion is not sufficient. Due to the defendants' indifference as to the allocation of funds between the class, the named representatives, and class counsel, it is enough that the settlement evinces "subtle signs that class counsel have allowed pursuit of their own self-interest and that of certain class members to infect the negotiations." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013). *Accord.*, *Piambino*, 757 F.2d at 1143 (noting defendants are "uninterested in what portion of the total payment will go to the class and what percentage will go to the class attorney.") (quoting *Foster v. Boise-Cascade, Inc.*, 420 F. Supp. 674, 686 (S.D. Tex. 1976), aff'd 577

F.2d 335 (5th Cir. 1978)).

"In reviewing a proposed settlement, a court should not apply any presumption that the settlement is fair and reasonable." Am. Law Institute, Principles of the Law of Aggregate Litig. § 3.05(c) (2010) ("ALI Principles"). "The burden of proving the fairness of the settlement is on the proponents." *Pampers*, 724 F.3d at 718 (compiling cases and authorities); see also *Holmes*, 706 F.2d at 1147.

A higher level of scrutiny is necessary when a settlement is proposed before class certification. *See In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 786-807 (3d Cir. 1995) ("GM Trucks"). The Court should be mindful that "the class settlement process is 'more susceptible than adversarial adjudications to certain types of abuse.'" *Holmes*, 706 F.2d at 1147 (quoting *Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1169 (5th Cir. 1978)).

The six-factor test in *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984), while often considered a guide to evaluation of class action settlements, is not exhaustive and does not provide an exclusive list of reasons to reject a settlement. *See Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530-31 (11th Cir. 1994) (concluding the district court abused its discretion despite "thoroughly address[ing]" all six factors and concluding that each weighed in favor of approval). This Circuit requires that district courts "always consider the possibility that that an agreement reached by the class attorney is not in the best interest of the class," and beware of settlements that enrich class counsel more than the class. *Pettway v. Am. Cast Iron Pipe Co.*, 576 F.2d 1157, 1215-16 (5th Cir. 1978). See also *Piambino*, 757 F.2d at 1140

Courts may refuse to approve a settlement if insufficient notice is provided to Class Members to protect their due process rights. Fed. R. Civ. Proc. 23(e) (1) specifies that "direct notice" of a proposed settlement must be provided "in a reasonable manner to all Class Members who would be bound by the proposal."

## IV. ARGUMENT AND OBJECTIONS

### a. The Attorney's Fees Are Excessive.

The $13.5 million in fees is excessive. This fee amount would amount to 27% of the monetary recovery. This statement is misleading. Despite Class Counsel's claims that the settlement offers $50 million benefits to the class (including the value of the injunctive relief and in store credits), at this point, we have no information enabling us to determine the monetary benefit the class will receive for the in store credits Whatever it is it is certainly not a 100% on the dollar. $13.5 million will not be 27% of the Class Recovery.

By way of example; Assume the Class Counsel is awarded their requested $13.5 million in fees and litigation costs are 1,000,000, Add to that the cost of administrating the settlement which is $2,667,000 and Class member awards are $25,000. Further assume $10 million dollars is given in store credits and only $7 million of that is reclaimed. Then the $13.5 million dollar fee is actually 45.2% of the actual monies (including the discount for going to the Class Members. That percent is almost obscene.

Moreover, the fee application must be delayed until the court reviews all actual claims data. Once all information is known the Court can make a more informed decision.

It is unfair to base fees on a theoretical fund, class counsel cite the Approval Order in the *Saccoccio* case, *supra* (noting "The attorneys' fees in a class action can be determined based upon the total fund, not just the actual payout to the class."), and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 676 (1980). Some courts awarding fees on a percentage-of- recovery basis have based the award on an entire fund, not just the fund claimed by the class. E.g., *Boeing v. Van Gemert*, 444 U.S. 572 (1980) and *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999), cert. denied 530 U.S. 1223 (2000).

