Matthew J. Zevin (SBN 170736)
*mzevin@aol.com*
STANLEY LAW GROUP
10021 Willow Creek Road, Suite 200
San Diego, CA  92131
Tel.:  (619) 235-5306 / Fax:  (815) 377-8419

Derek J. Emge (SBN 161105)
*derek@emgelawfirm.com*
THE EMGE FIRM, LLP
501 W. Broadway, Suite 1760
San Diego, CA  92101
Tel.:  (619) 595-1400 / Fax:  (619) 595-1480

Attorneys for Plaintiff Cynthia E. Spann and
Class Counsel

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA E. SPANN, On Behalf of Herself and All Others Similarly Situated, | Case No.: SACV12-0215 FMO (KESx) |
| | **CLASS ACTION** |
| Plaintiffs, | |
| v. | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, LITIGATION COSTS AND CLASS REPRESENTATIVE'S ENHANCEMENT PAYMENT** |
| J.C. PENNEY CORPORATION, INC., a Delaware Corporation, | |
| Defendant. | |
| | Date:  August 25, 2016 |
| | Time:  10:00 a.m. |
| | Judge: Hon. Fernando M. Olguin |
| | CTRM:  22 – 5th Floor |
| | Complaint Filed: 2/8/12 |

1

2

## **Table of Contents**

3

I.      INTRODUCTION ..............................................................................................1

4

II.     CLASS COUNSEL HAS INCURRED ADDITIONAL FEES DURING THE
5       NOTICE PERIOD ..............................................................................................2

6

III.    NONE OF THE OBJECTIONS WARRANT A REDUCTION IN FEES .........................2

7       A.      The Crenwelge Objection Fails to Provide Specific Grounds in Support of
                Her Objection .......................................................................................3

8       B.      The Sweeney Objection is Based on a Misunderstanding of the Settlement ..........4

9       C.      The Two Helfand Objections ...................................................................9

10

IV.     LITIGATION EXPENSES SOUGHT BY CLASS COUNSEL ARE FAIR AND
11      REASONABLE ..................................................................................................13

12

V.      THE PROPOSED ENHANCEMENT PAYMENT SHOULD BE APPROVED .............14

13      VI.     CONCLUSION ................................................................................................14

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SACV12-0215 FMO(KESx)**

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Cases**

5

*21st Century Ins. Co. v. Super. Ct.*,
   47 Cal.4th 511 (2009).....................................................................................7

6

7

*In re Activision Sec. Litig.*,
   723 F.Supp. 1373 (N.D. Cal. 1989)................................................................5

8

9

*Alexander v. FedEx Ground Package System*,
   2016 U.S. Dist. LEXIS 78087 (N.D. Cal. June 15, 2016)...........................10

10

*Alexander v. FedEx Ground Package System*.
   2016 U.S. Dist. LEXIS 49201 (N.D. Cal. Apr. 12, 2016)............................13

11

12

*In re Bluetooth Headset Litig*,
   654 F.3d 935 (9th Cir. 2011) ...............................................................12, 13

13

14

*Brown v. The Hain Celestial Group*,
   2016 U.S. Dist. LEXIS 20118 (N.D. Cal. Feb. 18, 2016).......................5, 10

15

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
   2016 Dist. LEXIS 24951 (N.D. Cal. Jan. 28, 2016)....................................10

16

17

*Chavez v. Netflix, Inc.*,
   162 Cal.App.4th 43 (2008).............................................................................10

18

19

*In re Checking Account Overdraft Litig.*,
   MDL No. 236, Case No. 09-md-02036-JLK (S.D. Fla. 2009)..................4, 5

20

*Chimeno-Buzzi v. Hollister Co.*
   No. 1:14-cv-23120-MGC (S.D. FL 2016)......................................................5

21

22

*Colon v. Jaguar Land Rover, N.Am., LLC*,
   No. 1-06-cv-075163 (Cal. Super. Ct 2006) ..................................................5

23

24

*In re Consumer Privacy Cases*,
   175 Cal.App.4th 545 (2009)......................................................................9, 11

25

*Fischel v. States Life Assur. Soc.*,
   307 F.3d 997 (9th Cir. 2002).........................................................................2

26

27

*Fladell v. Wells Fargo Bank, N.A.*
   No. 13cv60721-FAM (S.D. FL 2014)............................................................5

28

ii

**SACV12-0215 FMO(KESx)**

*Gay v. Tom's of Maine, Inc.*
    No. 14-cv-60604-KMM (S.D. FL 2016) ................................................................5

*Gay v. Tom's of Maine, Inc.*,
    No. 14cv60604-KMM (S.D. FL 201) ..................................................................10