The rule enunciated in *Boeing* and in this Circuit's holding in *Waters* needs to be evaluated in light of recent changes to the Federal Rules of Civil Procedure and the enactment of the Class Action Fairness Act in 2005 (28 U.S.C. §1711 et seq.). In 2003 Congress amended Rule 23 with the creation of Rule 23(h). The new rules reflect a common-sense approach: attorneys' fees should be tied directly to what clients <u>receive</u> not potential benefits. prompted legislative rejection of compensating lawyers on the face value of the settlement, regardless of the take-up rate of the benefits by class members").

Even before Rule 23(h), *Boeing* and *Waters* did not apply where "no money was paid into escrow or any other account" and each member of the class has no claim to a set piece of the "lump-sum judgment." *Strong v. BellSouth Telcoms.*, 137 F.3d 844, 852 (5th Cir. 1998); *Waters*, 190 F.3d at 1296 ("[U]nlike the case at bar, Strong never established a "common fund" from which money would be drawn. The parties here established that $ 40 million was the fund upon which the individual claimants' awards would be

based.") As there is no real common fund established, even before Rule 23(h) *Boeing* and *Waters* would not have supported the approach adopted here.

Long before the adoption of Rule 23(h), courts deferred or staggered fees to account for success or failure of the claims process. E.g., *Duhaime v. John Hancock Mut. Life Ins.Co.*, 989 F. Supp. 375, 380 (D. Mass. 1997); *Bowling v. Pfizer, Inc.*, 922 F. Supp. 1261,1283-84 (S.D. Ohio 1996), *aff'd Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996).

Speculative, maximized estimates are not the appropriate measure of benefit. *Baby Prods.*, 708 F.3d at 179 n.13 ("[T]he actual benefit provided to the class is an important consideration when determining attorneys' fees.");; Federal Judicial Center, Manual for Complex Litigation § 21.71 (4th ed. 2004) ("In cases involving a claims procedure…, the court should not base the attorney fee award on the amount of money set aside to satisfy potential claims. Rather the fee should be based only on the benefits actually delivered.");; see also *Pampers*, 724 F.3d at 721 (rejecting settlement-value "assumptions…premised upon a fictive world").

Where claims rates are especially low, courts have often adjusted fees downwards. See, e.g., *Pearson v. Nbty, Inc.*, No. 11-cv-7972, 2014 U.S. Dist. LEXIS 357, at *21-*27 (N.D. Ill. Jan. 3, 2014) (reducing 25% benchmark to 9.6% based on low claims rates); *Michel v. Wm Healthcare Solutions*, 2014 U.S. Dist. LEXIS 15606 (S.D. Ohio Feb. 7, 2014) (reducing from 33.3% request to 15% where claims rate was only 3.9%); *Tarlecki v. Bebe Stores, Inc.*, No. C 05-1777 MHP, 2009 U.S. Dist. LEXIS 102531, at *12 (N.D. Cal. Nov. 3, 2009) (reducing fee request to less than 13%).

A fee award must be attuned to the result achieved for the class, to the

money the settlement puts in class members' hands. See, e.g., *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 179 (3d Cir. 2013); *cf.* 28 U.S.C. §1712(a). The Advisory Committee Notes explicitly state that:

> "In a class action, the district court must ensure that the amount and mode of payment of attorney fees are fair and proper whether the fees come from a common fund or are otherwise paid. Even in the absence of objections, the court bears this responsibility.
>
> Courts discharging this responsibility have looked to a variety of factors. **One fundamental focus is the result actually achieved for class members, a basic consideration** in any case in which fees are sought on the basis of a benefit achieved for class members."

Notes of Advisory Committee on 2003 Amendments to Rule 23(h). The notes advise courts to exercise caution in awarding fees, even to the extent of deferring the award of fees until class recovery can be determined:

> In many instances, the court may need to proceed with care in assessing the value conferred on class members. Settlement regimes that provide for future payments, for example, may not result in significant actual payments to class members. In this connection, the court may need to scrutinize the manner and operation of any applicable claims procedure. In some cases, it may be appropriate to defer some portion of the fee award until actual payouts to class members are known.