*Hills v. Equifax Consumer Servs., Inc.*,
    No 104cv3400TCB (N.D. Ga. 2007) ..................................................................10

*Jones v. Bath & Body Works, Inc.*,
    2016 U.S. Dist. LEXIS 89681 (C.D. Cal., July 11, 2016) ...........................6, 7, 9, 11

*Lane v. Facebook, Inc.*,
    709 F.3d 91 (9th Cir. 2013) .............................................................................10

*Larsen et al. v. Trader Joe's Company*
    2014 U.S. Dist. LEXIS 95538 (N.D. Cal. July 11, 2014) ....................................4, 13

*Mcintsoh v. McAfee*,
    2009 U.S. Dist. LEXIS 20505 (N.D. Cal. March 13, 2009) .....................................2

*Nakash v. NVIDIA Corp.*,
    539 Fed. Appx. 822 (9th Cir. 2013) ..................................................................10

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) .......................................................................3

*In re Netflix Privacy Litig.*,
    2013 U.S. Dist. LEXIS 37286 (N.D. Cal. March 18, 2013) .....................................4

*Newby v. Enron Corp.*,
    762 F.Supp.2d 942 (S.D. TX 2010) ..................................................................10

*In re Omnivision Technologies, Inc.*,
    559 F.Supp.2d 1036 (N.D. Cal. 2008) ................................................................6

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ............................................................................7

*Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) ..........................................................................5

*Roberts v. Electrolux Home Products, Inc.*,
    2014 U.S. Dist. LEXIS 130163 (C.D. Cal. Sept. 11, 2014) ....................................4

*Roberts v. Disner*,
    688 F.3d 645 (9th Cir. 2012) ............................................................................6

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ...........................................................................10

*Romero v. Producers Dairy Foods, Inc.*,
    2007 U.S. Dist. LEXIS 86270 (E.D. Cal. Nov. 13, 2007) ..........................................6

*Singer v. Becton Dickinson and Co.*,
    2010 U.S. Dist. LEXIS 53416 (S.D. Cal. Aug. 23, 2010)..........................................6

*Smith v. CRST Van Expedited, Inc.*,
    2013 U.S. Dist. LEXIS 6049 (S.D. Cal. Jan. 14, 2013) ..........................................7

*Steiner v. Am. Broad. Co.*,
    248 Fed. Appx. 780 (9th Cir. 2007) ..........................................10

*In re Toyota Unintended Acceleration*,
    2013 U.S. Dist. LEXIS 123298 (C.D. Cal. July 24, 2013) ..........................................4

*In re TRS Recovery Servs.*,
    2016 U.S. Dist. LEXIS 17837 (ME, Feb. 10, 2016) ..........................................5

*Vasquez v. Coast Valley Roofing Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010)..........................................3, 12

*Vincent v. Hughes Air West, Inc.*,
    557 F.2d 759 (9th Cir. 1977)..........................................8

*In re Visa Check/Mastermoney Antitrust Litig.*,
    297 F.Supp.2d 503 (E.D. NY 2004)..........................................10

*Vizcaino v. Microsoft Corp.*,
    142 F.Supp.2d 1299 (W.D. Wash. 2001) ..........................................2

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002)..........................................5

*Wal-Mart Stores, Inc. v. Buholzher*,
    156 F.App'x 346 (2d Cir. 2005)..........................................10

*In re Washington Public Power Supply Sys. Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994)..........................................11

*Wershba v. Apple Computer, Inc.*,
    91 Cal.App.4th 224 ..........................................2

*White v. Experian Info. Solutions*,
    993 F.Supp.2d 1154 (C.D. Cal. 2014)..........................................10

*In re WorldCom, Inc. Sec. Litig.*,
    No 02cv3288(DLC) (S.D.N.Y. 2004) ..........................................10

*Young v. Polo Retail, LLC*,
    2007 U.S. Dist. LEXIS 27269 (N.D. Cal. March 28, 2007) ..........................................7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Statutes**

Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005)....................................................8

**SACV12-0215 FMO(KESx)**

## I.    INTRODUCTION

Counsel for Plaintiff Cynthia E. Spann ("Plaintiff") and the Settlement Class ("Class Counsel") respectfully submit this reply brief in support of Plaintiff's Motion for Attorneys' Fees, Litigation Costs, and Class Representative Enhancement Payment [Dkt. No. 248] ("Fee Motion").  Plaintiff's Fee Motion provides more than adequate legal and factual support for the requested attorneys' fees, litigation costs and Enhancement Payment and was made available for review to all Class Members through both Pacer and the settlement website, www.jcpenneysettlement.com.