*Id.*; *accord Baby Prods.*, 708 F.3d at 179.

The continuing validity of *Boeing* and *Waters* is questionable. See, e.g., Samuel Isaacharoff, The Governance Problem in Aggregate Litigation, 81 FORDHAM L. REV. 3165, 3171-72 (2013) (describing *Boeing* as marking an "older line of cases" that eventually a more reasonable fee results from calculating a percentage of the actual recovery." *Wise v. Popoff*, 835 F. Supp. 977, 982 (E.D. Mich. 1993); *Waters*, 190 F.3d at 1296 (reciting the holding of *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844 (5th Cir. 1998)).

The recent *Eubank v. Pella* is prescient. In that case, class counsel

claimed the value of the settlement to the class was $90 million, but when claims were accounted for the settlement value was more between $1.5 and $8.5 million. The trial court had accepted class counsel's representations about the aggregate value of the settlement, and awarded attorney's fees well in excess of the recovery achieved by the class. Justice Posner remarked:

> "Not only did the settlement agreement not quantify the benefits to the class members, but the judge approved it before the deadline for filing claims. He made no attempt to estimate how many claims were likely to be filed, though without such an estimate no responsible prediction of the value of the settlement to the members of the class could be made."

Eubank, at *6.

The court should be concerned as to the fairness of the fees requested where Counsel have not submitted lodestar information for the court's review. This Circuit may follow a percentage of the fund method in common fund cases, but where there is no "fund" the court should require substantiation of the attorney's work. The court should not just rubber stamp an award of $13.5 million in attorneys' fees based on Class Counsel's representations this represents only a small percentage of the benefits obtained for the class. Those benefits have yet to be determined.

The settlement under review in *Eubank v. Pella Corp.*, compensated class counsel and class representatives but left the compensation of the class unclear. In *Eubank*, Justice Posner highlighted the important role that objectors play in appealing inequitable settlements:

> "In this case, despite the presence of objectors, the district court approved a class action settlement that is inequitable—even scandalous. The case underscores the importance both of objectors (for they are the appellants in this case—without them there would have been no appellate challenge to the settlement) and of intense

judicial scrutiny of proposed class action settlements."

*Eubank*, at *3.

In *Eubank*, Justice Posner concluded: "Class counsel sold out the class." The Court should keep the inherent conflict between the interests of class counsel and class members in mind in evaluating the Settlement. In *Eubank* Justice Posner concluded: "Class counsel sold out the class." *Eubank*, at 8.

Accordingly the Court should keep the inherent conflict between the interests of class counsel and class members in mind in evaluating the Settlement.

## V. JOINDER IN OTHER OBJECTIONS

Objector joins in and adopts other objections as though fully set forth here, and all other well-founded and meritorious objections

## VI. CONCLUSIONS

For the foregoing reasons and all others to be presented at oral argument, these objectors request that the court sustain their objections and grant the following relief:

- Upon proper hearing, sustain these Objections.
- Upon proper hearing, enter such Orders as are necessary and just to alleviate the inherent unfairness, inadequacies and unreasonableness of the Settlement
- Award any other relief to the Objector that the Court finds equitable.

Respecfully submitted
Dated: June 29 2016

*[signature]*

Patrick Sweeney, Pro Se
2590 Richardson Street
Madison, Wisconsin
Phone 310-339-0548
patrickshanesweeney@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2016, I caused to be filed, per the instructions in the Notice published in this matter, the foregoing with the Settlement Administrator via U.S. First Class Mail. It is anticipated that it will then be forwarded to the Clerk of the Court of the United States District Court for Central District of California. Thus, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed.

**Settlement Administrator**
JCPenney Settlement - Objections
c/o Heffler Claims Group
P.O. Box 0509
Philadelphia, PA 19105-0509

*[signature]*