Plaintiff's counsel has received only seven objections out of the millions of Settlement Class Members who received direct e-mail, first class mail or published notice.  At most, four of the seven objections can be interpreted as challenging the requested attorneys' fees.  For reference herein, the four objectors are as follows:

- Laura Crenwelge ("Crenwelge"), Objection dated May 30, 2016 [Dkt. No. 262];
- Patrick S. Sweeney, Esq., serial objector ("Sweeney"); Objection dated June 30, 2016 [Dkt. No. 265];
- Walter Ellingwood III ("Ellingwood"), represented by serial objector Steven F. Helfand; Objection dated June 30, 2016. [Dkt. No. 260];
- Jeanelle Branch ("Branch"), also represented by Steven F. Helfand; Objection dated June 30, 2016. [Dkt. No. 264]

While the four objections at least tangentially address the amount of requested attorneys' fees, no Class Member has objected to the requested reimbursement of litigation costs of $191,080.91, and there are no objections to the request for the proposed enhancement payment of $10,000 to Ms. Spann. To the contrary, all of the objections are essentially generalized opinions, without any analysis, about the right of contingency attorneys to receive payment for their services to the class.  Plaintiff addresses the merits of each objection below.

**SACV12-0215 FMO(KESx)**

## II.   CLASS COUNSEL HAS INCURRED ADDITIONAL FEES DURING THE NOTICE PERIOD

Since the filing of their opening brief in support of the Motion for Fees and Costs, Class Counsel has incurred an additional $217,440 in lodestar (347.8 hours) preparing and monitoring the notice process, taking calls and answering questions from class members, working with the administrator and defense counsel to determine whether email notice needed to be resent, fielding and assessing objections, trying to reach objectors to further discuss and understand their positions, taking the deposition of Mr. Ellington in Florida and preparing this reply as well as a Motion for Final Approval of the Settlement on behalf of the Class.[1] Class Counsel's total lodestar is now $4,399,095.50 and yields a multiplier of 3.07 (total lodestar of $4,399,095.50 divided into requested fee of $13,500,000 = 3.069 multiplier), which is well within the approvable range of a lodestar cross-check. *Vizcaino v. Microsoft Corp.,* 142 F.Supp.2d 1299, 1305-06 (W.D. Wash. 2001) (approving a 3.67 lodestar multiplier for percentage-based fee award); *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 255 (2001) ("Multipliers can range from 2 to 4, or even higher."); *Mcintsoh v. McAfee,* 2009 U.S. Dist. LEXIS 20505 at *5 (N.D. Cal. March 13, 2009)("[m]ultipliers can range from 2 to 4 or even higher.").[2]

## III.   NONE OF THE OBJECTIONS WARRANT A REDUCTION IN FEES

Overall, the objections are few in number. Four objections to the amount of requested attorneys' fees out of class of more than five million individuals who

---

[1] Supplemental Declaration of Matthew J. Zevin ("Supp. Zevin Decl."), ¶ 7; Supplemental Declaration of Derek J. Emge ("Supp. Emge Decl."), ¶ 4; Supplemental Declaration of David A. Huch ("Supp. Huch Decl."), ¶ 5.

[2] In fact, Class Counsel's lodestar, if calculated today, is actually higher than what has been reported, and the resulting multiplier is actually lower than 3.07. That is because the lodestar is supposed to be calculated using current, not historic, rates in order to account for the delay in receiving payment. *Fischel v. States Life Assur. Soc.*, 307 F.3d 997, 1010-11 (9th Cir. 2002), and at least some of Class Counsel have increased their respective hourly rates since the Fee Motion was filed more than eight moths ago. *See e.g.* Supp. Zevin Decl., ¶¶ 6, 8.

2

1  received direct notice of the settlement (See, Prutsman Declaration, ¶21),
2  represents less than .00008% of the class.  "It is established that the absence of a
3  large number of objections to a proposed class action settlement raises a strong
4  presumption that the terms of a proposed class settlement action are favorable to
5  the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D.
6  523, 526 (C.D. Cal. 2004).

7      Second, as explained below, two of the objectors are represented by a
8  professional objector, and one of the objectors is himself a professional objector
9  who repeatedly try to upend class action settlements. Third, none of the objectors
10  contend that the Settlement's relief is insufficient to compensate them, or any Class
11  Member, for harm caused to them by JCP's alleged wrongs.

12      Finally, and most importantly, none of the objections address, much less
13  dispute, the extensive legal authority and supporting evidence submitted in the Fee
14  Motion, including those related to the first five factors that courts should look at
15  when assessing the reasonableness of a percentage-based award: (a) the results
16  achieved; (b) the risk of litigation; (c) the skill required; (d) the quality of work
17  performed; and (e) the contingent nature of the fee and the financial burden on
18  class counsel. *Vasquez v. Coast Valley Roofing Inc.,* 266 F.R.D. 482, 492 (E.D.
19  Cal. 2010).  To the extent that some of the objectors address the sixth factor:
20  awards made in similar cases, Plaintiff's response to their objections are set forth
21  below by objector.

22      **A.    The Crenwelge Objection Fails to Provide Specific Grounds in
23           Support of Her Objection**

24      The Crenwelge objection simply calls the requested attorneys' fees
25  "ridiculous."  She fails, however, to provide any analysis or explain her
26  conclusion.  She does not address any case law supporting the use of a percentage
27  of the common fund analysis for fees and appears not to understand that standard.
28  Nor does she address the lodestar analysis of time spent on the case by Plaintiff's

3

counsel. Instead, she simply urges the Court to "dismiss the case," an outcome that is not presently before the Court. Conclusory statements cannot be weighed against the significant evidence and expert testimony supporting this settlement. *See, In re Toyota Unintended Acceleration,* 2013 U.S. Dist. LEXIS 123298, at **310-311 (C.D. Cal. July 24, 2013) (rejecting unsupported objections to a proposed fee award where the objectors presented no expert declaration or other evidence undermining the Court's conclusions). Objections based on a philosophical disagreement with class action litigation as a whole or the payment of class action attorneys' fees in general, do not impugn the adequacy of the settlement and are not a sufficient objection. *See, e.g., In re Netflix Privacy Litig.,* 2013 U.S. Dist. LEXIS 37286, at **39-40*,* (N.D. Cal. March 18, 2013). This objection should be overruled.

## B. The Sweeney Objection is Based on a Misunderstanding of the Settlement

Patrick S. Sweeney is an attorney from Madison Wisconsin. It is questionable whether he ever traveled to California, much less shopped at a JC Penney in California during the class period. Mr. Sweeney, however, is no stranger to the class action objection process. He has been labeled by the courts as a "serial objector" who has represented himself as well as third parties in multiple class action settlements (including representing Steven Helfand, the other serial objector in this case). *See, e.g., Larsen et al. v. Trader Joe's Company* 2014 U.S. Dist. LEXIS 95538, at *23 (N.D. Cal. July 11, 2014)("[A]ttorney Patrick Sweeney also has a long history of representing objectors in class action proceedings."); *Roberts v. Electrolux Home Products, Inc.,* 2014 U.S. Dist. LEXIS 130163, at *34 (C.D. Cal. Sept. 11, 2014) (noting that Sweeney has "a long history of representing objectors in class action proceedings" and he does not "seek to benefit the Class and appear to be made for the improper purpose of delaying the Settlement to extract a fee."); *In re Checking Account Overdraft Litig.,* MDL No. 236, Case No.

4

09-md-02036-JLK (S.D. Fla. 2009) [Dkt. No. 1936][3]; *In re: Polyurethane Foam Antitrust Litigation,* case number 1:10-md-02196-JZ (N.D. Ohio 2015) [Dkt. No. 1968][4]; *In re TRS Recovery Servs.,* 2016 U.S. Dist. LEXIS 17837, at *fn. 16 (ME, Feb. 10, 2016); *Brown v. The Hain Celestial Group, Inc.,* No. 3:11-cv-03082-LB (N.D. Cal. 2016), [Dkt. No. 374, p.16][5] (noting that Sweeney and Helfand are "professional objectors; courts across the country (including in the Ninth Circuit) have repeatedly turned aside their efforts to upend settlements."); *Colon v. Jaguar Land Rover, N.Am., LLC,* No. 1-06-cv-075163 (Cal. Super. Ct 2006); *Chimeno-Buzzi v. Hollister Co.* No. 1:14-cv-23120-MGC (S.D. FL 2016) [Dkt. No. 136][6]; *Gay v. Tom's of Maine, Inc.* No. 14-cv-60604-KMM (S.D. FL 2016) [Dkt. No. 43][7] (noting that Sweeney's objection  "are the same recycled, boilerplate arguments they have previously (and unsuccessfully) used in the past in a number of other class actions); and *Fladell v. Wells Fargo Bank, N.A.* No. 13cv60721-FAM (S.D. FL 2014) [Dkt. No. 197][8].

Even if Sweeney has standing to object, he cites almost exclusively to irrelevant case law outside of the Ninth Circuit and ignores a long line of controlling Ninth Circuit authority that confirms the reasonableness of Class Counsel's requested fee award.  Instead Sweeney merely concludes, without any authority, that the requested award is "almost obscene."   Sweeney ignores established case law that holds the typical range of acceptable attorney fees in the Ninth Circuit is 20% to 30% of the total settlement value, with 25% considered a benchmark percentage. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). In most common fund cases, the award exceeds that benchmark.  *In re Activision Sec. Litig.*, 723

---

[3] A copy of Sweeney's objection is attached as Exhibit "B" to Suppl. Emge Decl., ¶ 8.
[4] A copy of Sweeney's objection is attached as Exhibit "C" to Suppl. Emge Decl., ¶ 9.
[5] A copy of the District Court's Amended Order Approving Class-Action Settlement is attached as Exhibit "D" to Suppl. Emge Decl., ¶ 10.
[6] A copy of Sweeney's objection is attached as Exhibit "E" to Suppl. Emge Decl., ¶ 11.
[7] A copy of the District Court Final Order and Judgment is attached as Exhibit "F" to Supp. Emge Decl., ¶ 12.
[8] A copy of Sweeney's objection is attached as Exhibit "G" to Suppl. Emge Decl., ¶ 13.

F.Supp. 1373, 1377-78 (N.D. Cal. 1989) (surveying cases nationwide and noting, "This court's review of recent reported cases discloses that nearly all common fund awards range around 30% ...."); *see also Ikon Office Solutions*, 194 F.R.D. at 194 ("The median in class actions is approximately twenty-five percent, but awards of thirty percent are not uncommon in securities class actions"). "The *Activision* court concluded that, where a court adopts the percentage method, "absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%." [citation]. . . . The awards in other similar cases therefore support an award of 28% of the Settlement Fund." *In re Omnivision Technologies, Inc.*, 559 F.Supp.2d 1036, 1047-48 (N.D. Cal. 2008). *See, also, Singer v. Becton Dickinson and Co.,* 2010 U.S. Dist. LEXIS 53416, at *23 (S.D. Cal. Aug. 23, 2010) (approving attorney fee award of 33.33% of the common fund and holding that award was similar to awards in three other class action cases where fees ranged from 30.3% to 40%); *Romero v. Producers Dairy Foods, Inc.,* 2007 U.S. Dist. LEXIS 86270 at *10 (E.D. Cal. Nov. 13, 2007) (fees of 33% of common fund approved); *Young v. Polo Retail, LLC,* 2007 U.S. Dist. LEXIS 27269 (N.D. Cal. March 28, 2007) (awarding 31% of the common fund).

Further, as this Court recently noted in a similar review of attorneys' fees, "[i]n diversity actions such as this one, the Ninth Circuit applies state law to determine the right to fees and the method for calculating fees. *Jones v. Bath & Body Works, Inc.,* 2016 U.S. Dist. LEXIS 89681, at *22 (C.D. Cal., July 11, 2016) (citing *Mangold v. Cal. Public Util. Commc'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Existing Ninth Circuit precedent has applied state law in determining not only the right to fees, but also in the method of calculating the fees."); *Rodriguez v. Disner*, 688 F.3d 645, 653 n. 6 (9th Cir. 2012) ("If . . . we were exercising our diversity jurisdiction, state law would control whether an attorney is entitled to fees and the method of calculating such fees.")).  The California Supreme Court held that, "when a number of persons are entitled in common to a specific fund, and an

6

action brought by a plaintiff . . . for the benefit of all results in the creation . . . of [a] fund, such . . . plaintiff . . . may be awarded attorney's fees out of the fund." *21st Century Ins. Co. v. Super. Ct.,* 47 Cal.4th 511, 520 (2009). "Under the percentage method, California has recognized that most fee awards based on either a lodestar or percentage calculation are 33 percent..." *Smith v. CRST Van Expedited, Inc.,* 2013 U.S. Dist. LEXIS 6049 at **12-13 (S.D. Cal. Jan. 14, 2013). *Jones v. Bath & Body Works, Inc.,* 2016 U.S. Dist. LEXIS 89681 at *23.

Sweeney, both as an attorney and a serial objector, ought to be aware of these controlling legal authorities, yet he fails to acknowledge them in his objection.  Instead, Sweeney appears to have copied and pasted his objection from another case(s) that must have included either a claims-made process *with reversion* of unclaimed funds or a coupon settlement.  He spends three pages discussing the value of a common fund in situations where the amount claimed by class members is less than the gross amount of the settlement.  He then relies upon 11th Circuit cases, claiming that they represent the law in "this Circuit."

Yet, had Sweeney taken the time to read the Fee Motion, or the Settlement Agreement, he surely would have seen that 100% of the net settlement will be distributed to class members who file a timely claim.  No amounts will revert to Defendant so the settlement fund of $50,000,000 is in fact the common fund, not some lesser amount to be determined by the number of claimants.  Class Members had the option to elect either a cash payment or a store credit – both being of equal value.  The Store Credits are not discounts to reduce the purchase price on future purchases.  Rather, they are capable of being used to purchase a large number of items from a large retailer, they are fully transferable and they do not expire. These are actual, unchanging values, and the Ninth Circuit has held that this form of consideration is *not* a "coupon" settlement subject to the Class Action Fairness Act, ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005). *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949-52 (9th Cir. 2015) (holding that gift cards were

7

not coupons because settlement class members could choose between receiving cash or a gift card, and because the gift cards could be used to purchase any of a large number of items from a large retailer, were freely transferable and did not expire). Accordingly, the Court need not wait to determine a redemption rate for the Store Credits, and may instead consider their full, face value and award Class Counsel their fees based on a percentage of the entire $50 million Settlement Fund. *Id.* In sum, and contrary to Sweeney's argument, the Settlement provides an immediate, ascertainable benefit of $50,000,000 and not some "potential" value contingent on some future event. Attorneys' fees should therefore be based off of that entire amount.

Sweeney next uses some odd math to argue that the requested attorneys' fees comprises 45.2% of the common fund (he incorrectly assigns a one million dollar figure to costs and $25,000 for enhancement fees and then suggests that 30% of the amount claimed for store credit is "reclaimed"). This analysis is nonsensical. First, as stated above, class members were allowed to choose how they would like to accept their portion of the Settlement – either in cash or store credit. The entire fund has been claimed and there is no reversion. Whether a class member uses a store credit to purchase products for the exact amount of the credit, a greater amount or a lesser amount does not alter the benefit they have received.

Second, Sweeney's objection ignores the 'common fund doctrine,' sometimes referred to as the 'equitable fund' doctrine, whereby it is recognized that lawyers responsible for creating a common fund that benefits a group of litigants is entitled to a fee from the fund.   "The doctrine is employed to realize the broadly defined purpose of recapturing unjust enrichment [citations]" and "is designed to spread litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone and the "stranger" beneficiaries do not receive the benefits at no cost to themselves." *Vincent v. Hughes Air West, Inc.,* 557 F.2d 759, 769 (9th Cir. 1977).

Sweeney further asserts that this Court would be in error to use the percentage of the fund analysis for attorneys' fees without receiving evidence of actual lodestar. As this Court has previously held, lodestar cross-checks are not always required. *Jones v. Bath & Body Works, Inc.,* 2016 U.S. Dist. LEXIS 89681, at *28, *citing, Craft v. County of San Bernardino,* 624 F.Supp.2d 1113, 1122 ("A lodestar cross-check is not required in this circuit, and in some cases is not a useful reference point."); and *In re Consumer Privacy Cases,* 175 Cal.App.4th 545, 557 (2009) ("While a court has discretion to [conduct a Lodestar cross-check] where appropriate, it ns not required."). This part of the objection further evidences Sweeny's cut and paste objection.  Class Counsel provided detailed discussion in their opening brief about the total hours worked on this case over four years by three separate law firms and provided evidence supporting each attorney's reasonable hourly rates. Sweeney presents no challenge to these particulars.  With this evidence, it is highly doubtful this Court will, as Sweeney suggests, "rubber-stamp the [fee] award."

Sweeney's objection, based on a misunderstanding of the terms of the settlement and based on irrelevant law from other jurisdictions should be overruled.

## C.    The Two Helfand Objections

Attorney Steven F. Helfand has filed objections on behalf of two individuals; his current roommate, with whom he has lived off and on for more than 14 years and with whom he previously had a romantic relationship, Walter Ellingwood, III, and a California resident, Jeanelle Branch.  Like Sweeney, Helfand is a serial objector in class action settlements, as is his client and roommate, Mr. Ellginwood.  Helfand has represented Ellingwood as an objector on

9

at least three previous occasions[9] and has also represented himself as an objector to a number of class action settlements throughout the nation. *See, e.g., Brown v. The Hain Celestial Group,* 2016 U.S. Dist. LEXIS 20118 at *27 (N.D. Cal. Feb. 18, 2016) (Helfand submitted an objection on his own behalf when he wasn't even a member of the class); *Gay v. Tom's of Maine, Inc.,* No. 14cv60604-KMM (S.D. FL 201) [Dkt. No. 27][10]; *Alexander v. FedEx Ground Package System,* 2016 U.S. Dist. LEXIS 78087 (N.D. Cal. June 15, 2016); *Chavez v. Netflix, Inc.,* 162 Cal.App.4th 43 (2008); *Wal-Mart Stores, Inc. v. Buholzher,* 156 F.App'x 346, 347 (2d Cir. 2005); *Lane v. Facebook, Inc.,* 709 F.3d 91, 792 (9th Cir. 2013); *In re NVIDIA GPU Litig.,* 539 F.App'x 822, 823 (9th Cir. 2013); *In re WorldCom, Inc. Sec. Litig.,* No 02cv3288(DLC) (S.D.N.Y. 2004); *Hills v. Equifax Consumer Servs., Inc.,* No 104cv3400TCB (N.D. Ga. 2007); *Newby v. Enron Corp.,* 762 F.Supp.2d 942 (S.D. TX 2010); *White v. Experian Info. Solutions,* 993 F.Supp.2d 1154 (C.D. Cal. 2014); *In re Visa Check/Mastermoney Antitrust Litig.,* 297 F.Supp.2d 503 (E.D. NY 2004); *Steiner v. Am. Broad. Co.,* 248 Fed. Appx. 780 (9th Cir. 2007); and *Rodriguez v. West Publ'g Corp.,* 563 F.3d 948 (9th Cir. 2009).

In the **Ellingwood objection**, Helfand first contends that a cross-check against lodestar is particularly important in a "mega fund" case.  However, he presents no factual support nor does he cite any authority for his conclusion that this Settlement should be treated as a mega-fund settlement.  To the contrary, the Ninth Circuit recognizes that a mega-fund case "is one with a recovery of $100 million to over $1 billion."  *In re Cathode Ray Tube (CRT) Antitrust Litig.,* 2016 Dist. LEXIS 24951 at *300 (N.D. Cal. Jan. 28, 2016).  *See, also, Alexander v. FedEx Ground Package System* 2016 U.S. Dist. LEXIS 49201 at *27 (N.D. Cal.

---

[9] Ellingwood identified two additional class actions where he was the objector and represented by Helfand, including "the El Paso case," "a paint case against Behr."  Deposition of Ellingwood, 11:7-23; 11:24-12:16, attached as Exhibit "A" to the Supp. Emge Decl.  *See Also, White v. Experian Info. Solutions,* 993 F. Supp. 2d 1154 (C.D. Cal. 2014) (listing Mr. Ellingwood as an objector represented by Helfand).  Curiously, Ellingwood could not ever remember serving as an objector in the *White* case.  Supp. Emge Decl., Exhibit "A", at 14:4-16.
[10] A copy of Helfand's *pro per* objection is attached as Exhibit "H" to Suppl. Emge Decl., ¶ 14.

Apr. 12, 2016)(citing *Ramah Navajo Chapter v. Jewell,* No 90cv957 JAP/KBM, 2016 U.S. Dist. LEXIS 27624 at *63 (D.N.M. Mar. 2, 2016) ("a 'mega-fund' recovery [is] currently defined as cases with common fund recovery of more than $100 million.")).  Thus, while this Settlement is large, it is not properly considered a "mega fund."

Helfand next cites to a plethora of cases from other jurisdictions stating that use of a lodestar method to determine reasonable fees "would not be an abuse of discretion."  Interestingly, he does not discuss the lodestar analysis submitted by Class Counsel in their moving papers, suggesting that he has no criticism of that analysis.  Helfand correctly refrains from contending that use of the percentage of the fund method would be an abuse of discretion.  It is well established that the Court has discretion to utilize either the percentage-of-the-fund or the lodestar method for awarding attorneys' fees and costs, *In re Washington Public Power Supply Sys. Sec. Litig.* ("*In re WPPSS*"), 19 F.3d 1291, 1295 (9th Cir. 1994).   It is also established that a lodestar cross check is not even required. *Jones v. Bath & Body Works, Inc.,* 2016 U.S. Dist. LEXIS 89681, at *28, *citing, Craft v. County of San Bernardino,* 624 F.Supp.2d 1113, 1122 ("A lodestar cross-check is not required in this circuit, and in some cases is not a useful reference point."); and *In re Consumer Privacy Cases,* 175 Cal.App.4th 545, 557 ("While a court has discretion to [conduct a Lodestar cross-check] where appropriate, it is not required.").

In further demonstration of a "cut and paste" job from prior objections, Helfand suggests that Class Counsel has failed to provide any analysis of the reasonableness of their requested percentage of the fund award.  This conclusion simply ignores Class Counsel's discussion in its moving papers of the relevant factors, including specific argument and citation to the record on: (a) the results achieved; (b) the risk of litigation; (c) the skill required; (d) the quality of work; (e) the contingent nature of the fee and the financial burden; and (f) the awards made

11

in similar cases. *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (citing *Vizcaino*, 290 F.3d at 1047).  Since the Fee Motion was fully briefed and available on PACER and on the Settlement Website throughout the entire notice and objection period, Helfand has no excuse for not reading that document, and no excuse for failing to recognize that Class Counsel have fully supported the requested fee.

In sum, the Ellingwood objection amounts to a generic and legally and factually unsupported argument that Class Counsel's fee request is "too high."  It does not suggest what an appropriate fee should be in this case and it fails entirely to address the relevant legal authority and detailed factual support submitted in the Fee Motion.  It should, therefore, be overruled.

**The Branch objection**, also filed by Helfand, repeats the general conclusion that a fee of 27% of the common fund is "excessive for this type of case."  It remains unclear what Helfand considers this type of case to be, but he appropriately does not mention a mega-fund concept in this objection.  As set forth in Class Counsel's moving papers, many of the legal issues in this case were ones of first impression.  There existed no case law directly addressing the type of remedies available in a case based on allegations of false price discounts, and Defendant in this case argued strenuously that no such remedies are available. The litigation was hard fought and produced a lengthy docket of substantial briefing. The objection, however, fails to address any of the particular attributes of this case which support the fee request, where have been presented to the Court for consideration in the moving papers and which, again, were fully available for review and download on the settlement website.

Helfand's erroneously contends that JCPenney's non-opposition to the requested fee award is a sign of an "unfair deal."  He cites to *In re Bluetooth Headset Litig,* 654 F.3d 935 (9th Cir. 2011)*,* but that case discussed a "clear sailing" arrangement where the parties negotiate a payment of attorneys' fees

12

"separate and apart from class funds, which carries 'the potential of enabling a defendant to pay class counsel excessive fees and costs in exchange for counsel accepting an unfair settlement on behalf of the class.'" *Id.* a 947. This is not the situation presented here. To the contrary, Class Counsel's requested fees are tied directly to, and are to be paid out of, the common fund. This type of arrangement avoids the conflict where defendant pays an exorbitant fee amount separate and apart from the class recovery. In fact the *In re Bluetooth Headset Litig.* court adopted the same rationale in support of using a percentage of the fund analysis: "[b]ecause the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." *Id.* at 942. *See also Larsen v. Trader Joe's Co.*, No. 11-cv-05188-WHO, 2014 U.S. Dist. LEXIS 95538, at *26-27 (N.D. Cal. July 11, 2014) (noting that, even under *Bluetooth*, "clear sailing provisions generally do not raise concerns where, as here, the fees are to come from the settlement fund."); *Alexander*, 2016 U.S. Dist. LEXIS 49201 at *24 (rejecting Helfand's "clear sailing" objection because the attorneys' fees would be paid out of a common fund). Accordingly, both of the Helfand objections lack merit and should be overruled.

## IV. LITIGATION EXPENSES SOUGHT BY CLASS COUNSEL ARE FAIR AND REASONABLE

Class Counsel seeks the reimbursement of $191,080.91 in actual litigation expenses. An itemization of was provided in the opening brief and supporting declarations by counsel, and the amount of costs requested was fully disclosed in the Class Notice. There have been no objections to any category of expenses or amount of expenses, other than a philosophical objection to class action cases in general. As such, the reasonableness of the requested litigation expenses should be affirmed and an award or reimbursement made from the common fund in the amount of $191,080.91.

**SACV12-0215 FMO(KESx)**

## V.   THE PROPOSED ENHANCEMENT PAYMENT SHOULD BE APPROVED

The Class Notice identified the requested enhancement award of $10,000 to class representative Cynthia Spann.  Once again, there have been no objections to this award other than a philosophical objection to class action cases in general. Ms. Spann should be compensated for her time and service to the class that has led to this extraordinary settlement.

## VI.   CONCLUSION

For all of the reasons set forth herein, Representative Plaintiff and Class Counsel respectfully request that the Court overrule all objections and approve the award of attorneys' fees in the requested amount of $13.5 million (27% of the Settlement Fund) to Class Counsel; the proposed award of litigation costs in the amount of $191,080.91 to Class Counsel; and the proposed Enhancement Payment of $10,000 to Representative Plaintiff Cynthia E. Spann.

DATED: July 28, 2016                    THE EMGE FIRM, LLP

                                         /s/ Derek J. Emge
                                        DEREK J. EMGE
                                        501 W. Broadway, Suite 1760
                                        San Diego, CA  92101
                                        Telephone:   (619) 595-1400
                                        Facsimile:   (619) 595-1480

                                        STANLEY LAW GROUP
                                        MATTHEW J. ZEVIN
                                        10021 Willow Creek Rd., Suite 200
                                        San Diego, CA 92131
                                        Telephone:   (619) 235-5306
                                        Facsimile:   (815) 377-8419

                                        Attorneys for Plaintiff Cynthia E. Spann and
                                        Class Counsel

                                        LAW OFFICE OF DAVID A. HUCH
                                        DAVID A. HUCH, SBN: 222892
                                        3281 E. Guasti Rd., Suite 700
                                        Ontario, CA 91761
                                        Telephone:   (949) 212-7945
                                        Facsimile:   (949) 614-7008
                                        Attorneys for Plaintiff Cynthia E. Spann

14